# UNITED STATES DISTRICT COURT

## Northern District of Illinois – Eastern Division

### Case Number:  1:08-cv-00179
### Honorable Virginia M. Kendall

OPTIONSXPRESS, INC.,

      Petitioner,

v.

LINDA HALE,

      Respondent.

_____/

## RESPONDENT'S MOTION TO STAY RULING ON MOTION TO TRANSFER AND RESPONDENT'S MOTION TO STRIKE MINUTE ORDER

Respondent, LINDA HALE ("Ms. Hale"), respectfully moves that the Court stay its ruling on Ms. Hale's Motion to Transfer, and further moves that the Minute Order entered on January 10, 2008 (the "Minute Order") be stricken.  As grounds for her Motions, Ms. Hale states:

## BACKGROUND

1.      On August 13, 2007, over five (5) months ago, an arbitration award was received by the parties which awarded Ms. Hale $175,000 (the "Award").

2.      From its inception, the arbitration was administered by the Boca Raton, Florida office of FINRA Dispute Resolution, Inc. ("FINRA").  In addition, the Final Hearing of the arbitration was conducted in FINRA's Boca Raton, Florida office pursuant to FINRA's rules of arbitration procedure.  A copy of the Award is attached as Exhibit C to Petitioner's Amended Application to Vacate Arbitration Award (the "Amended Application to Vacate").

3.      Section 12 of the Federal Arbitration Act (the "FAA") requires an arbitration loser to serve an application to vacate within three (3) months of receipt of an arbitration award.

4.      On November 16, 2007, a few days after the FAA's three (3) month deadline for service

of an application to vacate -- because Petitioner had not served an application to vacate the

Award within the FAA's statute of limitations for service -- Ms. Hale filed an application to

confirm the Award in the Southern District of Florida (the "Application to Confirm").

5.      The Southern District of Florida is the Federal District where: (a) Ms. Hale lives; (b) the

arbitration was administered; (c) the Final Hearing of the arbitration was conducted; and (d) the

Award was made.

6.      On November 27, 2007, Petitioner filed its Amended Application to Vacate in Illinois

state court in Cook County, Illinois.

7.      In other words, Ms. Hale filed her Application to Confirm in the Southern District of

Florida eleven (11) days before Petitioner filed its Amended Application to Vacate. Ms. Hale's

Application to Confirm was assigned to the Honorable Kenneth Ryskamp of the West Palm

Beach Division of the Southern District of Florida.

8.      Petitioner purportedly filed an initial application to vacate on September 12, 2007 prior to

"amending" it. Petitioner *never served* its initial application to vacate – despite undersigned

counsel's immediate offer to accept service and despite Illinois Supreme Court Rule 102 which

required that the initial application to vacate to be served within thirty (30) days of September

12, 2007 filing.[1]

---

[1] Pursuant to FINRA Rule 10330(h), as the arbitration loser, Petitioner was required to pay the Award or file a motion to vacate within thirty (30) days of delivery of the Award. On September 12, 2007 -- the thirtieth (30th) day after receipt of the Award -- Petitioner indicated to FINRA that it had filed the initial application to vacate the Award. *See* Exhibit A (September 12, 2007 letter from Petitioner to FINRA Dispute Resolution). In its September 12, 2007 letter to FINRA, Petitioner also indicated that the initial application to vacate was an "enclosure" to that letter. *Id.* For whatever reason, Petitioner sent its September 12, 2007 letter to undersigned counsel "*w/o enclosure*" – i.e. "w/o" the initial application to vacate. *Id.* Petitioner sent its September 12, 2007 letter to FINRA via facsimile and FedEx. *Id.* For whatever reason, Petitioner sent it to undersigned counsel via U.S. Mail. *Id.*

2

9.    If Petitioner had accepted undersigned counsel's immediate offer to accept service of the

initial application to vacate -- which was made **one day** after initial application to vacate was

purportedly filed -- and/or complied with Illinois Supreme Court Rule 102 by serving the initial

application within 30 days of filing it, only one Federal forum would be involved in this dispute

(and a determination regarding the Award would likely already have been made).

10.    Exactly as she did with respect to the Amended Application to Vacate, Ms. Hale would

have removed to this Court the initial application to vacate and simultaneously moved to transfer

it to the Southern District of Florida – the location where the arbitration was administered and

the Final Hearing was conducted; the location where the Award was made; and where Ms. Hale

lives. Whatever the ruling on the motion to transfer, Ms. Hale would not have filed her

Application to Confirm until she responded to the initial application to vacate in the *one* Federal

forum where it was pending. Of course, Ms. Hale would have filed her Application to Confirm

in the same Federal court that was to decide whether to grant or deny Petitioner's initial

application to vacate.

