UNITED STATES DISTRICT COURT
Northern District of Illinois – Eastern Division
Case Number:  1:08-cv-00179
Honorable Virginia M. Kendall

OPTIONSXPRESS, INC.,

    Petitioner,

v.

LINDA HALE,

    Respondent.
_____/

## STATUS REPORT OF RESPONDENT LINDA HALE

Respondent Linda Hale ("Ms. Hale") hereby submits her Status Report.  The reason that Ms. Hale is submitting her own Status Report is that, despite her counsel's multiple good faith attempts, Petitioner's counsel repeatedly refused to agree to include critical threshold legal issues, and other information, in his proposed drafts of a Joint Status Report.

## BACKGROUND AND INTRODUCTION

More than six (6) months ago, the parties received a FINRA arbitration award in favor of Ms. Hale for $175,000 (the "Award).  It is undisputed that Petitioner did not serve an application to vacate the Award within the three (3) month statute of limitations to serve an application to vacate pursuant to Section 12 of the Federal Arbitration Act (the "FAA").  Having never been served with an application to vacate her Award, on November 16, 2007 -- a few days after the FAA's statute of limitations for service elapsed -- Ms. Hale filed her Application to Confirm the Award in the Southern District of Florida, the place where she lives, where the arbitration was administered, and where the Final Hearing of the arbitration resulting in the Award took place.

On December 14, 2007 -- four (4) months after the Award was received -- Petitioner served

its Amended Application to Vacate the Award on Ms. Hale.  The Amended Application to Vacate was filed in Illinois State Court.  Within the thirty (30) deadline for removal, Ms. Hale filed her Notice of Removal with this Court.  Simultaneous with the filing of her Notice of Removal, Ms. Hale filed in this Court her Motion to Transfer the Amended Application to Vacate to the Southern District of Florida where her Application to Confirm the Award was/is pending.  Petitioner never responded to Ms. Hale's Motion to Transfer and this Court has not ruled upon it.

The Southern District of Florida set January 22, 2008 as the deadline for Petitioner to respond to Ms. Hale's Application to Confirm the Award.  Petitioner did not respond to the merits of the Application to Confirm the Award.  Rather, Petitioner filed in the Southern District of Florida a Motion to Stay or Dismiss the Application to Confirm the Award, arguing that this Court was the proper Federal Court to make a final disposition regarding the Award.  Ms. Hale filed her Response to Petitioner's Motion to Stay or Dismiss, and Petitioner filed a Reply to Ms. Hale's Response.  The Southern District of Florida has not yet ruled on Petitioner's Motion to Stay or Dismiss.[1]

Given the above-described procedural posture of this case, it is far from certain that this Court will rule on Petitioner's Application to Vacate the Award or make a final disposition regarding the Award.  As such, in an effort to save this Court's time and the parties unnecessary legal fees, undersigned counsel twice suggested that Petitioner agree to file a joint motion to postpone the filing of a Joint Status Report and agree to file a joint motion to postpone the Status Conference until it is decided which Federal Court will ultimately make a final disposition

---

[1] Subsequent to Petitioner's filing in the Southern District of Florida of its Motion to Stay or Dismiss Application to Confirm the Award, Ms. Hale filed in this Court her Motion to Stay this Court's Ruling on Ms. Hale's Motion to Transfer.  The reason that she did so was to avoid conflicting rulings regarding which Federal Court will make a final disposition on the Award – as the bases to grant Ms. Hale's Motion to Transfer the Amended Application to Vacate to the Southern District of Florida and the bases to deny Petitioner's Motion to Stay or Dismiss are nearly identical.  Petitioner never responded to this Motion to Stay Ruling on Ms. Hale's Motion to Transfer, and this Court has not ruled upon it.

regarding the Award. *See* Exhibits A and B. Petitioner rejected these proposals. *See* Exhibit B.

Glaringly absent from Petitioner's first proposed Joint Status Report was one of the critical issues to be decided by either Court (to the extent that the "merits" of Petitioner's Amended Application to Vacate is ever ruled upon): whether a gross error of law or fact is a sufficient basis to vacate an arbitration award? *See* Exhibit C. In addition, Petitioner did not include in its first proposed status report a threshold legal issue that either Court must decide before ever getting to the "merits" of the Amended Application to Vacate: whether the FAA or the Illinois Arbitration Act (the "IAA") applies to this dispute? *Id.* This critical threshold legal issue appears in the second proposed joint status report. *See* Exhibit D. Mysteriously, however, this critical threshold legal issue *disappears* from the Petitioner's counsel's final proposed joint status report.[2] *See* Exhibit E.

Despite undersigned counsel's repeated suggestions, Petitioner <u>never</u> agreed to include another critical threshold legal issue: whether the FAA's three (3) month statute of limitations to serve an application to vacate an arbitration award, standing alone, is a sufficient to deny an application to vacate an arbitration award and/or a sufficient basis, standing alone, to confirm an arbitration award? *See* Exhibits A, B, C, D and E.

