

neil solomon <neilbsolomonesq@gmail.com>

# optionsXpress v. Hale - Northern District of Illinois, docket No. 08-179

neil solomon <neilbsolomonesq@gmail.com>    Fri, Feb 15, 2008 at 8:53 AM
To: Robert Christie <RChristie@henderson-lyman.com>
Cc: hvictor@optionsxpress.com, "Jeffry M. Henderson" <jhenderson@henderson-lyman.com>

Your redraft does not address my comments in any meaningful way. My comments to your comments are in **bold**.

  1)    Section 5 and 6 were required by the Court. Judge Kendall's standing order describes the sections that should be included, and the report may not be any longer than 5 pages. Please check the Court's web site to confirm.

**You misinterpreted my suggestion. I meant that your proposed sections 5 and 6 should be deleted and rewritten -- not deleted altogether.**

  2)    I have redrafted Section 5 for your convenience, and added the issue regarding the Federal/Illinois Arbitration Acts.

**Your "redraft" does not address at all my point that it is wholly improper to argue the "merits" of the Amended Application to Vacate in a Joint Status Report. There is nothing substantively different between your first draft and your so-called redraft in that you are presenting a one-sided argument to the Court. Further, both of your drafts do not address two threshold issues that need to be determined by a Court before even getting to your substantive arguments: 1) if the FAA applies, whether failure to serve the Amended Application to Vacate within 3 mos. is a basis to deny it standing alone, and 2) whether a gross error of law or fact is a sufficient basis to vacate an arbitration award under either the FAA or IAA, whichever is applicable. Again, the non-argumentative and comprehensive way to express the legal and factual issues is as follows:**

"Whether the Federal Arbitration Act or the Illinois Arbitration Act applies to this dispute. If the FAA applies, whether a failure to serve an application to vacate within the FAA's 3-month deadline for service (it is undisputed here that service was more than 4 mos. after the Award was received by the parties), standing alone, is a basis to deny an application to vacate an arbitration award. If not, whether a gross error of law or fact is a sufficient basis to vacate an arbitration award under either the FAA or IAA. If so, whether the Amended Application to Vacate meets its burden to prove that the arbitrators made any such errors."

**Your proposed sections 5 and 6 presume the answers to the 2 threshold issues in your favor, and therefore mislead the Court regarding the legal issues to be decided.**

  3)    I know your clients name, and a little civility will help in this matter.

**I was not being pejorative at all. Just pointing out a typo.**

  4) The hearing tapes are available from FINRA, and I believe that they are available at no charge.

**Whether the tapes are available from FINRA and at no charge (neither is true), the tapes are not the issue. The transcipt you "caused" to be made is. If you are going to rely on excerpts from the transcript you should provide the Court with a full transcript so that Ms. Hale has the opportunity to put your excerpts of the transcript in context.**

  5) I have eliminated the word "trial" in Section 9. My schedule does not allow me to contemplate a resolution of this matter any sooner than 120 days. As an example, I have two arbitrations scheduled in April and a jury trial at the end of April, and March is starting to fill up.

**Like I said previously, the Amended Application to Vacate is treated as Motion pursuant to FRCP 6. You have already filed it. If Ms. Hale is required to file a response at all, we should inform the Court that she can do so within 2 weeks after it is determined that is necessary,  The only thing necessary for you to do after that is to file a Reply if you so desire.  Are you saying it will take 120 days to do so?    What about Mr. Henderson, Ms. Victor and Mr. Kay?**

  6) The question posed by the Court is whether the parties have unanimously consented to proceed before a magistrate. The answer directly answers that question.

**The more informative answer is that you do not consent and that I do.**

  7) The status hearing is the place to inform the judge of other matters. Your latest filing included a complete report of the status of the Florida action.

  8) As to your last request, my client has no interest in postponing such a simple task as a Joint Status Report or attending a status hearing.

**If the status report and hearing are to inform the Court of "other" matters, why is it necessary to argue the merits of the Amended Application to Vacate when that has already been filed with the Court? The professional thing to do is to agree to postpone the filing of the report and postpone the hearing until we know which Court will be making a final disposition regarding the Award, so as not to waste the Court's time and our clients' money.**

**In any event, to the extent that the hearing happens, I trust you will have no objection to my anticipated request to attend by telephone?**

**I agree that this should be a "simple" task. Unfortunately, it has not been. This is not surprising given your clients' tactics to date. In any event, please seriously reconsider my initial suggestions and my responses to your responses so that we can comply with the Court's Order to file a "Joint" report.**