UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OPTIONSXPRESS, INC.,

          Petitioner,

    v.

LINDA HALE,

          Respondent.

Docket No. 08 CV 179

Virginia M. Kendall, Judge

## JOINT STATUS REPORT

OptionsXpress, Inc. and Linda Hale, pursuant to the Court's Order dated January

10, 2008, hereby submit their Joint Status Report, as follows:

**1.**    **The attorneys of record for each party including the attorneys expected to try the case.**

Attorneys of record for petitioner optionsXpress, Inc.:

Hillary A. Victor
optionsXpress, Inc.
311 West Monroe Street, Suite 1000
Chicago, Illinois 60606
312-267-6627
hvictor@optionsxpress.com

Jeffry M. Henderson
Robert B. Christie
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6957
jhenderson@henderson-lyman.com
rchristie@henderson-lyman.com

Attorneys Victor, Henderson, and Christie expected to try the case.

Attorney of record for respondent Linda Hale:

Neil B. Solomon
Neil B. Solomon, P.A.
4174 St. Lukes Lane
Jupiter, Florida 33458
561-762-4991
neilbsolomonesq@gmail.com

Attorney Solomon is expected to try the case.

2.    **The basis for federal jurisdiction.**

Jurisdiction is founded on diversity of citizenship and amount. Petitioner optionsXpress is a Delaware corporation with its principal place of business in Chicago, Illinois. Respondent Linda Hale is an individual who is a citizen of the State of Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

3.    **The nature of the claims asserted in the complaint and any expected counterclaim.**

The complaint is an Application to Vacate Arbitration Award, pursuant to Section 12 of the Illinois Uniform Arbitration Act, 710 ILCS 5/12. No counterclaim is anticipated because under the Uniform Arbitration Act, a denial of an application to vacate an arbitration award assumes a confirmation of the award. *See* 710 ILCS 5/12(d).

4.    **The name of any party not yet served and the circumstances regarding non-service.**

All parties have been served and have appeared in this matter.

5.    **The principal legal issues.**

a.    Whether the Arbitration Panel made a gross error of judgment in law in finding that optionsXpress was liable for failure to supervise, suitability, negligence, and breach of contract, because Hale stipulated that her claim was limited to the "know your customer" obligation.

b.    Whether the Panel made a gross error of judgment in law in finding optionsXpress liable for failure to supervise and suitability because optionsXpress had no duty to supervise or to determine the suitability of investments made in Hale's self-directed Accounts.

c.    Whether the Panel made a gross error of judgment in law in finding optionsXpress liable for negligence, because optionsXpress had no duty under the law to supervise or monitor the investments placed in Hale's Accounts and no duty under the law to determine the suitability of those investments.

d.    Whether the Panel made a gross error of judgment in law in finding optionsXpress liable for breach of contract, because no cause of action for a breach of an exchange or self-regulatory organization's rule exists.

e.    Whether the compensatory damage award of $175,000 was a patently gross mistake of fact, in view of the fact that Hale lost virtually no money in her Accounts.

f.    Whether optionsXpress can be liable to Hale for trades placed by an investment advisor retained by Hale.

6.    **The principal factual issues.**

a.    Whether Linda Hale, through her attorney, stipulated that the only matter at issue in the arbitration was the "know your customer" rule for options trading, which concerned the due diligence required of a broker in opening an option account for a customer.

b.    Whether Hales' account was self-directed.

7.    **Whether a jury trial is expected by either party.**

No jury trial is expected.

8.    **A short description of any discovery undertaken to date and any anticipated in the future.**

No discovery on the issues pending in this action have been initiated, and optionsXpress anticipates that the deposition of respondent Lind Hale's attorney, Neil Solomon, may be necessary.

9.    **The earliest date the parties will be ready for trial and the length of the trial.**

The parties could be ready to trial or a summary deposition of the issue in 120 days.

10.    **Whether the parties unanimously consent to proceed before the Magistrate Judge.**

The parties have not agreed to proceed before a Magistrate Judge.

**11.    The status of any settlement discussions and whether the parties request a settlement conference.**

At this time the parties have not agreed to enter into settlement discussions

and, thus, no settlement conference is requested.

Respectively submitted,

OPTIONSXPRESS, INC.                         LINDA HALE

By: _____              By: _____
  One of Its Attorneys                     One of Her Attorneys
  Henderson & Lyman                        Neil B. Solomon, P.A.
  175 West Jackson, Suite 240              4174 St. Lukes Lane
  Chicago, Illinois 60604                  Jupiter, Florida 33458