UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONSXPRESS, INC., <br><br> Petitioner, <br><br> v. <br><br> LINDA HALE, <br><br> Respondent. | Docket No. 08 CV 179 <br><br> Virginia M. Kendall, Judge |

## JOINT STATUS REPORT

OptionsXpress, Inc. and Linda Hale, pursuant to the Court's Order dated January 10, 2008, hereby submit their Joint Status Report, as follows:

1. **The attorneys of record for each party including the attorneys expected to try the case.**

    Attorneys of record for petitioner optionsXpress, Inc.:

    Hillary A. Victor
    optionsXpress, Inc.
    311 West Monroe Street, Suite 1000
    Chicago, Illinois 60606
    312-267-6627
    hvictor@optionsxpress.com

    Jeffry M. Henderson
    Robert B. Christie
    Henderson & Lyman
    175 West Jackson, Suite 240
    Chicago, Illinois 60604
    312-986-6957
    jhenderson@henderson-lyman.com
    rchristie@henderson-lyman.com

    Attorneys Victor, Henderson, and Christie expected to try the case.

Attorney of record for respondent Linda Hale:

> Neil B. Solomon
> Neil B. Solomon, P.A.
> 4174 St. Lukes Lane
> Jupiter, Florida 33458
> 561-762-4991
> neilbsolomonesq@gmail.com

Attorney Solomon is expected to try the case.

2. **The basis for federal jurisdiction.**

Jurisdiction is founded on diversity of citizenship and amount. Petitioner optionsXpress is a Delaware corporation with its principal place of business in Chicago, Illinois. Respondent Linda Hale is an individual who is a citizen of the State of Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

3. **The nature of the claims asserted in the complaint and any expected counterclaim.**

The complaint is an Application to Vacate Arbitration Award, pursuant to Section 12 of the Illinois Uniform Arbitration Act, 710 ILCS 5/12. No counterclaim is anticipated because under the Uniform Arbitration Act, a denial of an application to vacate an arbitration award assumes a confirmation of the award. *See* 710 ILCS 5/12(d).

4. **The name of any party not yet served and the circumstances regarding non-service.**

All parties have been served and have appeared in this matter.

5.   **The principal legal issues.**

   a.   Whether optionsXpress Hale stipulated that her claim was limited to the "know your customer" obligation, and if so, whether the Arbitration Panel made a gross error of judgment in law in finding optionsXpress liable for failure to supervise, determine suitability, negligence, and breach of contract.

   b.   Whether optionsXpress had a duty to supervise or to determine the suitability of investments made in Hale's self-directed Accounts, and if not, whether the Arbitration Panel made a gross error of judgment in law in finding optionsXpress liable for failure to supervise and determine suitability.

   c.   Whether optionsXpress had duty to supervise or monitor the investments placed in Hale's self-directed Accounts or to determine the suitability of those investments, and if not, whether the Panel made a gross error of judgment in law in finding optionsXpress liable for negligence.

   d.   Whether a cause of action for a breach of an exchange or self-regulatory organization's rule exists, and if not, whether the Panel made a gross error of judgment in law in finding optionsXpress liable for breach of contract.

   e.   Whether the compensatory damage award of $175,000 was a patently gross mistake of fact based on the premises that Hale lost virtually no money in her Accounts.

3

      f.      Whether optionsXpress can be liable to Hale for trades placed by an investment advisor retained by Hale.

      g.      Whether the Federal Arbitration Act or the Illinois Arbitration Act applies.

**6.    The principal factual issues.**

      a.      Whether Linda Hale, through her attorney, stipulated that the only matter at issue in the arbitration was the "know your customer" rule for options trading, which concerned the due diligence required of a broker in opening an option account for a customer.

      b.      Whether Hales' account was self-directed.

**7.    Whether a jury trial is expected by either party.**

    No jury trial is expected.

**8.    A short description of any discovery undertaken to date and any anticipated in the future.**

    No discovery on the issues pending in this action have been initiated, and optionsXpress the deposition of respondent Linda Hale's attorney, Neil Solomon, may be necessary. Linda Hale will require the transcription of the arbitration hearing.

4

9.  **The earliest date the parties will be ready for trial and the length of the trial.**

    The parties anticipate that this matter will be decided through a summary deposition of the issues in 120 days.

10. **Whether the parties unanimously consent to proceed before the Magistrate Judge.**

    The parties have not agreed to proceed before a Magistrate Judge.

11. **The status of any settlement discussions and whether the parties request a settlement conference.**

    At this time the parties have not agreed to enter into settlement discussions and, thus, no settlement conference is requested.

Respectively submitted,

| OPTIONSXPRESS, INC. | LINDA HALE |
|---|---|
| By: _____ | By: _____ |
| One of Its Attorneys | One of Her Attorneys |
| Henderson & Lyman | Neil B. Solomon, P.A. |
| 175 West Jackson, Suite 240 | 4174 St. Lukes Lane |
| Chicago, Illinois 60604 | Jupiter, Florida 33458 |