# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 179 | **DATE** | 2/20/2008 |
| **CASE TITLE** | OptionsXpress vs. Hale | | |

**DOCKET ENTRY TEXT**

Status hearing held. For reasons stated herein, the Motion to Stay Ruling [7] is denied, and the Motion to Transfer is granted. This case is ordered transferred to the United States District Court, Southern District of Florida. Civil case terminated.

■[ For further details see text below.]     Notified counsel by telephone. Notices mailed by Judicial staff.

## STATEMENT

     On January 8, 2008, Respondent, Linda Hale, filed a Notice of Removal and Motion to Transfer the case of *Optionsxpress, Inc. v. Linda Hale* from the Circuit Court of Cook County to this Court. In the same filing, Respondent sought to transfer the case to the United States District Court for the Southern District of Florida, West Palm Beach Division. The underlying action was filed by Petitioner, Optionsxpress, which seeks to vacate an arbitration award entered into by the parties on August 13, 2007 in favor of Respondent. Respondent resides in Fort Lauderdale, Florida. The arbitration hearing took place in Boca Raton, Florida. On November 16, 2007, having never received notice from Petitioner that it intended to seek to vacate the arbitration award, and having waited the requisite three month period during which time Petitioner could have sought to vacate the award, Respondent filed an application to confirm the award in the federal court for the Southern District of Florida. Eleven days after Respondent filed her application to the federal court in Florida, the Petitioner filed its motion to vacate the same award in the Circuit Court of Cook County in Illinois. Essentially the same matter is currently pending in the Southern District of Florida where the Respondent resides, where the arbitration took place and where the award was entered. Illinois law applies to a review of the award.

     Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." There should be no dispute that the action can be filed in the Southern District of Florida because it is merely the flip-side of the case already filed there. Thus, the question before the Court is whether transferring this case would increase the convenience of the parties and witnesses and advance the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

     The factors this Court will consider in determining whether the action should be transferred for the convenience of the parties and witnesses and in the interest of justice include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining

**STATEMENT**

attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil*, 330 U.S. at 508; *see Coffey*, 796 F.2d at 219 n.3 (stating that the three statutory factors are placeholders for larger considerations). This Court is vested with a great deal of discretion in weighing these factors and the decision to transfer must be made on a case-by-case basis. *Coffey*, 796 F.2d at 219.

The party seeking transfer bears the burden of proving that the alternate forum is more convenient and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum is rarely disturbed." *In re National Presto Industries, Inc.*, 347 F.3d 662, 664-65 (7th Cir. 2003) (most recent case commenting on consideration given to plaintiff's choice of forum under § 1404(a)), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 837 (1947). Yet, even this certain point is tempered with caution, "[r]arely, however, is not never." *Id.* at 665. Here, the Petitioner, who filed the Motion to Vacate the Arbitration Award, in the Circuit Court of Cook County, was already subject to the jurisdiction of the Florida court due to the filing of the Respondent's Motion to Affirm the Arbitration Award. Petitioner had already litigated the issue in Florida, had agreed to the jurisdiction of the arbitration panel in Florida, had presented evidence in Florida and had received a judgment against it in Florida prior to the filing of this suit in Illinois.

Respondent resides in Florida and alleges that she has little or no money to travel to Illinois. Respondent's attorney is in Florida and Respondent litigated the underlying matter in Florida. Thus, Respondent and her attorney will be forced to travel to Chicago to defend against an arbitration award that she has received but has not yet been given due to the alleged actions of Petitioner.

The interest of justice component focuses on the efficient and fair administration of the courts more than on the interests of the litigants themselves. *See Coffey*, 796 F.2d at 220-21. Relevant to this component is the relative speed with which the case will get to trial, having a judge familiar with the applicable law try the case, the relationship of the parties and claims to the forum and access to sources of proof including the possibility of viewing the premises. *See Heller*, 883 F.2d at 1293; *Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman*, 747 F. Supp. 457, 462-63 (N.D. Ill. 1990). All of these factors weigh in favor of transferring this matter to the Florida District Court.

Therefore, the Court concludes that the matter should be transferred to the Southern District of Florida.