UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONSXPRESS, INC., <br><br> Petitioner, <br><br> v. <br><br> LINDA HALE, <br><br> Respondent. | Docket No. 08 CV 179 <br><br> Virginia M. Kendall, Judge |

**MOTION TO RECONSIDER
THE COURT'S ORDER DATED FEBRUARY 20, 2008**

Petitioner optionsXpress, Inc, through its attorneys, moves this Court to reconsider its Order dated February 20, 2008 (the "February 20 Order"), and in support thereof states as follows:

**Procedural History**

This action was commenced on September 12, 2007, by optionsXpress' filing of an Application to Vacate Arbitration Award (the "Application to Vacate") with the Circuit Court of Cook County, Illinois, pursuant to the Illinois Uniform Arbitration Act ("IUAA"), 710 ILCS 5/12. The arbitration award, which was the subject of the Application to Vacate, was entered a month before, on August 13, 2007. Within a couple days of filing its Application to Vacate, optionsXpress informed Hale's attorney that such an application had been filed through a letter dated September 12, 2007. (*See* **Exhibit 1**) About ten days later, through a letter dated September 25, 2007, Hale's attorney was informed that the Application to Vacate was pending in the Circuit Court of Cook County, Illinois (the "Circuit Court"). (*See* **Exhibit 2** at 2-3) As an attorney licensed to practice law in the State of Illinois and having practiced law in Cook

1

County, Illinois for many years, Hale's attorney was well acquainted with the Circuit Court's process and the availability of viewing docket reports on cases filed in the Circuit Court.

On November 27, 2007, optionsXpress filed an <u>Amended Application to Vacate Arbitration Award</u> (the "Amended Application") and an alias summons was issued against the Respondent.[1] Under the Illinois Uniform Arbitration Act ("IUAA"), a respondent has 90 days from receipt of an arbitration award to <u>file</u> an application to vacate. Unlike the Federal Arbitration Act, which requires service on the other party within that 90-day period, the IUAA does not. *Compare* 710 ILCS 5/12(b)(requiring that the application "be made within 90 days after delivery of a copy of the award to the applicant) and 9 U.S.C. 12 (requiring a notice of a motion to vacate under the FAA to be "<u>served</u> upon the adverse party . . . within three months after the award is filed or delivered." (Emphasis added)) Hale removed OptionsXpress' action to this Court on January 8, 2008 (the "Illinois Action"). Although Hale embedded a <u>Motion to Transfer</u> in her <u>Notice of Removal</u> (the "Motion to Transfer") and also filed a <u>Motion to Stay Ruling on the Request for Transfer and to Strike the Court's Minute Order</u> on February 4, 2008 (the "Motion to Stay"), neither motion has ever been noticed for hearing as required by Local Rule 5.3. Rule 5.3(b) of the U.S. District Court for the Northern District of Illinois requires all motions to be accompanied by a "notice of presentment" indicating the date and time at which and the judge to whom the motion will be presented in open court. *See Shah v. InterContinental Hotel,* 314 F.3d 278 (7th Cir. 2002). Motions that fail to comply with Rule 5.3(b) may be denied by the court pursuant to Local Rule 78.2.

---

[1] The Amended Application was filed to incorporate information obtained upon receipt of the transcripts to the multi-day arbitration hearing, which were not available when the original Application to Vacate was filed. Respondent Hale had moved from her residence known to the Petitioner, and a skip search was performed to locate the Respondent to effectuate service. Such efforts could have been avoided if her attorney's offer to accept service was a genuine offer, which was available for only three business days, and not just a ploy to use in future submissions before the Court.

