UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 07-81085-CIV-RYSKAMP/VITUNAC

LINDA HALE,

    Plaintiff,

v.

OPTIONSXPRESS, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STAY OR DISMISS ACTION

Defendant optionsXpress, Inc. ("optionsXpress"), through its undersigned counsel, respectfully moves this Honorable Court to enter an order staying or dismissing this action in deference to a previously filed parallel action commenced in the Circuit Court of Cook County, Illinois, which was subsequently removed to the United States District Court for the Northern District of Illinois, captioned as *optionsXpress, Inc. v. Linda Hale*, Docket No. 07 CV 179, (the "Illinois Action"), which concerns the identical issues and parties that are before this Court.

### INTRODUCTION

The principal issue involved in the Illinois Action and the instant action is whether an arbitration award entered on August 13, 2007 (the "Arbitration Award") in favor of Linda Hale ("Hale") and against optionsXpress should be confirmed or vacated. The Illinois Action was commenced by optionsXpress on September 12, 2007, through the filing of its Application to Vacate Arbitration Award (the "Application to Vacate"), wherein OptionsXpress sought to vacate the Arbitration Award. Hale filed her Application to Confirm Arbitration Award ("Application to Confirm") in this action (the "Florida Action") approximately two months later

1

on November 16, 2007. For the reasons set forth more fully below, in the interest of wise judicial administration and a comprehensive disposition of the parties' litigation, optionsXpress seeks an order to stay or dismiss this action in deference to the federal Illinois Action.

## PROCEDURAL HISTORY

*a.     optionsXpress' Application to Vacate.*

On or about December 2, 2006, Hale commenced an arbitration action against optionsXpress with the National Association of Security Dealers, now known as FINRA Dispute Resolution ("FINRA"), seeking damages for losses in her trading account held by optionsXpress. That matter was heard before a panel of arbitrators in August 2007. Through the entry of the Arbitration Award, dated August 13, 2007, the panel found in favor of Hale and against optionsXpress.

Pursuant to the parties' arbitration agreement and the Illinois Uniform Arbitration Act (the "Illinois Act"), 710 ILCS 5/12, optionsXpress filed its Application to Vacate with the Circuit Court of Cook County, Illinois on September 12, 2007. Under the Illinois Act, an applicant has 90 days to <u>file</u> an application to vacate, unlike the Federal Arbitration Act, which provides such application must be <u>served</u> on the other party within 90 days.

On or about September 12, 2007, Hale's attorney of record in the FINRA arbitration, Neil Solomon, and the attorney of record in the instant case, was informed of optionsXpress' filing of its Application to Vacate in Illinois. Mr. Solomon is licensed to practice law in the State of Illinois, and practiced law in the State of Illinois before becoming a member of the Florida bar in 2002.

In its Application to Vacate, optionsXpress provided the state court with notice in the

2

Application to Vacate that the Application to Vacate would likely be amended upon receipt of the full record of the evidentiary hearing in the FINRA arbitration. Immediately following the receipt of the tape recordings to the four days of evidentiary hearings in that arbitration, optionsXpress caused those tapes to be transcribed, which involved substantial effort.[1] Following the complete transcription of the record on October 9, 2007, optionsXpress exercised further due diligence in reviewing the full record before amending its application, to more fully, and accurately, reflect the record (the "Amended Application to Vacate"). The Amended Application to Vacate was filed on November 27, 2007.

Following its initial unsuccessful attempt to serve Hale at the address she provided on all of her account documents and pleadings in the arbitration, optionsXpress caused a skip trace to be conduced on Hale, and learned that she moved from her address of record at the time of the FINRA hearing. Hale was served a few days later with process on December 14, 2007. Approximately three weeks later, on January 8, 2008, Hale filed a Notice of Removal with the United States District Court for the Northern District of Illinois, where optionsXpress' Amended Application to Vacate is currently pending. The parties have been ordered by the Court in the Illinois Action to prepare a Joint Status Report by February 15, 2008, and to appear before the court on February 20, 2008, for an initial status hearing.

    b. *Hale's Application to Confirm.*

On November 16, 2007, approximately two months after optionsXpress filed its Application to Vacate in the Illinois Action, and approximately two months after Hale's attorney was informed of the Application to Vacate, Hale filed her Application to Confirm with this

---

[1] The testimonial record in the arbitration hearing consisted of eleven tape recordings, which resulted in nearly a thousand pages of transcripts.

