# EXHIBIT 5

# HENDERSON & LYMAN

ATTORNEYS AT LAW
175 WEST JACKSON BLVD.
SUITE 240
CHICAGO, ILLINOIS 60604
(312) 986-6960
FAX (312) 986-6961
www.henderson-lyman.com

JEFFRY M. HENDERSON
MARK M. LYMAN
JOSEPH A. GIRARDI
DOUGLAS E. AREND*
ROBERT B. CHRISTIE

ANTHONY A. CAVALLO
ANDREA STULGIES-CLAUSS
NICOLE M. KUCHERA
KEVIN M. MAGNUSON
MICHAEL D. SEFTON

*Admitted in IL and NY

NEW YORK OFFICE
810 7th Avenue
Suite 11C
New York, NY 10019
(212) 957-4600

WRITER'S DIRECT DIAL NO:

(312) 986-6957
rchristie@henderson-lyman.com

September 25, 2007

**Sent Via Facsimile (301-527-4838) & U.S. Mail**

Michele Collins
FINRA Dispute Resolution
One Liberty Plaza
165 Broadway, 52nd Floor
New York, New York 10006

Re:   *Hale v. OptionsXpress, Inc.*, Docket No. 06-5183

Dear Ms. Collins:

I am writing on behalf of optionsXpress, Inc. ("optionsXpress") and in response to Neil Solomon's letter to you dated September 21, 2007. In his recent letter, Mr. Solomon, on behalf of claimant Linda Hale ("Hale"), claimed that optionsXpress violated NASD Rule 10330(h) because optionsXpress failed to pay the amount specified in the Award and has failed to file a motion to vacate with a court of competent jurisdiction within 30 days of the issuance of the Award.[1] As more fully discussed below, Mr. Solomon's assertions are baseless.

A.   *Hale's Jurisdiction Objection.*

Notwithstanding Hale's assertion to the contrary, an Illinois Circuit Court has jurisdiction to rule on optionsXpress' Application to Vacate Arbitration Award (the "Application"). At all time relevant, Section 46 of the Customer Agreement between OptionsXpress and Hale provided, in part, as follows:

---

1   Mr. Solomon also made a number of ad hominem remarks concerning Ms. Victor, OptionsXpress' corporate counsel, which will not be addressed here, and most likely will be addressed in a forum other than FINRA.

> Agreement to Arbitrate Controversies:
> You agree that any and all controversies which may arise between you and optionsXpress . . . shall be determined by arbitration conducted before the NASD in accordance with its arbitration rules then in force. You specifically agree, however, as permitted by statute and/or regulation, to arbitrate all such controversies before the NASD in Chicago, Illinois. . . . Judgment upon any award of the arbitrators may be entered in any court, state or federal, having jurisdiction thereof. . . . The laws of the State of Illinois will govern the interpretation and enforcement of the terms of this Agreement, and you further consent to the jurisdiction of the State of Illinois over you individually and your successors. . . .

As a basic starting point, it appears that Mr. Solomon's misplaced objection, and hence his confusion, is be based, in part, on his erroneous reliance on a pre-1993 version of the Illinois Arbitration Act that is no longer in effect. At all times relevant, Section 16 of the current version of the Illinois Arbitration Act (the "Act"), 710 ILCS 5/16, provided, in part, as follows:

> The term "court" means any circuit court of this State. The making of an agreement described in Section 1 providing for arbitration in this State confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder.

In the instant case, Mr. Solomon, Hale's counsel, suggests that it is highly improper to file the Application in the State of Illinois because the arbitration hearing was convened in the State of Florida. However, the parties' Customer Agreement provided for arbitration in Illinois. Accordingly, the proper forum to confirm or attack the Award entered in the Arbitration is in the Circuit Court of Cook County, Illinois. Illinois courts enforce these types of venue provisions, irrespective of where the actual hearing took place. In *Chicago Southshore & South Bend RR v. Northern Indiana Commuter Trans. Dist.*, 184 Ill.2d 151, 153-54 (1998), the prevailing party in an arbitration held in Chicago, Illinois, filed a motion to confirm the arbitration award in Chicago. The other party objected, claiming that the Circuit Court of Cook County, Illinois, had no jurisdiction to confirm the award pursuant to Section 16 of the Act, and that only a court in the State of Indiana had jurisdiction to hear such a matter, as provided in the agreement between the parties. *Id.* at 153-54. The Illinois Supreme Court agreed, finding that, although the parties' arbitration hearing took place in Chicago, Illinois, "under the plain language of the [Illinois Arbitration Act], the parties' written agreement must provide for arbitration in Illinois in order for Illinois courts to exercise jurisdiction to confirm an arbitration award." *Id.* at 155-56. In the instant case, despite the fact that the hearing took place in Florida, the parties arbitration agreement provided that the hearing should take place in the State of Illinois, and thus the Circuit Court of Cook County, Illinois has jurisdiction to hear optionsXpress' Application. Put another way, the prior disregard of the venue provision contained in the parties' agreement will not subsequently strip the jurisdiction from a court

designated by the parties. Therefore, Mr. Solomon's argument that appearance at the hearing in Florida operates as a waiver of venue for purposes of this motion to vacate is erroneous.

As a general rule, "every court has inherent power to determine the existence and limits of its own jurisdiction and such determination once made is binding unless reversed on appeal." *Kaiser-Ducett Corp. v. Housewrights, Inc.*, 48 Ill. App. 3d 589, 592-93 (1977). With all due respect, Hale has not provided any legal authority, and optionsXpress is unaware of any such legal authority, that allows an arbitration forum to determine the jurisdiction of a court. Accordingly, unless the Circuit Court of Cook County, Illinois determines that it has no jurisdiction to hear optionsXpress' Application, there is no just reason to conclude that it lacks jurisdiction.

B.      *Hale's Other Objections.*

As to Hale's other objections, such as the alleged failure of optionsXpress to serve either Mr. Solomon or her with a copy of its Application, optionsXpress will comply with the Illinois Supreme Court Rules as they apply to service of summons, and Hale will be served in due course pursuant to those rules. Ironically, Hale's counsel has been licensed to practice in the State of Illinois since 1997 and initially agreed, and later withdrew, his offer to accept service of the Application. Finally, with regard to Mr. Solomon's claim that "Ms. Hale's [failed] to respond to [his] September 13, 2007 e-mail," Mr. Solomon will have to personally confer with his client to ascertain her reasons for not responding to his e-mail.

C.      *Conclusion.*

In conclusion, optionsXpress has every right to proceed with its Application in the Circuit Court of Cook County, Illinois. The Customer Agreement, the Act, and the applicable case law clearly support optionsXpress' pursuit of the Application in the Circuit Court of Cook County. As a licensed member of the Illinois Bar, Mr. Solomon should be aware of the Illinois Supreme Court Rules as they apply to service of summons, and Hale will be served in due course pursuant to those rules. Accordingly, by filing its Application on September 12, 2007, in the Circuit Court of Cook County, Illinois, optionsXpress has satisfied the requirements of NASD Rule 10330, and Mr. Solomon's request should be denied.

Sincerely,

Robert B. Christie

Enclosure
cc:     Hillary Victor, Esq.
        Neil B. Solomon, Esq. (sent Via U.S. Mail)

3