# EXHIBIT 8

LEXSEE 1999 U.S. DIST. LEXIS 23368

JAMAL SHALLAL et al., Plaintiffs, vs. CHARLES M. ELSON et al., Defendants.

Case No. 98-8739-CIV-MIDDLEBROOKS

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

*1999 U.S. Dist. LEXIS 23368*

April 12, 1999, Decided
April 12, 1999, Filed

**DISPOSITION:** [*1] Defendants Motions to Dismiss or in the Alternative to Stay was GRANTED in part as to the Motion to Dismiss and DENIED in part as to the Motion to Stay. This action dismissed without prejudice. All pending Motions DENIED AS MOOT.

**COUNSEL:** For JAMAL SHALLAL, derivatively on behalf of Sunbeam Corporation, LILLIAN SHALLAL, derivatively on behalf of Sunbeam Corporation, plaintiffs: Tod N. Aronovitz, Stephen H. Schwartz, Aronovitz & Associates PA, Miami, FL. Scott W. Fisher, Garwin Bronzaft Gerstein & Fisher LLP, New York, NY. Elwood S. Simon, Elwood S. Simon & Associates, Birmingham, MI.

For CHARLES M. ELSON, HOWARD G. KRISTOL, PETER A. LANGERMAN, FAITH WHITTLESEY, defendants: Bruce Judson Berman, Weil Gotshal & Manges, Miami, FL. Irwin H. Warren, Weil Gotshal & Manges, New York, NY.

For JERRY W. LEVIN, HOWARD GITTIS, MACANDREWS & FORBES HOLDINGS, INC., defendants: Richard E. Berman, Katz Barron Squitero Faust & Berman, Miami, FL. Michael W. Schwartz, Rachelle Silverberg, Wachtell Lipton Rosen & Katz, New York, NY.

For SUNBEAM CORPORATION, defendant: Richard E. Berman, Thomas J. Allingham, II, Robert Saunders, Kevin M. Maloy, Skadden Arps Slate Meagher & Flom, [*2] Wilmington, DE.

**JUDGES:** DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** DONALD M. MIDDLEBROOKS

**OPINION**

ORDER GRANTING MOTION TO DISMISS

This Cause comes before the Court upon the following Motions that were filed in response to the Plaintiff's Verified Derivative Complaint: Sunbeam Corporation's Motion to Dismiss, or in the Alternative, to Stay Proceedings (DE # 14); Special Committee [1] Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings (DE # 23); MacAndrews & Forbes Holdings, Inc., Jerry W. Levin and Howard Gittis' Motion to Dismiss or, in the Alternative, to Stay Proceedings (DE # 28); and Memoranda of Law in Support thereof. Oral argument on these Motions was held on Thursday, April 8, 1999. The Court has reviewed the pertinent portions of the file and is otherwise fully informed in the premises.

> 1 The "Special Committee" Defendants are four Defendants (Charles Elson, Howard Kristol, Peter Langerman, and Faith Whittlesey) who were Directors at the time that the Warrant was issued and served on the Special Committee that approved the Warrant settlement.

[*3] I. Background

A. The Complaint in the Federal Action

For the purpose of this motion, the complaint is

construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L. Ed. 2d 59 (1984).* This case is a derivative action brought by two shareholders of Sunbeam Corporation, Jamal Shallal and Lillian Shallal. Jurisdiction is pursuant to *28 U.S.C. § 1332,* diversity of the parties, with the amount in controversy exceeding $ 75,000, exclusive of interest and costs. As stated in the Complaint, Plaintiffs are residents of Michigan who purchased and continue to hold shares of Sunbeam. Defendants are Sunbeam Corporation, six of the current seven members of the Board of Directors [2], and MacAndrews and Forbes Holdings, Inc. (referred to, together with its subsidiaries as "MacAndrews & Forbes").

> 2   As stated in the Complaint, Defendants Sunbeam and MacAndrews & Forbes are Delaware corporations; Defendant Elson is a resident of Florida; Defendant Kristol is a resident of New York; Defendant Langerman is a resident of Massachusetts; Defendant Whittlesey is a resident of Florida; Defendant Levin is a resident of New York; Defendant Gittis is a resident of New York.

