UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| OPTIONSXPRESS, INC., <br><br> Petitioner, <br><br> v. <br><br> LINDA HALE, <br><br> Respondent. | Docket No. 08 CV 179 <br><br> Virginia M. Kendall, Judge |

**PETITIONER'S STATUS REPORT**

OptionsXpress, Inc., pursuant to the Court's Order dated January 10, 2008 and having in good faith attempted to join with Respondent in submitting a Joint Status Report without success, hereby submits its Status Report, as follows:

**1.    The attorneys of record for each party including the attorneys expected to try the case.**

Attorneys of record for petitioner optionsXpress, Inc.:

Hillary A. Victor
optionsXpress, Inc.
311 West Monroe Street, Suite 1000
Chicago, Illinois 60606
312-267-6627
hvictor@optionsxpress.com

Jeffry M. Henderson (jhenderson@henderson-lyman.com)
Robert B. Christie (rchristie@henderson-lyman.com)
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6957

Attorneys Victor, Henderson, and Christie expected to try the case.

Attorney of record for respondent Linda Hale:

> Neil B. Solomon
> Neil B. Solomon, P.A.
> 4174 St. Lukes Lane
> Jupiter, Florida 33458
> 561-762-4991
> neilbsolomonesq@gmail.com

Attorney Solomon is expected to try the case.

**2. The basis for federal jurisdiction.**

Jurisdiction is founded on diversity of citizenship and amount. Petitioner optionsXpress is a Delaware corporation with its principal place of business in Chicago, Illinois. Respondent Linda Hale is an individual who is a citizen of the State of Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

**3. The nature of the claims asserted in the complaint and any expected counterclaim.**

The complaint is an Application to Vacate Arbitration Award, pursuant to Section 12 of the Illinois Uniform Arbitration Act, 710 ILCS 5/12. No counterclaim is anticipated because under the Uniform Arbitration Act, a denial of an application to vacate an arbitration award assumes a confirmation of the award. *See* 710 ILCS 5/12(d).

**4. The name of any party not yet served and the circumstances regarding non-service.**

All parties have been served and have appeared in this matter.

Case 1:08-cv-00799 Document 28-9 Filed 02/15/2008 Page 2 of 5

**5.      The principal legal issues.**

a.      Whether optionsXpress Hale stipulated that her claim was limited to the "know your customer" obligation, and if so, whether the Arbitration Panel made a gross error of judgment in law in finding optionsXpress liable for failure to supervise, determine suitability, negligence, and breach of contract.

b.      Whether optionsXpress had a duty to supervise or to determine the suitability of investments made in Hale's self-directed Accounts, and if not, whether the Arbitration Panel made a gross error of judgment in law in finding optionsXpress liable for failure to supervise and determine suitability.

c.      Whether optionsXpress had duty to supervise or monitor the investments placed in Hale's self-directed Accounts or to determine the suitability of those investments, and if not, whether the Panel made a gross error of judgment in law in finding optionsXpress liable for negligence.

d.      Whether a cause of action for a breach of an exchange or self-regulatory organization's rule exists, and if not, whether the Panel made a gross error of judgment in law in finding optionsXpress liable for breach of contract.

e.      Whether the compensatory damage award of $175,000 was a patently gross mistake of fact based on the premises that Hale lost virtually no money in her Accounts.

f.      Whether optionsXpress can be liable to Hale for trades placed by an investment advisor retained by Hale.

g.      Whether the Illinois Arbitration Act applies, and if it does, whether the filing of an application to vacate within the 90 day deadline imposed by the Act is sufficient to meet the Act's temporal limitations requirement.

  h.  Whether a gross error of law or fact is sufficient basis to vacate an arbitration award under either the Illinois Arbitration Act or the Federal Arbitration Act.

**6.**  **The principal factual issues.**

  a.  Whether Linda Hale, through her attorney, stipulated that the only matter at issue in the arbitration was the "know your customer" rule for options trading, which concerned the due diligence required of a broker in opening an option account for a customer.

  b.  Whether Hales' account was self-directed.

**7.**  **Whether a jury trial is expected by either party.**

  No jury trial is expected.

**8.**  **A short description of any discovery undertaken to date and any anticipated in the future.**

  No discovery on the issues pending in this action have been initiated, and optionsXpress may take the deposition of respondent Linda Hale's attorney, Neil Solomon. Linda Hale may require the transcripts to the arbitration hearing.

**9.**  **The earliest date the parties will be ready for trial and the length of the trial.**

  The parties anticipate that this matter will be decided through a summary deposition of the issues in 120 days.

**10.**  **Whether the parties unanimously consent to proceed before the Magistrate Judge.**

  The parties have not agreed to proceed before a Magistrate Judge.

11. **The status of any settlement discussions and whether the parties request a settlement conference.**

       The parties have not agreed to enter into settlement discussions and, thus, no settlement conference is reques

       Respectively submitted,

       OPTIONSXPRESS, INC.

By:   /s/  Robert B. Christie
      One of Its Attorneys
      Henderson & Lyman
      175 West Jackson, Suite 240
      Chicago, Illinois 60604

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, I electronically filed the foregoing Status Report with the Clerk of the Court using the CM/ECF system, and pursuant to Local Rule LR5.9, served all counsel of record through the Court's transmission facilities.

       /s/  Robert B. Christie
      Robert B. Christie