UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONSXPRESS, INC., <br><br>　　　　　Petitioner, <br><br>　　v. <br><br>LINDA HALE, <br><br>　　　　　Respondent. | Docket No. 08 CV 179 <br><br> Virginia M. Kendall, Judge |

**PETITIONER'S MOTION FOR
LEAVE TO FILE AN AMENDED APPLICATION**

Petitioner optionsXpress, Inc. ("optionsXpress"), pursuant to Rule 15 of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 15, requests that this Court enter an order granting optionsXpress leave to file its Seconded Amended Application, a copy of which is attached hereto as Exhibit A[1], and in support of same states as follows:

**Procedural History**

This matter is a diversity action, having been removed by the Respondent on January 8, 2008, from the jurisdiction of the Circuit Court of Cook County, Illinois. Incorporated in Respondent's Notice of Removal was a Motion to Transfer, which requested the Court to transfer this action to a parallel federal proceeding in the Southern District of Florida. Because Respondent's Motion to Transfer was never

---

[1] To simplify the Court's review of the proposed Seconded Amended Application, the major modifications to the Application have been highlighted. (*See* Exhibit A at ¶¶ 1-2, 32-45, and 49-57)

noticed up for presentment to the Court, the Motion languished on the Court's docket until February 20, 2008. On February 20, 2008, this Court granted Respondent's Motion to Transfer, which effectively terminated this action.

Following optionsXpress' Motion for Reconsideration of the February 20 Order, the Court allowed optionsXpress to file a Response to Respondent's Motion to Transfer, and the Court took the Motion to Transfer under advisement. On March 26, 2008, and before this Court ruled on Respondent's Motion to Transfer, the court in the parallel proceeding in the Southern District of Florida ordered that action to be transferred to the Northern District of Illinois. Accordingly, on April 18, 2008, this Court reinstated this action, and a status hearing was set for April 24, 2008.

At the April 24 status hearing, the undersigned represented to the Court that optionsXpress would be seeking leave of court to file an amended application (the "Motion"). Accordingly, the Court set a briefing schedule on that motion, and a new status hearing was scheduled for July 31, 2008. Setting aside the period during which this matter was terminated, this action has been before this Court for less than two months, and there are no dispositive motions pending before the Court, nor have any dispositive motions been ruled upon by this Court.[2]

## Rule 15 Motion Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to file an amended complaint "shall be freely given when justice so requires." As explained by

---

[2] Respondent's Application to Confirm Arbitration Award is considered a counterclaim in this context, and not a dispositive motion.

the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962), "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given." The opposing party has "the burden of showing that the amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Smith v. Chrysler Corp.,* 938 F.Supp. 1406, 1412 (N.D.Ill. 1996).

### The Proposed Amendment

Petitioner optionsXpress seeks to amend its Amended Application to Vacate (the "Application") to clarify the record, to address defenses alleged by respondent Hale, and to adequately and properly reflect one of the bases for relief based on allegations currently before the Court. No new facts will be introduced nor are any facts required to support the amendment. The modifications to the Application that is currently pending before the Court can be divided into four specific areas:

1) a jurisdictional section has been added, now that the Application is pending in a federal court (Exhibit A at ¶¶ 1-2);

2) the application of the Illinois Arbitration Act has been supplemented, following the Seventh Circuit's recent decision in *Edstrom Indus. Inc. v. Companion Life Ins. Co.,* 516 F.3d 546 (7th Cir. 2008)(applying the Wisconsin Arbitration Act, though not apparent on the face of the award, in

reversing the district court and vacating the arbitration award based on the arbitrator's failure to follow Wisconsin law) (Exhibit A at ¶¶ 31-38);

3) the standard to be applied in the application of the Illinois Arbitration Act has been supplemented, as applied to the instant case (Exhibit A at ¶¶ 39-44); and

4) a pending basis for relief was modified to correctly characterize the fact that the arbitrators had exceeded their authority by ruling on matters not before them, instead of characterizing the basis as a manifest disregard of the law.

The first three areas have been added or supplemented to enhance the form of the Application, and to explain the use and application of the Illinois Arbitration Act in the instant case. The last area referenced concerns the re-characterization of a claim presently before the Court that the arbitrators failed to acknowledge a stipulation by the Respondent, made through her attorney, that she had waived all claims against optionsXpress, except for her claim that optionsXpress allegedly violated Chicago Board Options Exchange ("CBOE") Rule 9.7 and the National Association of Securities Dealers (NASD) Rule 2860(b)(16), both of which are commonly referred to as the "know your customer" rule, as explained more fully below.

