**UNITED STATES DISTRICT COURT**
**Northern District of Illinois – Eastern Division**
**Case Number: 1:08-cv-00179**
**Honorable Virginia M. Kendall**

OPTIONSXPRESS, INC.,

      Petitioner,

v.

LINDA HALE,

      Respondent.

_____ /

## RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO AMEND

Respondent, LINDA HALE ("Ms. Hale"), responds to Petitioner's Motion for Leave to Amend Petitioner's Amended Application to Vacate Arbitration Award (the "Motion to Amend"). For the reasons set forth below, the Court should deny Petitioner's Motion to Amend.

### INTRODUCTION

> "Seeking to amend one's complaint when it appears that the current one is a sure loser is not unusual; nor is the denial of leave to file that amended complaint."

*Hindo v. University of Health Sciences*, 65 F.3d 608, 615 (7th Cir. 1995).

Petitioner's Amended Application to Vacate Arbitration Award (the "AAV") is a "sure loser" for two independent reasons: 1) the AAV was served more than four (4) months after Petitioner received the $175,000 arbitration award in Ms. Hale's favor (the "Award") -- in violation of the "strictly enforced" three (3) month statute of limitations for service, and 2) the *sole* basis alleged in the AAV is that the arbitrator made errors, which -- as any reasonably competent attorney should know and Petitioner's *own case* holds -- has been rejected as a basis to vacate an arbitration award by every court to address this issue, including the United States Supreme Court.

Because they were not well-grounded in existing law, Petitioner's counsel should have known that both the initial application to vacate and the AAV were sure losers and advised its client not to file them. Petitioner now -- almost six (6) months after the "strictly enforced" three (3) month statute of limitations for service -- seeks to add a second and "brand-new" basis to vacate the Award.[1]  Petitioner counsel seeks to add a second basis to vacate despite his representation to the Court that he would not do so:

> I represented to the Court that allegations concerning gross errors of law and gross mistakes of fact were a *subset* of the statutory element – that the arbitrators exceeded their power.

*See* Exhibit A (emphasis added).

Despite this representation to the Court, Petitioner admits in its Proposed Second Amended Application to Vacate Arbitration Award (the "2[nd] AAV") that it is attempting to add a newly-minted basis to vacate the Award: "optionsXpress presents the Court with **two** basic grounds for vacating the Award." *See* 2nd AAV at ¶ 48 (emphasis added).  It cannot be legitimately disputed that the AAV alleges only **one** ground to vacate the Award – i.e., that the arbitrators erred. As such, neither of these two bases can be a "subset" of the other.[2]

In any event, while seeking to amend a "sure loser" complaint -- and the denial thereof -- may not be unusual, seeking to amend an application to vacate an arbitration award after the "strictly enforced" three-month statute of limitations to serve an application to vacate is

---

[1] As discussed below, Petitioner's brand-new basis is also a sure loser because it depends on a blatant misstatement by Petitioner's counsel that Ms. Hale "affirmatively waived" all of her causes of action. As shown below, Ms. Hale *affirmatively reaffirmed* one of her causes of action and does not even mention the remaining causes of action in the excerpts cited by Petitioner's counsel to support its blatant misstatement.

[2] Given the fact that Petitioner's counsel knows that its original basis was a *non-statutory* (and non-existent) basis and its brand-new basis is a *statutory* basis (*see* Exhibit A and2[nd] AAV at ¶ 48), it is difficult to imagine that Petitioner's counsel did not know that he was misstating the law to the Court at the time he made his representation that one was a "subset" of the other.  Moreover, given that Petitioner's brand-new basis to vacate is a statutory basis, Petitioner counsel could not have "inadvertently" overlooked it as he represented to the Court at the Status Conference.

exceedingly rare. Indeed, it appears that only one court in the Northern District of Illinois has ever addressed this issue. Not surprisingly, that court denied the arbitration loser's motion for leave to amend its application to vacate the arbitration award.

## I.    PETITIONER DOES NOT CITE ANY CASELAW GRANTING A MOTION FOR LEAVE TO AMEND AN APPLICATION TO VACATE AN ARBITRATION AWARD AFTER THE THREE-MONTH STATUTE OF LIMITATIONS FOR SERVICE HAD EXPIRED.