11.    On December 14, 2007, Petitioner served the Amended Application to Vacate on Ms.

Hale.[2] Service was more than four (4) months after the Award was received by Petitioner, and

---

Due to the different service methods, undersigned counsel did not receive Petitioner's September 12, 2007 letter until September 15, 2007 – "w/o" the purported initial application to vacate. In the interim, as he did not know whether Petitioner paid the Award or filed an application to vacate the Award by the September 12, 2007 deadline, undersigned counsel sent an email to Petitioner on September 13, 2007 in which he offered to accept service of a motion to vacate, to the extent that one was filed. *See* Exhibit B. Petitioner never responded to this email, thereby rejecting the offer to accept service of the purported initial application to vacate. Having never heard from Petitioner, undersigned counsel revoked his offer to accept service on September 18, 2007. In any event, it is undisputed that Petitioner received the email in which undersigned counsel offered to accept service.

[2] Petitioner was required by Illinois Supreme Court Rule 102 to serve the initial application within 30 days. Instead, Petitioner did absolutely nothing -- until November 27, 2007 when it filed the Amended Application to Vacate and obtained an "alias" summons. The Amended Application to Vacate and "alias" summons were served on December 14, 2007 – 17 days later. If Petitioner was able to serve the Amended Application to Vacate and "alias" summons within the 30-day time limit of Rule 102 it had no

therefore in violation of the FAA's three (3) month statute of limitations for an arbitration loser to serve an application to vacate.

12.     On January 8, 2008, Ms. Hale filed a Notice of Removal in this Court.[3]  Included within the Notice of Removal was Ms. Hale's Motion to Transfer the Amended Application to Vacate from this Court to the Honorable Kenneth Ryskamp of the West Palm Beach Division of the United States District, Southern District of Florida, where Ms. Hale's Application to Confirm is pending.

13.     As stated in the Motion to Transfer, the bases for transfer are:  (1) Ms. Hale filed her Application to Confirm Arbitration Award before the Amended Application to Vacate was filed; (2) Ms. Hale has virtually no income and is living off her credit cards, and therefore cannot afford to travel to and/or pay her counsel to travel to Chicago, Illinois to argue the merits of the Amended Application or otherwise appear in person in the Northern District of Illinois, to the extent that becomes necessary -- in contrast, according to its SEC filings, Petitioner's net income in 2006 was greater than $71,000,000; and (3) by *never serving* its initial application to vacate, Petitioner purposely delayed the final disposition regarding the Award which is the sole cause that two federal forums are involved in this dispute, and therefore it would be unjust if Petitioner is allowed to litigate this dispute in its home and preferred Federal forum.

14.     Also on January 8, 2008, the Honorable Kenneth Ryskamp issued an Order requiring

---

valid reason for not serving the original summons and initial application within 30 days of September 12, 2007.

[3] Pursuant to 28 U.S.C. § 1446, Ms. Hale was required to file a Notice of Removal within thirty (30) days of service of the Amended Application to Vacate.

Petitioner to respond to the Application to Confirm by January 22, 2008.[4]

15.     Rather than comply with the Order of the Honorable Kenneth Ryskamp to respond to Ms.

Hale's Application to Confirm by January 22, 2008, Petitioner moved to stay or dismiss Ms.

Hale's Application to Confirm (the "Motion to Stay or Dismiss").

16.     Put another way, Petitioner submitted the issue to the Southern District of Florida

regarding which Court should make a final disposition of the Award.

17.     As a basis to stay or dismiss Ms. Hale's Application to Confirm, Petitioner argues,

among other things, that it would more "inconvenient" for Petitioner to litigate this dispute in

Florida than it would be for Ms. Hale to litigate in Illinois. Of course, as stated above, this is not

true, given the gaping disparity in the parties' financial resources.

18.     Petitioner also argues that this Court is more appropriate because the Illinois Arbitration

Act (the "IAA") -- rather than the FAA -- applies to this dispute and this Court would be more

familiar with the IAA. Petitioner makes this argument despite the fact that "interstate

---

[4] Prior to that Order, the Honorable Kenneth Ryskamp issued an Order staying Petitioner's response to
Ms. Hale's Application to Confirm until it was served by the U.S. Marshal. Pursuant to 9 U.S.C. § 9,
because the Award was made in the Southern District of Florida, and Petitioner was and is not a resident
of the Southern District of Florida, Ms. Hale was required to use the United States Marshal to effect
service of Ms. Hale's Application to Confirm. On November 16, 2007, the *same* day she filed her
Application to Confirm, Ms. Hale promptly placed for service her Application to Confirm with the U.S.
Marshal and paid the fee required to effect service. *See* Exhibit C. In contrast, Petitioner did not ever
place for service its initial application to vacate, despite the requirement of Illinois Supreme Court Rule
102 that it be "promptly placed" for service after filing. The U.S. Marshal served Ms. Hale's Application
to Confirm on January 7, 2008. Despite the fact that the Application to Confirm was served after the
Amended Application to Vacate, the Application to Confirm was "placed for service" before the
Amended Application to Vacate.