As stated above, it is far from certain whether either Federal Court will ever rule on the Amended Application to Vacate[3] In addition, given the pending Motions, it is far from certain that

---

[2] On February 14, 2008, undersigned counsel sent Petitioner's counsel a detailed response to the first proposed joint status report. *See* Exhibit A. Within approximately two hours, Petitioner's counsel responded. *See* Exhibit F. On Friday February 15, 2008 at 8:53 a.m. Eastern Time (7:53 a.m. Central Time), undersigned counsel sent his even-more-detailed response to Petitioner's email and attached so-called redraft. *See* Exhibit B. Petitioner's counsel did not respond until approximately 9 hours later via email – which undersigned counsel received at 5:31 p.m. Eastern Time on Friday February 15, 2008 – advising that the "attached [draft] needs to be filed within the hour". *See* Exhibit G. Petitioner's counsel never called undersigned counsel during the 9 hour period to advise him that he was planning to send him another draft and never advised him via email or otherwise that he had quietly removed this critical threshold legal issue.

[3] It is quite possible that Ms. Hale's Application to Confirm will be granted because Petitioner failed to timely serve the Amended Application to Vacate, pursuant to Section 12 of the FAA -- rendering it moot.

3

this Court will be the Federal Court -- rather than the Southern District of Florida -- to make a final disposition regarding the Award. As such, to save this Court's time and the parties' money, Petitioner should have agreed to file a joint motion to postpone the filing of the Status Report and agreed to file a joint motion to postpone the Status Hearing. In any event, below are Ms. Hale's responses to this Court's standing Order regarding Initial Status Reports:

**1.     The attorneys of record for each party including the attorneys expected to try the case.**

The attorney of record for Respondent Linda Hale is Neil B. Solomon, P.A. As this case is to be treated as a motion pursuant to FRCP 6, no trial is required.

**2.     The basis for federal jurisdiction.**

The parties agree that jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**3.     The nature of the claims asserted in the complaint and any expected counterclaim.**

Petitioner seeks to vacate the Award. Ms. Hale plans to file a response, to the extent that is necessary, and will not file a counterclaim *per se*, but will seek sanctions pursuant to FRCP 11.

**4.     The name of any party not yet served and the circumstances regarding non-service.**

None.

**5 & 6. The principal legal and factual issues.**

Whether the underlying arbitration -- the sole issue of which was related to the propriety of allowing Ms. Hale to place orders to buy securities from Florida through a broker-dealer located in Illinois on national securities exchanges -- involved interstate commerce? If interstate commerce was involved, whether the FAA applies to this dispute to the exclusion of the IAA.? If the FAA applies, whether the failure to serve an application to vacate within the FAA's 3-month deadline for service, standing alone, is a basis to deny an application to vacate an arbitration award? If not, whether a gross error of law or fact is a sufficient basis to vacate an arbitration award under either

the FAA or IAA.? If a gross error of law or fact is a sufficient basis to vacate an arbitration award, whether Petitioner has met its burden to prove that such errors occurred?

**7.    Whether a jury trial is expected by either party.**

Pursuant to FRCP 6, no trial is allowed, jury or otherwise.

**8.    A short description of any discovery undertaken to date and any anticipated in the future.**

No discovery has been undertaken, and Ms. Hale will not seek any discovery.

**9.    The earliest date the parties will be ready for trial and the length of the trial.**

Pursuant to FRCP 6, no is trial allowed. As her counsel has already spent a considerable amount of time preparing a response to Petitioner's Amended Application to Vacate, it is nearly complete and Ms. Hale therefore will be able to file her Response to the Amended Application to Vacate in less than two (2) weeks of a determination that a Response is required.

**10.   Whether the parties unanimously consent to proceed before the Magistrate Judge.**

Ms. Hale consents to proceed before a Magistrate Judge.

**11.   The status of any settlement discussions and whether the parties request a settlement conference.**

Ms. Hale will never agree to settle this case for less than the amount of the Award, plus interest pursuant to FINRA Rules, plus the amount of anticipated sanctions pursuant to FRCP 11.

    Respectfully submitted,

    NEIL B. SOLOMON, P.A.

By: /s/Neil B. Solomon
   Neil B. Solomon -- IL Bar No.: 6243930
   4174 St. Lukes Lane
   Jupiter, FL 33458
   Tel: 561-762-4991
   Fax: 561-626-2721
   Email: neilbsolomonesq@gmail.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notice of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this 17th day of February 2008 to:

Jeffry M. Henderson, Esq.
Robert Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Phone:  312-986-6960
Fax:  312-986-6961
Email: rchristie@henderson-lyman.com
        jhenderson@henderson-lyman.com

                                /s/Neil B Solomon
                                Neil B. Solomon