2

Approximately two months after optionsXpress filed its Application to Vacate and approximately seven weeks after receiving notice that optionsXpress had filed an Application to Vacate in the Circuit Court, Hale filed her <u>Application to Confirm Arbitration Award</u> ("Application to Confirm") in the United States District Court for the Southern District of Florida (the "Florida Action"). OptionsXpress was not served with process in the Florida Action until January 7, 2008, long after Hale had been served with process in the Illinois Action. Shortly after being served with process in the Florida Action, optionsXpress timely filed a <u>Motion to Stay or Dismiss</u> with that court, based on the *Colorado* Doctrine enunciated by the Supreme Court in *Colorado River Water Conversation Dist. v. United States*, 424 U.S. 800, 817 (1976), and later expanded by the Supreme Court in *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15 (1983), and also based on the first-filed rule explained by the court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 765 F.2d 1169, 1174 (11th Cir. 1982), for the proposition that a later filed action in a parallel federal proceeding should defer to the first filed action. That motion has been fully briefed by the parties, and the parties are waiting for a ruling in the Florida Action.

Pursuant to the Court's Minute Order dated January 10, 2008, the parties were required to prepare and file a Joint Status Report by February 15, 2008, and attend a status hearing on February 20, 2008. Petitioner optionsXpress timely filed its Status Report after exhausting attempts to arrive at a Joint Status Report with Respondent's counsel. Respondent Hale failed to file her Status Report in a timely manner, and her report was filed on Sunday, February 17, 2008. On February 20, 2008, the attorneys for optionsXpress attended the previously scheduled status hearing. At that hearing, and for the first time, optionsXpress was given notice that oral arguments would be held on Hale's Motion to Transfer and Motion to Stay, notwithstanding the

fact that <u>neither</u> motion was properly noticed for hearing pursuant to Local Rule 5.3(b).

Notwithstanding the lack of proper notice, the Court granted Hale's Motion to Transfer and entered the February 20 Order. Accordingly, the February 20 Order should be vacated because a manifest error of law occurred in transferring this action without a proper motion before it pursuant to Local Rule 5.3(b). Furthermore, the Court's finding that the Florida Action was commenced before this action was a manifest error of fact, which caused a manifest error of law in the application of the first-filed rule, the predominate standard applied in determining the surviving action in a situation involving parallel federal proceedings. In addition, a manifest error of fact and law occurred when the Court relied upon on allegations contained in Hale's Motion to Transfer in support of her alleged inconvenience that were not supported by affidavit, deposition, or other relevant documents. Furthermore, the Court made an error not of reasoning but of apprehension by relying on Hale's unsupported allegation in finding that a trial requiring an evidentiary hearing would be required in this matter and that "having a judge familiar with the applicable law try the case" would require a Florida judge. (February 20 Order at 2)

## ARGUMENT

I.  **Standard for Motion for Reconsideration:**

As explained by the Court in *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990), "[a] motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." "[M]otions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, but rather effective yet quite circumscribed methods of "correct[ing] manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v.*

*Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.) (quoting *Keene Corp. v. International Fidelity Ins. Co.,* 561 F. Supp. 656, 665-66 (N.D. Ill. 1976)). In matters involving interlocutory orders, the Seventh Circuit has made it clear that district courts have the discretion to reconsider their decisions at any time. *Cameo Convalescent Ctr., Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir. 1986). Accordingly, "[t]he Federal Rules of Civil Procedure place no time constraints on motions to reconsider interlocutory orders." *United States ex rel. v. United States Fidelity & Guaranty Co.,* 700 F. Supp. 410, 412 (N.D.Ill. 1988).

In the instant case, the February 20 Order confirms that the Court patently misunderstood the parties' procedural posture and made a decision outside the adversarial issues presented to the Court by the parties because Hale failed to file or serve a notice of presentment on either of the motions ruled upon by the Court. Furthermore, it was a manifest error of law for the Court to rule on motions that were not properly before the Court, because those motions were not in compliance with Local Rule 5.3(b). The Court's finding that the Florida Action was commenced before this action was also a manifest error of fact, which caused a manifest error of law in the application of the first-filed rule, the predominate standard applied in determining the surviving action in a situation involving parallel federal proceedings. The Court's February 20 Order also reflected a manifest error of fact, because the Court relied on allegations contained in Hale's motions that were not supported by affidavit, deposition, stipulation, or other or similar reliable evidence. In addition, the February 20 Order demonstrates that the Court made an error not of reasoning but of apprehension that a trial in this matter would require testimony from any party or third parties, as no trial is necessary or permitted under the rules.