Court. Although optionsXpress's registered agent was at all times a matter of record and easily accessible, it was not until about two months later, on January 7, 2008, that Hale served optionsXpress with a copy of the Application to Confirm. No further substantive action has occurred in that matter.

## ARGUMENT

In the interest of judicial administration and a comprehensive disposition of the parties' litigation, optionsXpress requests that this action be stayed or dismissed in deference to a pending federal action involving the identical parties and the same issues.

**A.  The standard for abstention between parallel federal actions.**

*1.  The judicial principle behind abstention.*

It is well established that "as between federal district courts . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). As explained by the court in *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721,, 728 (5th Cir. 1985)(reversing the district court's denial of defendant's request to stay or dismiss in deference to a parallel federal action), "[t]he federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs." Accordingly, "[t]rial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court" *I.A. Durbin, Inc. v. Jefferson Nat. Bk*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). "Although no precise test has been articulated for making this determination . . . the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not

4

significantly differ between the two actions." *Id.* at 1551. This abstention doctrine rests "on considerations of '[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (citation omitted).

  2. *The first-filed rule.*

"In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)(following *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)); *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11TH Cir. 2005)(following the general rule that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule"). Furthermore, the party objecting to jurisdiction in the first-filed forum carries the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at 1135. In the instant case, the Illinois Action was commenced approximately two months before the Florida Action, and Hale was served with process in the Illinois Action approximately three weeks before optionsXpress was served in the Florida Action. Although the Illinois Action involves an action removed from a state court, pursuant to 28 U.S.C. § 1441, it was the commencement of the state court action that is considered in the first-filed rule, because it has been well established that "[w]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. Southern R. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Accordingly, the Illinois Action was first in time.

**B.** **Other relevant factors to determine abstention.**

5

Other factors can also control which court dismisses its action in deference to another. Those factors have been refined for a case of a parallel state/federal proceeding, which is not the case in the instant proceeding, following Hale's removal of the Illinois state court action to the United States District Court for the Northern District of Illinois. The abstention doctrine in a state/federal parallel proceeding is commonly called the *Colorado River* doctrine, and is based on the principle enunciated by the Supreme Court in *Colorado River*, as later expanded by the Court in *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1 (1983).

Unlike the instant case, which involves parallel federal proceedings, in a state/federal parallel proceeding, a federal court should abstain from exercising its jurisdiction only in a few exceptional cases. *Moses H. Cone*, 460 U.S. at 14. Nonetheless, the factors considered under the *Colorado River* doctrine, with slight modification, can be also useful in determining whether a federal district court should dismiss the action pending before it in deference to another federal district court.

As explained by the court in *Bosdorf v. Lamar Beach*, 79 F. Supp. 2d 1337, 1343 (S.D. Fla. 1999), under the *Colorado River* doctrine, a federal court may decline to exercise jurisdiction based on the following factors: "(1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtain jurisdiction; (5) whether federal or state law will be applied; . . .(6) the adequacy of each forum to protect the parties' rights [, and (7)] 'the vexatious or reactive nature of either the federal or the state litigation.'" (Citations omitted) As applied in the instant case, those factors overwhelmingly weigh in favor of abstention in the Florida Action, as more fully demonstrated below.

1. *Neither court has assumed Jurisdiction over property.*

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

As was the case in *Bosdorf*, this factor has no bearing on the abstention analysis in the instant case, because neither court has obtained jurisdiction over the property of either party.

2.   *The inconvenience of the Florida federal forum weighs in favor of the Illinois federal forum.*

There is no inconvenience to Hale in litigating the parties' issues in the Illinois forum, because the parallel actions involve the confirmation or vacation of an arbitration award, and it would be highly unlikely that an evidentiary hearing requiring Hale's presence would ever be necessary. Furthermore, there would be no inconvenience to Hale's attorney because he is licensed to practice law in the State of Illinois. On the other hand, optionsXpress would have to retain and pay a local attorney in Florida to interface with its Illinois attorneys if this action was not stayed or dismissed. Moreover, Hale knew in 2002, when she entered into an agreement with optionsXpress upon opening her trading account, that she might have to litigate any dispute in the courts located in Chicago, Illinois, because that agreement contained a venue provision that provided that Hale would arbitrate any controversies with optionsXpress in Chicago, Illinois. *See* Customer Agreement at ¶ 43, attached hereto as **Exhibit A**.