[*4] As stated in the Complaint, Plaintiff alleges that the Sunbeam directors usurped the voting rights of plaintiffs and other minority stockholders by approving the grant of a warrant to a subsidiary of Defendant MacAndrews and Forbes, which will allow MacAndrews & Forbes to purchase an additional 23 million shares of Sunbeam common stock for $ 7 per share at any time during the next five years ("the Warrant"). MacAndrews & Forbes at this time owned approximately 13% of Sunbeam's outstanding common stock. As of March 30, 1998, the Company had outstanding 100,811,194 shares of common stock. P 7. When exercised the Warrant will cause MacAndrews & Forbes to become the largest stockholder of Sunbeam, controlling about 28% of the common stock. P 9. The Warrant was issued in exchange for the settlement of claims MacAndrews & Forbes may have had against Sunbeam and some of its directors relating to the purchase by Sunbeam of MacAndrews & Forbes' 82% interest in Coleman Corporation in March 1998. It is alleged that additional consideration may have been provided by virtue of allowing certain executives of MacAndrews & Forbes to take on management responsibility at Sunbeam.

The issuance of [*5] such a Warrant would generally require Sunbeam to obtain stockholder approval, as per New York Stock Exchange rules. The Company's Audit Committee issued the Warrant without a vote, however, by invoking the exception that stockholder approval is not required if "delay in securing stockholder approval would seriously jeopardize the financial viability of the enterprise." Plaintiffs argue that delay would not have jeopardized the viability of Sunbeam; rather, that invoking this rationale in order to bypass shareholder approval was mere pretext to avoid detection that the rationale for the decision was Defendants' fear that the MacAndrews & Forbes claim could implicate them in a securities fraud on the underlying Coleman deal and expose them to personal liability.

### B. The Delaware Litigation

Numerous actions relating to the same subject matter were filed in the Delaware Court of Chancery, including *Goldstein v. Langerman et al.,* Civ. A. No. 16587 (Del. Ch.), filed August 13, 1998; *Ulfsson v. Langerman et al.,* Civ. A. No. 16609 (Del. Ch.), filed August 26, 1998; *Harbor Finance Partners, Ltd. v. Gittis,* Civ. A. No. 16611 (Del. Ch.), filed on August 26, 1998; *McCall* [*6] *v. Langerman et al.,* Civ. A. No. 16679 (Del. Ch.), filed on October 1, 1998; and *Coletta v. MacAndrews & Forbes Group, Inc., et al.,* Civ. A. No. 16751 (Del. Ch.), filed on October 28, 1998. (Aff. of Irwin Warren, Ex. A - E (DE # 25)). As discussed at oral argument, these actions, which have been consolidated before the Court of Chancery, allege breach of fiduciary duty in the issuance of the Warrant by the Defendants named therein. Plaintiffs request, on behalf of the Corporation, injunction on the exercise of the Warrant, rescission of the Warrant, and damages. We find as a predicate matter that the federal and the state proceedings are parallel proceedings. [3]

> 3   Most notably, both suits are brought by individual shareholders derivatively on behalf of the Corporation. All of the Defendants in the action before this Court are named in at least one of the Delaware actions. It is undisputed that all of the actions relate to the Warrant deal and that the nature and basis of the claims and relief requested in the state action and the federal action are identical.

[*7] ### C. Motions before the Court

Three separate Motions to Dismiss or to Stay have been filed by the various Defendants in this action; they are substantively indistinguishable and will be evaluated together. In these Motions, Defendants argue that the federal court derivative action should be dismissed or stayed based on the pendency of similar pending actions filed in Delaware state court, pursuant to the United States Supreme Court opinions in *Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)*, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)*, and relevant Eleventh Circuit cases interpreting these cases. Plaintiff argues that the narrow and exceptional circumstances justifying dismissal or stay under *Colorado River* are not present in the instant case, thus the Motions should be denied and this case should proceed to trial before the district court.