In the Application currently pending before the Court, optionsXpress alleged that the arbitrators had "ignored Hale's stipulation, blatantly ignored the well settled law, and as a result made gross errors in law or fact which is apparent on the face of the Award." (*See* Exhibit A at ¶¶ 56) That allegation remains in the proposed amendment

to the Application. However, optionsXpress seeks to amend the Application so that the record also reflects that this conduct, in ruling on issues that were no longer before them, caused the arbitrators to exceed their powers – one of the statutory grounds for vacating the Award. Petitioner optionsXpress has determined that the current record should be clarified to reflect this basis for relief and to avoid confusion and ambiguity in the eyes of the Respondent or of the Court. Although the Court would likely arrive at the same conclusion, whether the allegation was framed as a gross error in law or framed as the arbitrators' exceeding their power, a clear record on that issue should eliminate any ambiguity.

Although the Respondent bears the burden of showing that the proposed amendment was submitted to the Court in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay, or injustice, no such showing can be made in the instant case. Providing the Court with a clear record is certainly not an act of bad faith, the first of the five factors for the Court to consider, and optionsXpress is not attempting to avoid the preclusive effect of an unfavorable ruling on a pending motion. In fact, no such motion is pending before the Court. Nor is this a case where a party has had multiple chances to amend a complaint following repeated dismissals based on defects in its pleadings.

Respondent would not suffer any prejudice should the court grant Petitioner's Motion. Furthermore, "[o]nly where the prejudice outweighs the moving party's right to have the case decided on the merits should amendment be prohibited." *Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976). The Second Circuit's

decision in *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2nd Cir. 1993), provides some useful guidelines in determining the degree, if any, of prejudice to the non-moving party. As explained by the court in *Block*, "[i]n determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." In the instant case, there is no new relief requested, but rather a re-characterization of the basis for an existing claim for relief. Respondent would need to expend minimal additional resources to address that basis, and may very well have the opposite effect in light of the elimination of any ambiguity or confusion. Accordingly, granting optionsXpress' Motion does not delay these proceedings. Finally, granting optionsXpress' Motion does not prevent a timely action from being filed in another jurisdiction – an element not applicable in the instant case. Therefore, Respondent Hale is not prejudiced should the Court grant optionsXpress' Motion. Indeed, both the Court and Respondent will benefit from a clearer record.

Granting leave to optionsXpress to amend its Application would not cause any undue delay in this action. In fact, it is highly likely that no delay whatsoever would occur. As an initial matter, optionsXpress raised its proposal to amend its Application at the first opportunity following the Court's reinstatement of this action, and could not make such a request prior to the Court's reinstatement of the case on April 18, 2008. In addition, there will be ample time for Respondent to file her Response and for

optionsXpress to file a Reply in support of its newly amended Application before the Court's next status hearing scheduled for July 31, 2008. It follows that no injustice would result from the filing of an amended Application, given that no delay in this matter or prejudice to the Respondent would result from such a filing.

WHEREFORE, optionsXpress, Inc., respectfully requests the entry of an order granting optionsXpress leave to file its Second Amended Application to Vacate, a copy of which is attached hereto as Exhibit A, and for such further or alternative relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

OPTIONSXPRESS, INC.

By: __/s/ Robert B. Christie__
One of Its Attorneys

Jeffry M. Henderson
Robert B. Christie
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6960
jhenderson@henderson-lyman.com
rchristie@henderson-lyman.com

Hillary Victor, Corporate Counsel
optionsXpress Holdings, Inc.
311 West Monroe Street, Suite 1000
Chicago, Illinois 60606
312-267-6627
hvictor@optionsxpress.com

# CERTIFICATE OF SERVICE

To:   Neil B. Solomon, Esq.
      4174 St. Lukes Lake
      Jupiter, Florida 33458

I hereby certify that on May 1, 2008, I electronically filed <u>Petitioner's Motion for Leave to File an Amended Application</u> with the Clerk of the Court using the CM/ECF system, and pursuant to Local Rule LR5.9, served the above reference counsel of record through the Court's transmission facilities.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/   Robert B. Christie
　　　　　　　　　　　　　　　　　　　　　　　　Robert B. Christie

Robert B. Christie
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6957