Pursuant to plain language of Section 12 of the Federal Arbitration Act (the "FAA") Petitioner was required to *serve* -- not file -- the AAV within three (3) months after Petitioner received the Award. *See Webster v. Kearney*, 507 F.3d 568, 572 (7th Cir. 2007) ("*service* of a motion to vacate is the act that stops the three-month statute of limitations.") (emphasis in original). It is undisputed that Petitioner never served its initial application to vacate and it is undisputed that the AAV was served more than four (4) months after Petitioner received the Award. As such, the AAV is time-barred and should be denied for that reason alone.

Prior to October 2001, the Northern District of Illinois was "unable to discover" any Northern District of Illinois or Seventh Circuit case law where an arbitration loser asserted "claims seeking to vacate an arbitration award that [were] added after the three-month limitations period had run." *See Tecam Electric v. Local Union 701 of the IBEW*, Case No. 01 C 3333 (N.D. Ill., 10/25/01). Had there been a case since 2001 (in any jurisdiction) where an arbitration loser successfully sought leave to amend an application to vacate after the three-month statute of limitations for service surely Petitioner would have brought it to the Court's attention.

Granting the Motion for Leave now would be in "direct conflict" with "Congress's intent to make arbitration a fast, efficient, and inexpensive substitute to litigation" and "would be contrary to the *strictly enforced* three-month limitations period of the Federal Arbitration Act."

*Id.* (emphasis added) (denying an arbitration loser's motion for leave to amend that was filed after the three-month statute of limitations for service).

The reason that the FAA's three-month statute of limitations for service is "strictly enforced" is to further the goals of arbitration. "The strictures of section 10 [of the FAA] and section 12 [of the FAA] are designed to afford an arbitration award finality in a timely fashion, promoting arbitration as an expedient method of resolving disputes without resort to the courts." *Prudential Securities Inc. v. Hornsby*, 865 F. Supp. 447, 450 (N.D. Ill. 1994).

Because one of the goals of the FAA is to provide finality of an arbitration award in a timely fashion, the "plain language of § 12 [of the FAA] does not provide for any exceptions …." *See Olson v. Wexford Clearing Services Corp.*, 397 F. 3d 488, 490 (7th Cir. 2005). Indeed, the 3-month statute of limitations for service is so "strictly enforced" the in *Webster* court held that an application to vacate was untimely where it was served *only 1 day* late!. Here, Petitioner served the AAV *more than 1 month* after the 3-month statute of limitations for service. Now Petitioner seeks to amend the AAV *almost 6 months* after 3-month statute of limitations for service has expired.

The three-month statute of limitations for service would be rendered meaningless if an arbitration loser were permitted to amend its application to vacate after three months of receipt of an arbitration award. Indeed, to allow amendments after three months would convert the "strictly enforced" *service* requirement into a *filing* requirement and would therefore be in direct conflict with the goals of arbitration; the plain language of Section 12 of the FAA; and the Seventh Circuit's holding in *Webster*. Permitting an arbitration loser to amend a timely-served application to vacate after the statute of limitations for service had run would undermine the goals of arbitration. To allow an arbitration loser to amend an application to vacate that was served *after* the "strictly enforced" three-month statute of limitations (as is the case here) -- and

4

almost nine (9) months after the arbitration loser received the arbitration award -- would not only undermine, it would obliterate the goals of arbitration.

## II.   THE FAA APPLIES TO THIS COURT'S REVIEW AND PETITIONER'S COUNSEL SHOULD HAVE KNOWN THIS AND ACTUALLY DOES.

Desperately seeking to avoid the devastating effect of the FAA's three-month "strictly enforced" deadline to have served the AAV, Petitioner's counsel, as it has previously, simply ignores binding precedent and continues to argue that the Illinois Arbitration Act (the "IAA") applies to this Court's review rather than the FAA. Petitioner's counsel makes this argument despite the fact that even the *brand new* case it cites in its 2nd AAV does not support Petitioner's counsel's baseless position. Indeed, Petitioner's brand new case actually reiterates the uncontroversial proposition that the FAA preempts state arbitration law when there is a conflict between the two – even if there is a choice of law provision in the parties' arbitration agreement.