Also on January 7, 2008, Ms. Hale sent for filing her Notice of Removal via Federal Express to the Clerk
of this Court. At the time that the Notice of Removal was placed with Federal Express on January 7,
2007, undersigned counsel was unaware that Ms. Hale's Application to Confirm was served by the U.S.
Marshal. On January 9, 2008, undersigned counsel became aware for the first time that the Application to
Confirm was served by checking PACER and reading the Honorable Kenneth Ryskamp's endorsed Order
which lifted the stay for Petitioner to respond to Ms. Hale's Application to Confirm and ordered
Petitioner to do so by January 22, 2008.

commerce" is involved, and despite binding precedent that requires a court (even a state court) to apply the FAA where interstate commerce is involved in the underlying arbitration.

<b>MOTION TO STAY RULING ON MS. HALE'S MOTION TO TRANSFER</b>

19.    Ms. Hale recently filed her response to Petitioner's Motion to Stay or Dismiss addressing the above-referenced arguments and the others raised therein. The Honorable Kenneth Ryskamp of the West Palm Beach Division of the United States District, Southern District of Florida has not yet ruled on Petitioner's Motion to Stay or Dismiss.

20.    The reasons to grant Ms. Hale's Motion to Transfer Petitioner's Amended Application to Vacate from this Court to the Southern District of Florida and the reasons to deny Petitioner's Motion to Stay or Dismiss Ms. Hale's Application to Confirm are essentially the same.

21.    To avoid potentially conflicting rulings regarding which forum is to make a final disposition regarding the Award, this Court should stay its ruling on Ms. Hale's Motion to Transfer until the Honorable Kenneth Ryskamp of the West Palm Beach Division of the United States District, Southern District of Florida rules on Petitioner's Motion to Stay or Dismiss Ms. Hale's Application to Confirm, as Petitioner has submitted to him to decide the issue of which Court will ultimately make the final disposition regarding the Award.

22.    To the extent that the Honorable Kenneth Ryskamp grants Petitioner's Motion to Stay or Dismiss Ms. Hale's Application to Confirm, Ms. Hale will withdraw from this Court her Motion to Transfer and file in this Court a response to Petitioner's Amended Application to Vacate soon thereafter.

## MOTION TO STRIKE MINUTE ORDER

23.    Pursuant to Section 6 of the FAA, any application with respect to an arbitration award (to confirm or vacate) is a summary proceeding and "shall be heard in the manner provided by law for the making and hearing of motions."

24.    The Minute Order, however, presumes that this case is a typical litigation in that it requires the parties to provide the Court with a status report regarding settlement possibility and the "length of discovery necessary to get the case ready for trial."

25.    The Minute Order should be stricken as the underlying action relates to an application to vacate an arbitration award. As such, it is a summary proceeding that does not require discovery or a trial -- and there is no possibility of settlement.

26.    Further, the Minute Order should be stricken because it requires the parties to appear in person in this Court to discuss discovery and the possibility of settlement.[5] As discussed above, Ms. Hale cannot afford to pay her attorney to appear in person in Chicago, Illinois.

## CONCLUSION

For the reasons stated above, the Court should stay its ruling on Ms. Hale's Motion to Transfer until the Honorable Kenneth Ryskamp of the West Palm Beach Division of the United States District, Southern District of Florida rules on Petitioner's Motion to Stay or Dismiss, and the Court should strike the Minute Order.

---

[5] The Minute Order also required Petitioner to inform Ms. Hale and/or undersigned counsel of the Minute Order. Petitioner never did so.

Respectfully submitted,

NEIL B. SOLOMON, P.A.

By:  s/Neil B. Solomon
    Neil B. Solomon
    Illinois Bar No.: 6243930
    4174 St. Lukes Lane
    Jupiter, FL 33458
    Tel: 561-762-4991
    Fax: 561-626-2721
    Email: neilbsolomonesq@gmail.com

    *Attorney for RESPONDENT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via transmission of Notice of Electronic Filing generated by CM/ECF, or in some other

authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic Filing, this 2nd day of February 2008 to:

Jeffry M. Henderson, Esq.
Robert Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Phone: 312-986-6960
Fax: 312-986-6961
Email: rchristie@henderson-lyman.com
       jhenderson@henderson-lyman.com


                                        s/Neil B Solomon
                                        Neil B. Solomon