II.  **The Court's Hearing on Hale's Motion to Transfer was a manifest error of law, because Hale failed to serve optionsXpress with notice of the presentment of that Motion for hearing pursuant to Local Rule 5.3(b), and the Court had no authority to transfer an action without a proper motion before the Court.**

The Court's scheduling of Hale's Motion to Transfer for hearing, without notice to the other party, and absent the presentment of the Motion by the movant, was a manifest error of law, and as a result the Court's February 20 Order should be vacated, because no motion was properly before the Court. At all times relevant, there was in effect in the United States District Court for the Northern District of Illinois Local Rule 5.3 that provided, in part, as follows:

> (b) Presentment. Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented. The date of presentment shall be not more than 10 business days following the date on which the motion or objection is delivered to the court pursuant to LR78.1.

Rule 5.3(b) of the U.S. District Court for the Northern District of Illinois requires all motions to be accompanied by a "notice of presentment" indicating the date and time at which and the judge to whom the motion will be presented in open court. *See Shah v. InterContinental Hotel*, 314 F.3d 278 (7th Cir. 2002); *See also Goss Graphics Systems, Inc. v. DEV Industries, Inc.*, 267 F.3d 624, 627 (7th Cir. 2001). Motions that fail to comply with Rule 5.3(b) may be denied by the court pursuant to Local Rule 78.2.

Hale's Motion to Transfer was imbedded in Hale's Notice of Removal filed with the Court on January 8, 2008. Neither on January 8, 2008, within 10 days thereafter as required, or at anytime thereafter did Hale file or provide notice of her Motion to Transfer for presentment. Quite the contrary, on February 4, 2008, Hale filed her Motion to Stay, wherein Hale requested this Court to stay any consideration of Hale's Motion to Transfer until the court in the Florida Action had ruled on optionsXpress' Motion to Stay or Dismiss. Like her Motion to Transfer, Hale also failed to file or serve a notice of presentment of her Motion to Stay, and like Hale's

6

Motion to Transfer, that motion was also not properly before the Court for ruling on February 20, 2008.

In essence, the hearing on the Motion to Transfer on February 20, 2008, was the equivalent of a hearing to transfer proposed *sua sonte* by the Court. However, any such hearing, just like a hearing on Hale's motions, requires notice. *See Bennett v. Bally Mfg. Corp.*, 1992 U.S. Dist. LEXIS 5284 at *7 (N.D.Ill. Aug. 22, 1992)(explaining that "[a]s a starting point, we respectfully suggest that it is not entirely clear that a 28 U.S.C. § 1404(a) (1988) transfer may be made *sua sponte* in any situation. If such a transfer is contemplated, 'the parties should be provided notice and an opportunity to be heard.'")(quoting *Mobil Corp. v. SEC*, 550 F. Supp. 67, 69 (S.D.N.Y. 1982). In the instant case, no notice was served on optionsXpress, by either Hale or the Court, that would have provided notice to optionsXpress that a hearing would take place on February 20, 2008, to consider the transfer of this action to the court in the Florida Action.[2] According, the February 20 Order should be vacated in the interest of justice.

**III.    From the face of the February 20 Order, the Court patently misunderstood the parties' procedural posture, and because optionsXpress' Illinois Action was commenced two-months before Hale's Florida Action in the parallel federal proceedings, the Illinois Action should not be transferred under the first-filed rule.**

The Court patently misunderstood the parties' procedural posture in this matter. As a result of its misunderstanding, it created the erroneous impression that optionsXpress' filing of its Application to Vacate in Illinois was reactive or vexatious in response to Hale's filing of its Application to Confirm. According to the February 20 Order, the Court found that:

> On November 16, 2007, having never received notice from Petitioner that it intended to seek to vacate the arbitration award, and having waited the requisite three month period during which time Petitioner could have sought to vacate the award, Respondent filed an application to confirm the award in the federal court

---

[2] Because of the patent procedural defects, optionsXpress did not file a written objection to the Motion to Transfer, something it would have done had the motion been properly notice for hearing.