3.   *The potential for piecemeal litigation weighs in favor of the Illinois forum.*

"Piecemeal litigation results when the [two courts] are adjudicating the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Shallal v. Elson*, 1999 U.S. Dist. LEXIS 23368 *14 (S.D.Fla. April 12, 1999). In the instant case, the parallel actions involve the identical parties and the identical issue – whether an arbitration award should be confirmed or vacated. However, the Illinois Action is where the broader issue is pending, whether grounds exist to vacate an arbitration award. Furthermore, a denial of relief in the

7

Illinois Action presumes the entry of an order confirming the Arbitration Award, and thus Hale would have no need to incur the time and expense of filing a counterclaim in that action.

   4.   *The Illinois Action was filed first and Hale was served in that action before optionsXpress was served in the Florida Action, thus favoring the Illinois forum.*

As explained more fully above, "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982), and the party objecting to jurisdiction in the first-filed forum carries the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule, *Manuel*, 430 F.3d at 1135. Unlike the burden placed on the petitioner under the *Colorado Doctrine*, here Hale has the burden to show "compelling circumstances" that the Court should not stay this action. In the instant case, there are no compelling circumstances that would require this Court to maintain a parallel federal action.

   5.   *Whether federal or state law will be applied is a relatively neutral factor in this Court's decision to abstain.*

Because the instant matter concerns a parallel federal action, and not a parallel state/federal action, the issue of whether federal or state law applies has little relevancy, except for the fact that in the Illinois Action the court will have to apply the Illinois' Uniform Arbitration Act, 710 ILCS 5/1 *et seq.*[2] Accordingly, the Illinois forum may be more familiar with the application of that act than this Court. In addition, as set forth above, the broader and more complete set of issues are pending in the Illinois Action, and a denial of relief in the Illinois Action presumes the entry of an order confirming the Arbitration Award. The reverse is not necessarily true in the instant action.

---

[2] optionsXpress filed its Application to Vacate based on the Illinois Uniform Arbitration Act because the arbitration provision contained in the parties Customer Agreement provided that Illinois law applied in the "enforcement" of the Agreement, and the only method of enforcement was through arbitration.

6. *The Illinois forum can adequately protect the parties' rights.*

Because the parties in both actions are identical, and the issues pending before the Illinois Action are broader and encompass the issues in the Florida Action, the Illinois Action is an adequate forum to protect all of the parties' rights. *See American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (denying a stay in deference to a parallel action upon a finding that the parallel action would not decide the issues presented in the action pending before the court).

7. *The vexatious or reactive nature of Hale's filing in the Florida Action weighs heavily in favor of this Court abstaining in favor of the Illinois forum.*

This last factor weighs significantly in a federal court's analysis of whether to defer to another court. As explained by the court in *Bosdorf*, "[a]bstaining when litigation is reactive or vexatious furthers important federal policy of prohibiting forum shopping. 79 F. Supp. 2d at 1344 (citing to *Allied Machinery Serv. Inc. v. Caterpillar, Inc.*, 841 F. Supp. 406, 410 (S.D. Fla. 1993). In the instant case, Hale knew well in advance (on or before September 21, 2007) that optionsXpress had filed its Application to Vacate in Illinois, because Hale's attorney sent a letter to the FINRA administrator dated September 21, 2007, wherein he objected to the Illinois venue and objected to the use of the Illinois Uniform Arbitration Act by optionsXpress. In response, optionsXpress sent a letter to the FINRA administrator dated September 28, 2007, a copy of which was mailed to Hale's attorney, explaining the application of the Illinois Uniform Arbitration Act. In that September 28th letter, Hale's attorney was specifically advised of the caption and docket number for optionsXpress Application to Vacate filed in the Circuit Court of Cook County, Illinois. As an attorney licensed to practice law in the State of Illinois, Hale's attorney knew, or should have known, how to retrieve docket information regarding the state court action through the internet.

9

In addition, Hale could have filed her Application to Confirm at any time prior to September 21, 2007, but did not. Furthermore, after September 21, 2007, Hale knew that an Application to Vacate had been filed, and her attorney knew, or should have known, that he would have the opportunity to file Hale's Application to Confirm as a counterclaim or file a motion to dismiss based on Hale's alleged objection to the Illinois venue and optionsXpress' application of the Illinois Uniform Arbitration Act. Instead, Hale waited nearly two months, and then filed her Application to Confirm in a federal court in Florida to obtain a more favorable venue. On its face, Hale's commencement of the Florida Action was reactive, if not vexatious. As explained by the court in *Bosdorf*, "the First, Second, Fifth, Seventh, Eight, Ninth, and Tenth Circuits have all stated explicitly that the 'reactive' character of a [second] suit weighs in favor of abstaining." 79 F. Supp. 2d at 1346.