## II Analysis of Legal Basis for Motion to Dismiss or Stay

A motion to stay (or dismiss) a federal court action is directed to the sound discretion of the [*8] trial court. *American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1525 (11th Cir. 1984)*. The trial court must evaluate the motion in light of the court's strong obligation to proceed with the federal claim presented absent exceptional circumstances. *Id.* The United States Supreme Court has discussed "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" that is consistent with the general rule that pendency of a state court action is not a bar to a federal court action relating to the same subject matter. *Colorado River, 424 U.S. at 817.* [4] The Court held, however, that in certain circumstances involving the contemporaneous exercise of concurrent jurisdiction, a dismissal may be warranted based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (internal citations omitted). As reiterated in *Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 717, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996)*, because the federal court's duty to exercise jurisdiction is *not* [*9] *absolute*, federal courts have the power to refrain from hearing specific cases, including, inter alia, certain cases "which are duplicative of a pending state proceeding." [5]

  4   It is important to note that the *Colorado River* case involved the interpretation of the McCarran Amendment, which established a specific procedure for the adjudication of water rights claims in state court proceedings, including those involving the Government as a party.

  5   In *Quackenbush*, the Court drew a distinction between dismissing those actions that are equitable in nature and those actions for damages. For the sake of clarity in issuing this Order, we note that we consider this action to be appropriately characterized as essentially equitable in nature, and the related damages claims are all before the state court.

Under *Colorado River* and [*10] *Moses Cone*, [6] in assessing the appropriateness of dismissal, the Court may consider (1) the assumption of jurisdiction over a res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained and exercised by the concurrent forums; (5) whether federal issues were involved and whether federal or state law provided the rule of decision on the merits; and (6) the adequacy of each forum to protect the rights of the federal court plaintiff. *See, e.g., Noonan South, Inc. v. County of Volusia, 841 F.2d 380, 381 (11th Cir. 1988); Vacation Break U.S.A., Inc. v. Marketing Response Group & Laser Co., Inc., 28 F. Supp. 2d 651, 653 (M.D. Fla. 1998); Sabato v. Florida Dep't of Ins., 768 F. Supp. 1562, 1567 (S.D. Fla. 1991).* The federal court should carefully weigh these factors against the "heavy" obligation to exercise jurisdiction where it exists. In *Moses Cone*, the Court emphasized that the factors are not a mechanical checklist to be employed by the district court. *406 U.S. at 16.* No one factor is determinative, and the federal [*11] court must find that the justification for not exercising jurisdiction is clearly established. *Colorado River, 424 U.S. at 821. See Transouth Financial Corp. v. Bell, 149 F.3d 1292 (11th Cir. 1998).*

  6   This case resulted in reversing a stay of a federal court proceeding. The Court noted that (1) the first two factors mentioned in Colorado River, assumption of jurisdiction over any res and inconvenience of the federal forum, were not present; and (2) the second two factors, avoidance of piecemeal litigation and the order in which the concurrent tribunals obtained and exercised jurisdiction, counseled against a stay. *460 U.S. at 19.*

### III. Application to the Instant Federal Action

While we acknowledge the heavy bias in favor of exercising jurisdiction, we conclude after careful consideration that this case presents a showing of the requisite exceptional circumstances that justify a stay under *Colorado River*, *Moses Cone*, and Eleventh Circuit precedent. [*12]

The first factor, assumption of jurisdiction over property, is not applicable here, thus does not support abstention. Defendants argue that the second factor, relative inconvenience of the fora, weighs in favor of abstention. Although the federal forum in Southern District of Florida may be marginally less convenient, the inconvenience is not so substantial that this factor points toward abstention. *See American Bankers Ins. Co. of Florida v. First State Ins. Co.*, *891 F.2d 882, 885 (11th Cir. 1990)*.