The FAA applies to this Court's review because the underlying arbitration involved interstate commerce. "It is axiomatic that the purchase and sale of securities relates to interstate commerce." *Prudential Securities Inc. v. Hornsby*, 865 F. Supp. 447 at 449-50 (holding that federal arbitration law governs where an arbitration "arises from a securities brokerage account").[3] If "interstate commerce" is involved, the FAA applies even if an arbitration clause has a choice of law provision that specifies state law as is the case here. Indeed, the Seventh Circuit has stated that *"notwithstanding the parties' choice of law provision in their contract calling for the application of Illinois law*, and irrespective of the fact that this a diversity case, *federal arbitration law governs … a transaction involving interstate commerce." See Northern Illinois Gas Co. v. Airco*, 676 F.2d 270, 274-75 (7th Cir. 1982) (emphasis added).

---

[3] *See also Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989) (applying the FAA to arbitration conducted pursuant to brokerage account).

Other courts agree with the Seventh Circuit. Federal arbitration law "governs judicial review of arbitration proceedings *notwithstanding any choice of law provision or state law to the contrary*". *See Atlantic Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1280 (5th Cir. 1994). "[E]ven in a diversity suit or an action in state court if ... interstate commerce is involved, the rules in the [FAA], based as it is on the commerce powers, are to be applied regardless of state law". WRIGHT AND COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3569 (2d Ed. 1984). Certainly, if the FAA would apply in state court it would apply in this Court.

Petitioner's counsel was provided with citations to -- and quotes from -- the caselaw cited above in December 2007 – more than five (5) months ago.[4] *See* Exhibit B. At that point he should have realized, to the extent that he did not know already (which he was required to do), that the AAV was meritless and therefore should have advised his client to withdraw the AAV and pay the Award.[5] Instead, Petitioner's counsel simply stated that the IAA applies without addressing any of the caselaw that defeats his baseless position. *See* Exhibit C.

Now, Petitioner's counsel belatedly argues that *Edstrom v. Companion*, 516 F.3d 546 (7th Cir. 2008) supports its baseless position that the FAA's "strictly enforced" three month statute of limitations for *service* requirement is trumped by the IAA's ninety day *filing* requirement. As any first year law student knows, state law does not ever preempt Federal law when they are in conflict. As such, without even reading *Edstrom*, Petitioner's argument must be wrong. Even a cursory reading of *Edstrom* confirms this. As any reasonably competent attorney would have realized, the issue decided in of *Edstrom* had nothing to do with whether state or federal

---

[4] Petitioner's counsel was also repeatedly made aware of this caselaw in various pleadings filed in both this Court and the Southern District of Florida.

[5] Petitioner's counsel was also informed in December 2007 that *Garver* -- the only case cited in the AAV to support what it characterizes as "the standard to vacate an arbitration award – held that arbitrator errors are not a basis to vacate the Award and that there were no errors on the "face of the award". *See* Exhibit B at note 2.

*arbitration* law applies to the Court's review of the AAV. Indeed, in *Edstrom,* the court specifically states that the "question in our case is different" than the question regarding "judicial review of arbitral awards". *Id.* at 549-50.

The question in *Edstrom* was "whether the arbitrator can be directed to apply specific substantive" law. *Id.* The court answered in the affirmative and ruled that the arbitrator should have applied Wisconsin *insurance* law pursuant to a choice of law provision. As such, Petitioner's counsel's statement that *Edstrom* was "applying the Wisconsin Arbitration Act" is wrong. *See* Motion to Amend at page 3. Simply put, *Edstrom* addressed only whether the *arbitrator* failed to "apply specific substantive (insurance) law" *at* the arbitration. *Id. Edstrom* does not address whether a *court* should use federal arbitration law in its review *after* the arbitration.[6] *Id.*

Although it was not the "question" decided, the *Edstrom* court did discuss judicial review of an arbitration award, stating that because the underlying arbitration "affects interstate commerce ... the [FAA] is applicable. *Id.* The court further states that the parties can opt out of the FAA, "provided the state arbitration statute does not contain provisions that would *undermine* the [FAA's] aim of facilitating resolution of disputes involving ... interstate commerce by arbitration." *Id.* at 549 (emphasis added). The court held that this "proviso is satisfied here; the [state] and federal statutes do not differ ... ." *Id.*

---

[6] The issue in *Edstrom* was whether the arbitrator failed to apply Wisconsin insurance law despite a choice of law provision designating Wisconsin law. The court held that the arbitrator did not apply Wisconsin insurance law because, if he did, the result of the arbitration would have different. By not applying state law, the court held that the arbitrator exceed his powers.