7

for the Southern District of Florida.

Nothing could be further from the truth. (*See* Exhibit 6 (wherein Hale's attorney acknowledges receiving notice on September 15, 2007, that optionsXpress had "filed an Application to Vacate Arbitration Award (the 'Application') on September 12, 2007); *See Also* Exhibit 7 a 3 (wherein optionsXpress provides Hale's attorney notice that optionsXpress' filed "it s Application on September 12, 2007, in the Circuit Court of Cook County, Illinois.")) As reflected in the docket reports for the Circuit Court action and the Florida Action, attached hereto as **Exhibits 4 and 5**, respectively, optionsXpress filed its Application to Vacate in the Circuit Court approximately two months prior to Hale's filing of her Application to Confirm in the Florida Action (optionsXpress filed its Application to Vacate on September 12, 2007, and Hale filed her Application to Confirm on November 16, 2007). Furthermore, Hale's attorney had notice of that filing by September 15, 2007. (*See* Neil Solomon's letter dated September 21, 2007 (the "September 21st Letter"), attached hereto as **Exhibit 6**) In his September 21st Letter, Hale's attorney stated, "I was carbon copied on Ms. Victor's letter to you wherein she indicated that she had filed an Application to Vacate Arbitration Award . . . on September 12, 2007." As shown on the Circuit Court's docket report, optionsXpress' Application to Vacate was in fact, filed on September 12, 2007. (*See* **Exhibit 4**) Thus, not only was optionsXpress' Application to Vacate filed more than two months before Hale filed her Application to Confirm, Hale's attorney had notice of that filing within three days of that filing. In response to the September 21st Letter from Hale's attorney, optionsXpress sent a letter to the arbitration forum's administrator dated September 28, 2007 (the "September 28th Letter"), a copy of which was mailed to Hale's attorney, explaining the application of the Illinois Uniform Arbitration Act. (*See* **Exhibit 7**) In the September 28th Letter, Hale's attorney was specifically advised of optionsXpress'

8

Application to Vacate was filed in the Circuit Court of Cook County, Illinois. (*See* **Exhibit 7** at 3) In addition to actual notice through the referenced correspondence, as an attorney licensed to practice law in the State of Illinois, Hale's attorney knew, or should have known, how to retrieve docket information regarding the state court action through the internet.

According to the February 20 Order, the Court also found that:

> Eleven days after Respondent filed her application to the federal court in Florida, the Petitioner filed its motion to vacate the same award in the Circuit Court of Cook County in Illinois.

Again, the court patently misunderstood the filing dates and the procedural posture of the two actions. As stated above, optionsXpress' Application to Vacate was filed on September 12, 2007. There is no dispute that Hale filed her Application to Confirm more than two months later on November 16, 2007. There is also no dispute that optionsXpress amended its Application to Vacate, and that the Amended Application to Vacate was filed on November 27, 2007. Under the first filed-rule, it is the date the action commenced that rules and the first commenced action has priority over the later commenced action. In the instant case, optionsXpress Illinois Action, which as commenced on September 12, 2007, has priority over Hale's Florida Action, which was commenced on November 16, 2007.

Lastly, the Court concluded that:

> Here, the Petitioner, who filed the Motion to Vacate the Arbitration Award, in the Circuit Court of Cook County, was already subject to the jurisdiction of the Florida court due to the filing of the Respondent's Motion to Affirm the Arbitration Award.

(February 20 Order at 2) As reflected from the courts' docket reports, the reverse was true. It was the Respondent – Linda Hale, who filed her action in the Florida Action when she was already subject to the jurisdiction of the Illinois court. Hale agreed to be subject to the jurisdiction of the Illinois courts in her User/Customer Agreement with optionsXpress.