    8.    *Conclusion.*

Although the aforementioned factors were formulated by the Supreme Court to find exceptional circumstances that would justify a federal court in abstaining in favor of a parallel state court proceeding, no exceptional circumstances are required in the instant case for this Court to abstain in favor of a parallel federal court proceeding. In fact, Hale has the burden to show that compelling circumstances exist to maintain a parallel action. In applying the aforementioned factors to the instant matter, the totality of circumstances overwhelmingly weigh in favor of abstention based on wise judicial administration and a comprehensive disposition of the parties' litigation, in addition to thwarting Hale's attempt at forum shopping.

**C.**    **The decision to stay or dismiss the Florida Action.**

In a parallel state/federal court context, the Court in *Moses H. Cone* left open the question of whether a stay or a dismissal is the proper course of action. *Moses H. Cone*, 460 U.S. at 28

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

(explaining that "[w]e have no occasion in this case to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that *Colorado River* counsels in favor of deferring to a parallel state-court suit"). As further explained by the Supreme Court in *Moses H. Cone*, "a stay is as much a refusal to exercise federal jurisdiction as a dismissal." *Id.*; *See Shallal v. Elson*, 1999 U.S. Dist. LEXIS 23368 at *24 (finding that the dismissal of the federal action in a parallel proceeding to a state court action was consistent with the rationale espoused by the Supreme Court in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976))

The court in *West Gulf Maritime* came to the same conclusion in a parallel federal action. In *West Gulf Maritime*, the court held that it would be appropriate for "a district court [to] dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." 751 F.2d at 729. Furthermore, a final decision in the Illinois Court would have *res judicata* effect with respect to all of the issues now pending before this Court. Accordingly, because the cause of action before this Court does not merit a stay of the action pending the outcome of the Illinois Court, a dismissal without prejudice is warranted.

WHEREFORE, optionsXpress, Inc. respectfully requests that the Court enter an Order dismissing this action, or in the alternative, an order staying this action pending a final order in

11

the parallel federal proceeding, and for such additional relief the Court deems appropriate under the circumstances.

### Local Rule 7.1 Certification

Pursuant to Local Rule 7.1.A.3., Robert B. Christie, one of optionsXpress' attorneys, personally discussed the issues raised in this motion with Neil Solomon, Linda Hale's attorney of record, on Friday, January 18, 2006, in a good faith effort to resolve the issues raised in the motion, but was unable to resolve the issues.

Respectfully submitted,

By: _s/ Stephen B. Gillman_
Stephen B. Gillman
Florida Bar No.: 196734
*Email Address: sgillman@shutts.com*
SHUTTS & BOWEN, LLP
*Counsel for optionsXpress, Inc.*
201 S. Biscayne Boulevard, Suite 1500
Miami, Florida 33131
Tel. (305) 347-7311
Fax. (305) 347-7835

### CERTIFICATE OF SERVICE

**I hereby certify** that on January 22, 2008 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_s/ Stephen B. Gillman_

## SERVICE LIST

Linda Hale v. optionsXpress, Inc.
Case No. 07-81085 CIV RYSKAMP/VITUNAC
United States District Court, Southern District of Florida

Neil B. Solomon, Esq.
4174 St. Lukes Lane
Jupiter, Florida 33458                          [via CM/ECF]
Tel.: 561-762-4991
Fax: 561-626-2721
e-mail address: neilbsolomonesq@gmail.com
*Counsel for Plaintiff Linda Hale*


Stephen B. Gillman, Esq.
Shutts & Bowen, LLP
201 South Biscayne Blvd
Suite 1500                                      [via CM/ECF]
Miami, Florida 33131
Tel.: 305-347-7311
Fax.: 305-347-7835
e-mail address: sgillman@shutts.com
*Co-counsel for Defendant optionsXpress.Inc.*

Jeffrey M. Henderson, Esq.
Harris L. Kay, Esq.
Henderson & Lyman
175 West Jackson Boulevard
Suite 240                                       [via electronic mail]
Chicago, IL 60604
Tel.: 312-986-6960
Fax.: 312-986-6961
email address: hkay@henderson-lyman.com
*Of counsel for Defendant optionsXpress.Inc.*


MIADOCS 2553063 1

13