*Order in which jurisdiction was obtained.* In considering the factor of the order in which the forums obtained jurisdiction, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses Cone, 406 U.S. at 21*. Even where the federal action may be filed first, the district court must evaluate this factor "'with a view to the realities of the case at hand' [that] entails an examination of the very nature of the parallel disputes and a grasp of their true relationship to one another." *Delta Development and Const. Co. v. Savings One Ass'n, 637 F. Supp. 629, 632 (S.D. Fla. 1986)* [*13] (dismissing federal action under *Colorado River* where federal action was first filed; stating priority factor is "not satisfied by simply winning the race to the court house door"). It is clear that the earliest of the state actions were filed in August, 1998, while the federal action was filed several months later. As explained by the parties at oral argument, [7] the state court action has substantially progressed. The Court of Chancery, recognizing that the same interest is put forth by all of the various plaintiffs who are all acting on behalf of the corporation, has taken steps to try these cases together. The Delaware Court has consolidated the derivative actions, formulated a lead plaintiff and lead counsel structure, and ordered one Amended Consolidated Complaint to be filed for all of these actions before the end of April. The parties have begun discovery and initiated preliminary requests for information. In the federal court action, no action has been taken beyond the filing of the Motions to Dismiss or Stay (and the responses to the Motions). Although not alone sufficient, the fact that the state case was filed first and has progressed substantially, weighs in favor [*14] of abstention.

> 7 The parties do not dispute the steps the Court of Chancery has taken in regard to the state actions; they disagree, however, on how the progress of those actions should be characterized. Based on the information provided to the Court, we agree with the Defendants' argument that the Delaware actions are proceeding expeditiously and the Court of Chancery has made significant progress in managing and moving forward the litigation.

*Desire to avoid piecemeal litigation:* The shareholders claims against the Corporate Defendants and the individual Directors are the same in both actions. Piecemeal litigation results when the federal and state courts are adjudicating the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results. *See Romine v. Compuserve Corporation, 160 F.3d 337, 341 (6th Cir. 1998)* (affirming stay of federal securities fraud actions based on pending parallel state court proceeding). In this case, the exact same issues are [*15] presented in each action; the danger of inconsistent decisions on the same matters is high where both courts would be resolving similar factual and legal issues including whether proper demand was made under Delaware law, whether the issuance constituted a breach of fiduciary duty and what relief is appropriate. Furthermore, a class action complaint has also been filed in the Court of Chancery, in addition to the several derivative complaints that have consolidated. The federal action is solely a derivative action, not presented with the state class action complaint. The class action allegations, if they survive, stem from the issuance of the Warrant, and seemingly present very similar, if not identical, questions of fact and issues of law and remedy.

Moreover, although we do not rely on these grounds, it is important to emphasize that the instant case is a derivative action, and as stated above, that the state and federal cases are parallel litigation. In a shareholder's derivative suit, the substantive claim belongs to the corporation. *See Ross v. Bernhard, 396 U.S. 531, 538-39, 90 S. Ct. 733, 738, 24 L. Ed. 2d 729 (1970)*. Although different shareholders brought [*16] the two actions, the

actual plaintiff upon whose behalf the claims were brought is the identical corporation. Both claims allege that harm to the Sunbeam corporation resulted from the Warrant deal. In essence, then there are two identical claims on the same operative facts asserting the same legal claims, one (now that all of the suits have been consolidated) filed by a shareholder plaintiff in state court and one filed by this shareholder plaintiff in federal court. Plaintiffs do not assert individual rights or request individual recovery, nor do they do not assert any federal claims.

In the derivative context, the expense to the corporation must be considered because the real party in interest is the corporation. Indeed, the corporation pays the fees to defend the action, to indemnify the individual defendants, and often, also the fees for the plaintiff shareholders who brought the action. The multiplicity of litigating actions that are undisputedly exactly the same multiplies the expense to the corporation, in time, money, and resources. In this case, Defendant does not avoid any claims by preceding first in the state action.