Here, Petitioner does not argue that had the arbitrators applied Illinois law the result would have been different. In addition, Petitioner does not argue that the arbitrators exceeded their powers by not applying Illinois law. As discussed below, the only "arbitrator exceeded their powers" argument made by Petitioner is that the arbitrators ruled on certain causes of action that were allegedly waived. Petitioner's *only* argument with respect to applicability of Illinois law is that this Court is required to apply the IAA (Illinois arbitration law) rather than the FAA (Federal arbitration law) in reviewing the AAV. As stated above, Petitioner is wrong.

That "proviso" is not satisfied here – and Petitioner's counsel knows it. The FAA and the IAA differ in a very significant way. This significant difference directly bears on one of the bases to deny the AAV – i.e., that the AAV was served after the "strictly enforced" FAA three-month statute of limitations for service. In the words of *Edstrom*, the IAA contains "provisions that would *undermine* the [FAA's] aim of facilitating resolution of disputes involving … interstate commerce by arbitration." As such, the FAA, not the IAA, governs the Court's review.

Because the plain language of Section 12 of the FAA and the Seventh Circuit require that an application to vacate an arbitration award be *served* within three months of receipt of the Award, the date of "filing" is wholly irrelevant. *See Webster v. Kearney*, 507 F.3d 568 at 572. On the other hand, the IAA does not have a statute of limitations for service. As correctly stated by Petitioner, pursuant to section 12 of the IAA, "a party has 90 days from receipt of the Award to **file** (not serve) a petition . . . to vacate the Award. *See* 2nd AAV at ¶ 10 (emphasis added).

Despite his statement which conclusively shows he was aware of the stark difference between Sections 12 of the IAA and the FAA, Petitioner's counsel has the audacity to state to the Court that it "is *unaware* of any provision in the IAA that would undermine the [FAA's] aim of facilitating resolution of disputes involving … interstate commerce by arbitration." *See* 2nd AAV at ¶ 40 (emphasis added).

Clearly, applying Section 12 of the IAA rather than Section 12 of the FAA *would* "undermine the [FAA's] aim of facilitating resolution of disputes" because the goals of arbitration are "to afford an arbitration award finality in a timely fashion, promoting arbitration as an expedient method of resolving disputes without resort to the courts." Put another way, application of Section 12 of the IAA would convert the FAA's *service* requirement into a *filing* requirement which is in direct conflict with the plain language of the FAA; the goals of arbitration; and the Seventh Circuit's clear holding in *Webster*. As such, all courts that have

8

addressed this issue (including *Edstrom*) require this Court to apply the FAA in its review and therefore deny the AAV because it is time-barred by Section 12 of the FAA.

With respect to Ms. Hale second independent basis to deny the AAV, it makes absolutely no difference if the Court applies Illinois law or Federal law in its review. All courts that have addressed whether arbitrator errors are a basis to vacate the Award -- including Petitioner's *own* Illinois Supreme Court case (*Garver)* and the United States Supreme Court -- have unanimously held that errors are not a basis to vacate an arbitration award.[7]

### III. EVEN IF THE MOTION TO AMEND DID NOT RELATE TO AN ARBITRATION AWARD IT SHOULD BE DENIED BASED ON THE FACTORS TO BE CONSIDERED WHEN DECIDING A MOTION FOR LEAVE TO AMEND A COMPAINT IN A TYPICAL LAWSUIT.

Assuming for the sake of argument that the Motion to Amend did not involve an arbitration award -- and therefore did not deserve special treatment due to the "strictly enforced" statute of limitations and the goals of arbitration -- under the usual parameters to determine whether to deny a proposed amendment to a pleading, the Motion to Amend should be denied. "[C]ourt's in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Pousti,* 290 F.3d 843, 848-49 (7th Cir. 2002).[8] While only one of these factors need be present to deny the Motion to Amend, all are present here.

---

[7] The U.S. Supreme Court held that Federal courts cannot consider arbitrator errors even if the parties agree in writing that errors can serve as a basis to vacate an arbitration award. *See Hall Street Assoc., LLC v. Mattel, Inc.*, 06-989 (U.S., 3/2508).