9

OptionsXpress could not have been subject to the jurisdiction of the Florida court at the time of filing its Application to Vacate, because the Florida Action was not even filed until more than two months after the commencement of the Illinois Action.

As stated above, under the first filed rule, "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d at 1174. Furthermore, Hale had the burden to show compelling circumstances to warrant an exception to the first-filed rule, and failed to do so. *Manuel v. Convergys Corp.*, 430 F.3d at 1135 (holding that the party objecting to jurisdiction in the first-filed forum carries the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule). Hale attached no affidavits or other credible evidence in support of her request. Accordingly, the February 20 Order should be vacated.

IV.  **The Court's finding that the Florida Action was commenced before this action was a manifest error of fact, and based on that fact the Court's transfer of this action to the Florida Action was a manifest error of law under the first-file rule.**

Because the Illinois Action and the Florida Action are parallel federal proceedings, the proper standard, generally referred to as the "first-filed rule," required a denial of Hale's Motion to Transfer. As explained in the proceeding section, notwithstanding the Court's factual findings contained in the February 20 Order, it was the Illinois Action that was the first filed action, and it was the Florida Action that was filed by Hale in reaction to the Illinois Action. Under the first-filed rule, "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)(following *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)); *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11TH Cir. 2005)(following the general rule that "[w]here two actions involving overlapping issues and parties are pending in

two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule").

As a matter of law, the commencement of an action begins upon the filing of a complaint, or in the instant case, the filing of an application. At all times relevant, Rule 3 of the Federal Rules of Civil Procedure provided that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. Rule 3. The definition of the commencement of an action under Illinois law is identical. At all times relevant, section 2-201(a) of the Illinois Code of Civil Procedure provided that "[e]very action unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a). Under the above rules, it is clear that actual service of process is immaterial as to when an action was commenced.

In the instant case, the Illinois Action was commenced more than two months before the Florida Action, and Hale was served with process in the Illinois Action approximately three weeks before optionsXpress was served in the Florida Action. Although the Illinois Action involves an action removed from a state court, pursuant to 28 U.S.C. § 1441, it was the commencement of the state court action that is considered in the first-filed rule, because it has been well established that "[w]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. Southern R. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Furthermore, the party objecting to jurisdiction in the first-filed forum carries the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at 1135. As set forth above, at no time has Hale demonstrated any compelling circumstances to warrant an exception to the rule.

Unfortunately, based on the Court's February 20 Order, the Court patently misunderstood the parties' procedural posture. If not for that misunderstanding, the Court would have

concluded that the Illinois Action was first in time, and that Hale had failed to present any compelling circumstances to warrant an exception to the first-filed rule. A more developed analysis of the factors to consider in a parallel federal proceeding was provided in optionsXpress' Motion to Stay or Dismiss filed in the Florida Action, which is attached hereto, and is incorporated herein, as **Exhibit 3a and 3b**.

The first-filed rule is not incompatible with the standard to be used under Section 1404(a), when properly applied to a transfer to a parallel proceeding. "Before a transfer can be made under § 1404(a), the movant must establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court and (3) the transfer is for the "convenience of parties and witnesses, in the interest of justice." In the instant case, based on the first-filed rule and other factors considered in parallel federal proceedings, the Florida Action was not a proper venue for optionsXpress' Application to Vacate, in that there were no compelling circumstances to justify transferring this action to the Florida Action. Accordingly, the February 20 Order should be dismissed.