In addition, related to this consideration is an [*17] argument discussed but did not relied upon by the Court in *Moses Cone*. The Court credited with "considerable merit" the rationale affirmed by a Court of Appeals that the reactive nature of federal or state litigation at issue may influence a district court's decision whether to defer to parallel state litigation. *Id. at 17, n. 20*. At stated by Plaintiffs counsel, one of the two primary reasons for filing this action in federal court was counsel's belief that the state court action was proceeding too slowly. [8]

> 8 Rather, Plaintiffs argue that the reason for a federal forum, and a federal forum specifically in the Southern District of Florida, is two-fold: (1) the case will proceed more quickly in this Court than it will in the Court of Chancery; and (2) the case should be heard before the same court that is hearing the "related" federal securities litigation brought against Sunbeam (based on allegations of material misrepresentations in financial statements and reports). The substantial progress already made in the Court of Chancery belies the merits of the former argument, while the latter argument that this "related litigation" that should be addressed in a "coordinated" manner is not persuasive to this Court. Regardless, as it is not disputed in this Motion that Plaintiff has properly invoked diversity jurisdiction, the task at hand is not to elicit justifications for the Court to hear this case; instead, it is to demonstrate the basis for our ultimate determination that the facts of this case present compelling justification for abstention.

[*18] *Whether federal law provides the rule of the decision:* The court must consider the presence of federal law issues as a consideration weighing against surrender. *See Moses Cone, 460 U.S. at 26*. On the face of this Complaint, there are no federal issues, and federal law in no way provides the rule of decision on the merits. Plaintiffs correctly point out, however, that the mere absence of federal issues in a diversity action does not counsel for abstention; this point is consistent with the fact that the Court may properly abstain only where there are the "clearest of justifications." This factor then, does not virtually mandate the exercise of jurisdiction, as where federal law governs the claim; rather the state-law basis is only a factor in the abstention.

*Whether the state court will adequately protect the rights of the parties:* As stated above the federal and state court cases are parallel proceedings. [9] As explained by the Eleventh Circuit, it is not appropriate to grant a stay where the parallel action will not decide the issues presented in the federal case, even where those claims are state law claims. *American Mfrs. Mut. Ins. Co. , 743 F.2d at 1525* [*19] (reversing stay where state court action would not decide certain state law claims presented by plaintiff in federal court diversity action; such claims were merely permissive and could not be compelled in state court action). The claims in the federal action are substantively identical, despite slight differences in the text of the various complaints, to the claims alleged in the state action. This Court is not confronted with the common occurrence of a party asserting additional rights under federal law, or additional state law claims pled in the federal action. The federal action is for breach of fiduciary duty and alleged corporate waste against individual Directors and against MacAndrews and Forbes stemming from the Warrant deal. It is not disputed that Delaware law applies. Plaintiffs do not argue that the federal action allows any additional evidence to be adduced, the facts to be proven, or claims to be asserted. We are certain that the Delaware Court of Chancery is entirely capable of protecting the legal rights of the shareholders (and the Defendants) in this action. *Cf. Benninghoff v. Tolsone, 1994 U.S. Dist. LEXIS 13428, 1994 WL 519745 (E.D. Pa. 1994)* (where parallel state

proceedings [*20] existed, dismissing federal derivative and class action claims under *Colorado River*).

> 9 No additional claims are brought in the federal action, and no additional Defendants are named in the federal action. Plaintiffs in the federal action are shareholders bringing the suit on behalf of the corporation, as are the plaintiffs in the state action.

## IV. Conclusion

After careful consideration of both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise, *see Colorado River, 424 U.S. at 819*, taking into account the progress of the two cases, the substantial similarity of the two suits, the desire to avoid piecemeal adjudication and duplicative litigation, and the interest of judicial economy and wise judicial administration, we find that it is appropriate to dismiss the federal action in favor of the parallel state litigation.