[8] *See also Glatt v. Chicago Park Distinct*, 87 F.3d 190, 194 (7th Cir. 1996) the "court not only may but should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it."; *Thompson v. Boggs*, 33 F.3d 847, 853 (7th Cir. 1994) ("Leave to amend the pleadings may be denied for 'apparent or declared reasons' such as 'undue

### A.    Petitioner Unduly Delayed Filing The Motion To Amend.

Petitioner filed its initial application to vacate in state court on September 13, 2007 –
almost eight (8) months ago.  Petitioner amended its initial application to vacate, when it filed
the AAV in state court on November 27, 2007.  Petitioner was able to amend its initial
application to vacate without leave of the state court because Ms. Hale never had the opportunity
to respond to it because Petitioner never served the initial application to vacate.  Now, more than
five (5) months after amending its application to vacate once, Petitioner seeks to amend *again* its
application to vacate.  Petitioner's counsel offers no legitimate reason why he took so long.

The only reason offered by Petitioner's counsel at the Status Conference was that he
"inadvertently" overlooked the brand-new basis he now seeks to assert.  Given that the brand-
new basis is a statutory basis, it is inconceivable that Petitioner's counsel was being forthright
with the Court.  Petitioner's counsel's statement to the Court is particularly unbelievable given
that Petitioner cites Section 12 of the IAA in the AAV.[9]

In any event, inadvertence is not a legitimate basis to have delayed filing the Motion to
Amend.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (denying a motion for leave to
amend where the plaintiff "sought to amend . . . to alert the district court that it had 'mistakenly
or inadvertently' failed to address everything in the original complaint"); *see also Soltys v.
Costello*, Case No. 06-3175 at p. 9, 10 (7th Cir. 3/25/08) (denying a motion for leave to amend
where the plaintiff "simply seemed to have 'mistakenly or inadvertently' failed to address
everything in the original complaint," and 'failed to act with diligence").

---

delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by
virtue of the allowance of the amendment, futility of the amendment, etc.").

[9] While Petitioner makes passing reference to statutory bases under the IAA in the AAV, it never
identifies what those bases are and never argues that any statutory basis requires the Award to be vacated
under either the IAA or the FAA.  Rather, Petitioner's only statement regarding a statutory basis is that
"[a]t all times relevant, Section 12 of the [IAA] provided a statutory basis for vacating an arbitration
award.".  *See* AAV at ¶ 33.

Despite Petitioner's counsel's representation to the Court that it inadvertently overlooked its brand-new statutory despite, this argument never appears in the Motion to Amend. Petitioner's counsel now seems to be arguing that it could not file its Motion to Amend sooner because the AAV has not been pending in this Court long enough. Petitioner's counsel makes this argument in spite of the fact that the AAV has been pending in this Court since early January 2008 when Ms. Hale timely removed it soon after Petitioner eventually got around to serving it.

Petitioner could have filed its Motion to Amend in state court at any time before the AAV was removed to this Court. Petitioner's counsel offers no reason why he did not include the brand-new basis contained in the 2nd AAV at the time Petitioner amended the initial application to vacate more than five (5) months ago. Petitioner could have also filed the Motion to Amend in this Court as soon as the AAV was removed. That a motion to transfer was pending should not have stopped Petitioner's counsel from filing the Motion to Amend in this Court sooner. To the extent that this Court granted the Motion to Amend -- and Petitioner did not challenge the Court's ruling to transfer the AAV to the Southern District of Florida -- the 2nd AAV would have simply been transferred to the new jurisdiction.

"A denial of [a motion for leave to amend] is particularly warranted in instances in which the plaintiff has failed to provide an explanation as to why the amendment did not take place sooner ... ." *Hindo v. University of Health Sciences*, 65 F.3d 608 at 615. Petitioner's counsel does not explain why it did not amend the AAV during the many months it was pending in state court. Nor does Petitioner's counsel offer a legitimate reason why he did not seek to amend the AAV in this Court as soon as it was removed. As such, the Motion to Amend should be denied.

**B.      Ms. Hale Will Suffer Prejudice If The Motion For Leave Is Granted.**

Ms. Hale has been prejudiced from the very moment that Petitioner filed its initial application to vacate the Award. The initial application and the AAV are frivolous and should

11

have never been filed in the first place. To make matters worse, Petitioner never served the initial application to vacate despite its promise to FINRA; despite its legal obligation to do so within thirty (30) days of filing it; and despite undersigned counsel's offer to accept service.[10]

After Petitioner's counsel finally got around to serving the AAV, he should have withdrawn it once it was pointed out to him how baseless the AAV is (which he should have known in any event). In short, from the outset Petitioner has sought to delay payment of the Award with no legitimate basis for doing so. Petitioner's delay in paying the Award has caused Ms. Hale's financial and physical health to deteriorate since Petitioner filed its frivolous application to vacate. In addition, Petitioner has prejudiced Ms. Hale by forcing her to incur substantial attorney's fees, which she cannot afford to pay, to defend against both of Petitioner's frivolous applications to vacate, neither of which should have never been filed in the first place.