**V.    The Court's finding regarding Hale's wealth and inconvenience was a manifest error of fact and law because none of the allegations relied upon by the Court were supported by affidavit, and the Court erred in its apprehension of Hale's inconvenience, because Hale would have no cause to travel to Illinois.**

It was a manifest error of law for the Court to rely on allegations contained in Hale's Motion to Transfer as grounds that a transfer was justified based on inconvenience to the respondent, because none of the allegations were supported by affidavit, deposition, stipulation, or other relevant documents. In considering whether a transfer is warranted for the convenience of parties and witnesses, "the Court may consider only undisputed facts presented to the Court by affidavit, deposition, stipulation or other relevant documents. Mere allegations, standing alone, cannot be taken as proof of facts alleged in support of the motion." *Midwest Precision Services,*

12

*Inc. v. PTM Industries Corp.*, 574 F. Supp. 657, 659 (N.D.Ill. 1983)(citations omitted). In the instant case, none of the allegations concerning Hale's wealth, ability to travel, and inconvenience to her attorney was supported by an affidavit. However, in granting Hale's Motion to Transfer, the Court found that "Respondent resides in Florida and alleges that she has little or no money to travel to Illinois." The Court's reliance on mere allegations in its February 20 Order was a manifest error of fact and law because the finding was based on unsupported allegations.

Furthermore, even if Hale's allegations were true, Hale would have no need to travel to Illinois because it would be highly unlikely that an evidentiary hearing would be held on an application to vacate or confirm an arbitration award. Hale had admitted that this action "is a summary proceeding and 'shall be heard in the manner provided by law for the making and hearing of motions.'" (Motion to Transfer at ¶ 23, quoting the Federal Arbitration Act) Likewise, Hale has admitted that this proceeding does not require a trial. *Id.* at ¶ 26. The Illinois Uniform Arbitration Act anticipates an identical proceeding as that anticipated by the Federal Arbitration Act. Under Section 15 of the IUAA, 710 ILCS 5/15, "an application to the court under this Act shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions in civil cases." Furthermore, little if any discovery is required, because optionsXpress' Amended Application to Vacate, as well as Hale's Application to Confirm, rely on the exhibits to the arbitration hearing and the transcript to that hearing. Moreover, the hearing on the merits with witnesses and exhibits has already been held, and there is no request by optionsXpress for another hearing nor is there any provision under the rules for the further evidentiary proceeding. Thus, the Court made an error, not of reasoning, but of apprehension in finding a transfer was necessary because of "the relationship of

the parties and the claims to the forum and access to sources of proof including the possibility of viewing the premises."[3] (February 20 Order at 2)

Furthermore, as evident from the hearing held on February 20, 2008, there would be no inconvenience to Hale's attorney because he has demonstrated that he can adequately argue his motions telephonically. Accordingly, Hale's wealth in immaterial to whether this action remains in Illinois. In fact, her attorneys' fees may increase if the action was transferred to Florida, because he would not be given the luxury of sitting in his office and would have to travel to the courthouse instead of arguing his motions in the leisure of his office.

Because the Court relied on documents that were not supported by affidavit, because it wrongly apprehended that an evidentiary hearing would be necessary to resolve this action, and because there would not be any inconvenience to Hale should this action not be transferred, the Court's February 20 Order should be vacated.

## CONCLUSION

Based on the foregoing, it is evident on the face of the February 20 Order that the Court patently misunderstood the parties, made errors, not of reasoning, but of apprehension, and that manifest errors of law and fact occurred in the Court's entry of that order. In addition, the Court made a decision outside the adversarial issues presented to the Court by Hale, because her motions were never presented to the Court for hearing, and thus those motions that were not properly before the Court. Accordingly, the February 20 Order should be vacated, and an order entered to set this matter for status pending the Florida Court's ruling on optionsXpress' Motion to Stay or Dismiss.

---

[3] There are no premises to view. Moreover, this case involves a dispute regarding trading activity in Hale's trading account maintained at optionsXpress, located in Illinois.

WHEREFORE, optionsXpress, Inc. respectively requests that the Court reconsider its Order dated February 20, 2008, and upon reconsideration of that order enter an Order vacating the Court's Order dated February 20, 2008, and for such additional relief the Court deems appropriate under the circumstances.

                                    Respectfully submitted,

                                    OPTIONSXPRESS, INC.

                                  By: /s/ Robert B. Christie
                                       One of Its Attorneys

Robert B. Christie
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6957
rchristie@henderson-lyman.com