Defendants argue that dismissal is the appropriate course of action in this case. When abstaining under [*21] *Colorado River* and its progeny, a district court should generally stay rather than dismiss the federal action pending the outcome of the parallel proceeding. *Sabato v. Florida Dep't of Ins., 768 F. Supp. 1562, 1567 (S.D. Fla. 1991)* (finding circumstances warranted *Colorado River* abstention, but dismissing action under *Burford and Younger*). *Cf. East Naples Water Systems, Inc. v. Board of County Comm'rs of Collier County, 627 F. Supp. 1065, 1074 (S.D. Fla. 1986)*. Where federal constitutional or statutory claims are pled, the district court generally should retain jurisdiction. *See Zwickler v. Koota, 389 U.S. 241, 245, n.4, 88 S. Ct. 391, 393, 19 L. Ed. 2d 444 (1967)*. In limited circumstances, courts have found that dismissal of the federal action is appropriate in abstention situations. *See Romero v. Coldwell, 455 F.2d 1163 (5th Cir. 1972)* (dismissing federal action without prejudice where constitutional issue was present; holding without prejudice dismissal was adequate method of retaining jurisdiction); *Hill v. City of El Paso, Texas, 437 F.2d 352 (5th Cir. 1971)* (dismissing without [*22] prejudice on abstention grounds despite presence of federal claims); *Shumway v. DeAngelis, 1990 U.S. Dist. LEXIS 13025, 1990 WL 141468 (S.D. Fla. 1990)* (dismissing federal action without prejudice based on pending state court proceeding).

First, it is important to note that it is undisputed that there are no federal claims represented in this action. Thus, there are no claims pled that present a federal question or implicate a specific federal right. Second, as reiterated by the parties at oral argument, it is not disputed that the parties (albeit not in name), the issues, and the claims in the federal action and in the state action are identical. In sum, they amount to the same essential cause of action. Upon consideration, recognizing that any final determination on this point is not possible at this time, it appears that the determination of the Delaware state court would have res judicata effect on the claims presented in the federal action. *See Israel Discount Bank Ltd. v. Entin, 951 F.2d 311, 314 (11th Cir. 1992)* (stating four components of analysis in determining if subsequent action is barred on basis of res judicata).

The doctrine of its judicata establishes that when a court of [*23] competent jurisdiction enters a final judgment on the merits in an action, the parties and their privies are barred from relitigating in a subsequent action matters that were actually raised or might have been raised in the prior action. *See Lawlor v. National Screen Service, 349 U.S. 322, 75 S. Ct. 865, 99 L. Ed. 1122 (1955)*. For a judgment to be given its judicata effect, the parties and the issues in the prior and the subsequent suits must be identical. *See Israel Discount Bank Ltd., 951 F.2d at 314-16*; *see also Cramer v. General Tel., & Electronics Corp., 582 F.2d 259, 267 (3d Cir. 1978)* (holding res judicata effect of prior federal derivative suit applicable to later-filed federal derivative suit and affirming dismissal of later-filed suit). In shareholder derivative actions arising under *Fed.R.Civ.P. 23.1*, parties and their privies include the corporation and all nonparty, shareholders. *See Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir. 1981)* (citations omitted) (in federal derivative action, holding nonparty shareholders are bound by judgments if their interests were adequately represented, although plaintiff [*24] in subsequent federal action was not a party to the prior federal derivative action). Res judicata will be applied if it does not offend public policy or result in manifest injustice. *See Hansberry v. Lee, 311 U.S. 32, 61 S. Ct. 115, 85 L. Ed. 22 (1940)*. On the circumstances presented in the instant case, it appears that its judicata would apply to the identical claims, therefore, to the entirety, of the federal action.

While we recognize that dismissal of an action is not a common course of action, we find that exceptional circumstances in this case strongly justify abstention, and

recognize that the state action addresses all claims by all parties in this action. Unlike the usual case in which the district court retains jurisdiction, this case presents no federal claims or issues which merit a stay of the action pending the outcome of the state litigation. Moreover, a dismissal without prejudice of this action is entirely consistent with the rationale of *Colorado River*. On the facts presented, we find that dismissal of this action without prejudice is the most appropriate course of action.

Accordingly, it is hereby ORDERED AND ADJUDGED that the Defendants [*25] Motions to Dismiss or in the Alternative to Stay (DE # 14, 23, 28) are GRANTED in part as to the Motion to Dismiss and DENIED in part as to the Motion to Stay. This action is dismissed without prejudice.

All pending Motions are DENIED AS MOOT consistent with the foregoing ruling.

DONE AND ORDERED in chambers, at Miami, Florida, this 12th day of April, 1999.

DONALD M. MIDDLEBROOKS

UNITED STATES DISTRICT JUDGE