Now, Petitioner's counsel has further prejudiced Ms. Hale by the mere act of filing of the Motion to Amend, as she has been forced to again incur unnecessary attorney's fees in preparing this Response. Ms. Hale will be further prejudiced if the Motion to Amend is granted in that Ms. Hale will be forced to incur additional attorney's fees in researching and drafting a response to Petitioner's "brand new" basis to vacate the Award. Ms. Hale will also be prejudiced if the Motion to Amend is granted in that this will further delay payment of the Award which will exacerbate the damage to Ms. Hale's financial and emotional well-being that Petitioner's counsel has already inflicted on Ms. Hale. As such, the Motion to Amend should be denied.

---

[10] Petitioner's failure to timely serve its initial application to vacate is the sole reason that two different forums were involved in this dispute. Had Petitioner timely served the initial application to vacate, Ms. Hale would not have filed her Motion to Confirm in the Southern District of Florida because the FAA's three-month service deadline would not have run. Rather, upon receipt of a timely served initial application to vacate, exactly as she with the AAV, Ms. Hale would have removed it to this Court. Ms. Hale still would have moved to transfer it. But whatever the ruling on the motion to transfer, only one court would have been involved at any given time.

C.    **The Proposed Second Amended Application to Vacate Arbitration Award Would Be Futile.**

As discussed above, the 2nd AAV does cite any caselaw that contradicts the clear and binding precedent that requires this Court to apply the FAA to its review of the AAV.  In fact, the new case cited by Petitioner supports the uncontroversial proposition that the FAA trumps state arbitration law.  As such – like the AAV – the 2nd AAV should be denied because it will not have been served within the FAA's "strictly enforced" three month statute of limitations for service.  In other words, like the AAV, the 2nd AAV is time-barred and therefore granting the Motion to Amend will be futile. *See Doe v. Howe Military School*, 227 F.3d 981, 990 (7th Cir. 2000) (denying a motion for leave to amend because it "would have been futile to have allowed [plaintiffs] to amend their complaints [to assert a new claim] . . . because such an action would have been time-barred . . . under the statute of limitations").

The 2nd AAV is also futile because Petitioner's brand-new basis will not change the outcome of the Court's review.  As discussed below, Petitioner's counsel blatantly misstates the facts in support of its assertion that Ms. Hale waived her claims for suitability, negligence, breach of contract and failure to supervise and therefore the arbitrator's exceeded their powers in finding Petitioner liable under these causes of actions.  The correct and obvious interpretation of these facts and law renders the 2nd AAV futile for this additional reason.

**IV.    MS. HALE DID NOT WAIVE ANY OF HER CAUSES OF ACTION.**

Petitioner states that Ms. Hale stipulated "that the only claim she was pursuing was a violation of the 'know your customer' rule, the Panel entered an Award finding optionsXpress liable for causes of action of suitability, breach of contract, failure to supervise, and negligence, all of which were *affirmatively waived* by Hale." *See* 2nd AAV at ¶ 54 (emphasis added).

The truth is that in the statements cited by Petitioner's counsel, undersigned counsel

*affirmatively reaffirmed* Ms. Hale's "suitability" cause of action:

> "[T]he only *suitability obligation* we are talking about [is] at the time the
> account is open which Mr. Stern acknowledged optionsXpress does
> have."[11]

> "An option firm before they allow anybody to [buy options has] a
> gatekeeper duty to say, hey wait a minute, this is the only type [of options
> trading] we [will] allow [you], if any. So that's the *suitability obligation*
> before we even get to whether there were any recommendations ... We're
> talking about a *suitability obligation* before anybody – trades [options]."

> "optionsXpress in their own compliance manual ... talks about *suitability*
> with respect to options in two different places. One place refers to
> recommendations, the other place talks about the criteria for opening an
> account. So even they acknowledge in their own compliance manuals *two
> different suitability obligations* when it comes to options."

*See* Exhibit D at page 95; lines 20-23; Exhibit E at page 13; lines 9-22; page 14; lines 1-6
(emphasis added).

There is no interpretation of these quotes that could lead to the conclusion that Ms. Hale

waived -- let alone did so "affirmatively" -- her suitability cause of action (or *any* of her causes

of action) as alleged by Petitioner's counsel. This is not even a close call. There is no gray area.

This is black and white. There is no way to put it nicely. Petitioner's counsel is purposely

attempting to mislead this Court.

Based on Petitioner's counsel blatant misstatement that Ms. Hale affirmatively waived all

of her causes of action, Petitioner's counsel argues that "the Panel exceeded its powers by

---

[11] Mr. Stern is Petitioner's CFO. It surprising that he told the truth on this issue in light of the fact that his
lack of credibility was palpable at the arbitration hearing. For example, Mr. Stern testified under oath that
he was not aware that the stock market crashed from 2000 to 2002. Mr. Stern stated this under oath
despite the fact that this was the second worst decline in the history of the stock market, only slightly
eclipsed by the stock market crash during the Great Depression. The bursting of the tech bubble, 9/11,
Enron and WorldCom and their devastating effect on the stock market was national news that everyone
was talking about. As the CFO of a broker-dealer it is impossible that Mr. Stern was not aware of this
historic stock market crash.

deciding issues that were no longer in dispute."[12]  *See* 2nd AAV at ¶ 55.  Given that the truth is that Ms. Hale <u>affirmatively</u> <u>reaffirmed</u> her suitability cause of action and does not explicitly mention – let alone waive – any other of the causes of actions in the Award, the arbitrators did not exceed their powers.[13]    As such, granting the Motion to Amend would be futile as Petitioner's counsel brand-new basis to vacate is based on Petitioner's counsel's blatant misstatement to the Court.

Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") "prohibits a party from rewriting the factual record to reflect what it thinks should have occurred." *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 280 (7th Cir. 1989).  The truth is that Ms. Hale never waived any of her causes of action.  Just because it desperately wishes that this occurred, Rule 11 prohibits Petitioner's counsel from representing to the Court that this is true -- when it clearly is false.  In addition to filing two, and untimely serving one, meritless application(s) to vacate the Award, this latest blatant misstatement by Petitioner's counsel will be one of the bases for sanctions that will be discussed in Ms. Hale Renewed Motion for Sanctions that she will soon file.

---

[12] As stated previously, Petitioner's counsel's brand-new basis that the arbitrator's exceeded their powers has nothing to with whether the arbitrator's failed to apply Illinois law and has nothing to do with whether this Court should apply IAA or the FAA in its review.

[13] On the bottom of page 14 of Exhibit E, undersigned counsel begins to discuss the promise that Petitioner made on its website to conduct a proper suitability analysis before allowing a customer to buy options.  Petitioner's promise was one of the bases for Ms. Hale's breach of contract claim.  In other words, undersigned counsel was reaffirming -- rather than waiving -- Ms. Hale's breach of contract cause of action.

Curiously, Petitioner's counsel does not provide the Court with the next page of the partial excerpt of the transcript.  Ms. Hale cannot afford to pay the transcription service for copies of the transcript or else she would have provided the Court with the whole transcript so that it could put all of Petitioner's misstatements in context.  Petitioner's counsel has refused to provide copies to Ms. Hale and has refused to file the whole transcript as an exhibit to the AAV.  *See* Exhibit A.  Petitioner's counsel also refuses to acknowledge how patently unfair it is to rely on only "excerpts" of the transcript when neither Ms. Hale nor the Court have access to the whole transcript.  Luckily for Ms. Hale, the excerpts selected by Petitioner's counsel directly contradict Petitioner's counsel's blatant misstatement that Ms. Hale waived all of her causes of action.

## CONCLUSION

For the reasons set forth above, the Court should deny Petitioner's Motion to Amend.

Respectfully submitted,

NEIL B. SOLOMON, P.A.

By: /s/ Neil B. Solomon
    Neil B. Solomon, IL Bar No.: 6243930
    4174 St. Lukes Lane
    Jupiter, FL 33458
    Tel: 561-762-4991
    Fax: 561-626-2721
    Email: neilbsolomonesq@gmail.com

    *Attorney for RESPONDENT LINDA HALE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via transmission of Notice of Electronic Filing generated by CM/ECF this 8th day of May 2008

to:

Jeffry M. Henderson, Esq.
Robert Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Phone: 312-986-6960
Fax: 312-986-6961
Email: rchristie@henderson-lyman.com
        jhenderson@henderson-lyman.com

/s/Neil B Solomon
Neil B. Solomon

16