**NEIL B. SOLOMON, P.A.**
4174 St. Lukes Lane
Jupiter, FL, 33458
neilbsolomonesq@gmail.com
Phone: 561-762-4991
Fax: 561-626-2721

**VIA FACSIMILE**

December 28, 2007

Ms. Hilary A. Victor
Corporate Counsel
optionsXpress, Inc.
39 S. LaSalle Suite 220
Chicago, IL 60603

Mr. Jeffry M. Henderson
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604

Re:   Amended Application to Vacate Arbitration Award

Dear Sir and Madam:

Pursuant to Section 12 of the Federal Arbitration Act ("FAA"), you were required to *serve* -- not file -- an application to vacate within three months of the receipt of the Award. *See also Webster v. Kearney*, 06-3094 (7th Cir. 11/02/07) ("*service* of a motion to vacate is the act that stops the three-month statute of limitations") (emphasis in original).

As you know, the only pleading you served on Ms. Hale was your Amended Application to Vacate.[1]  Service of the Amended Application occurred more than four months after receiving the Award. As such, there is no dispute that your Amended Application will be denied as untimely under the FAA. The only question that remains is whether the FAA applies. The answer is that it does – whether or not your Amended Application is removed to Federal court or remains in state court.

The FAA applies to all arbitrations that "involve interstate commerce." FAA § 2. Clearly that is the case here. As such, "the provisions of the [FAA], 9 U.S.C. §§ 1-14, would be applicable." *See Northern Illinois Gas Co. v. Airco*, 676 F.2d 270 (7th Cir. 1982). Therefore, pursuant to Section 12 of the FAA, you were required to serve the Amended Application within three months.

---

[1] Since you did not serve an initial application it is impossible to determine what was amended. Please provide me with the initial application and your motion for leave to amend immediately.

The FAA applies even if an arbitration clause has a choice of law provision that specifies state law. The Seventh Circuit has stated that "notwithstanding the parties' choice of law provision in their contract calling for the application of Illinois law, and irrespective of the fact that this a diversity case, *federal arbitration law governs ... a transaction involving interstate commerce.*" *Id.* (emphasis added).

Furthermore, the United States Supreme Court has held that the FAA also applies in state court. The FAA "creates a body of federal law ... that is applicable in state and federal courts." *See Southland Corp. v. Keating*, 465 U.S. 1, 14-16 (1984) *quoting Moses H. Cone v. Mercury Construction*, 460 U.S. 1 (1983); *see also* FEDERAL PRACTICE AND PROCEDURE, § 3569 (2d Ed. 1984) ("even in a diversity suit *or an action in state court* if … interstate commerce is involved, the rules in the [FAA], based as it is on the commerce powers, are to be applied regardless of state law") (emphasis added). Therefore, even if the Amended Application is not removed to Federal court and decided it state court the FAA will still apply and will denied as untimely pursuant to Section 12 of the FAA.

The above is just a small sample of the binding precedent that requires that the FAA be applied to this case – whether or not it remains in Illinois state court. Because you did not serve Ms. Hale with your Amended Application within the FAA's three-month statute of limitation after you received the Award from FINRA, it will be denied as untimely without addressing the underlying merits – which are beyond frivolous.[2]

Assuming for the sake of argument that the Illinois Arbitration Act ("IAA") and Illinois Rules of Civil Procedure apply (they do not), you still have failed to timely file an application to vacate an arbitration award. It is undisputed that the Amended Application was filed on November 27, 2007 – 104 days after you received the Award. It is also undisputed that, pursuant to 710 ILCS 5/12(b), you were required to apply for an order vacating the Award within 90 days of receiving it. While I have no personal knowledge that it is true, I accept your representation to FINRA that you filed an initial application to vacate on September 12, 2007.

The only question remaining is: which filing date -- September 12, 2007 or November 27, 2007 -- is controlling. The answer is found in Rule 102 of the Illinois Supreme Court Rules of Civil Proceedings. Rule 102(a) states that "*[p]romptly* upon issuance, summons (together with copies of the complaint as required by Rule 104) *shall* be placed for service with the sheriff or other officer or person authorized to serve process (emphasis added). Rule 102(b) states that no summons may be served later than 30 days after its date.

---

[2] For starters, the Illinois Supreme Court case that you cite as the sole basis to vacate the award states that "[w]henever possible a court must construe an award so as to **uphold** its validity and *gross errors of judgment in law or a gross mistake of fact will **not** serve to vitiate an award* unless these mistakes or errors are apparent on the face of the award." None of your arguments address the "face of the award." Based on the principle that arbitration awards "will not be set aside because of errors in judgment, or mistakes of law or fact" (none of which are present here), the Illinois Supreme court **upheld** the arbitration award at issue in the case you cite.

The effect of Rule 102 is that the purported filing on September 12, 2007 was a legal nullity. In other words, under Illinois law, your Application to Vacate will not be considered filed until November 27, 2007 – because that is the only summons and Application that was served within the 30 day time limit imposed by Rule 102(b). Indeed, the fact that you used a process server to serve the Amended Application and "Alias" summons is a tacit admission that you too believe that this action did not "commence" until 104 days after the service of the arbitration award. Otherwise, you would have served Ms. Hale by mail or other allowable means of service subsequent to an initial pleading. In any event, even under Illinois law (which does not apply here), you will deemed to have filed the Application more than 90 days after receipt of the Award and therefore it will be denied as untimely pursuant to Section 12(b) of the IAA.

If this were not the correct interpretation of Rule 102 then the 90-day rule imposed by 710 ILCS 5/12(b) would be rendered meaningless. If the September filing date was valid without prompt service thereafter then a party who desires to, could delay payment of arbitration award indefinitely by <u>never</u> serving a timely-filed application to vacate. Indeed, the Illinois Supreme Court agrees with this analysis. *See Segal v. Sacco*, 136 Ill. 2d 282 (1990); *Wilk v. Wilmorite*, 349 Ill. 3d 880, 887 (2004)

The bottom line is that there is no doubt that FAA applies here and you failed to comply its 90-day *service* requirement. As such, your Application will be denied as untimely. Even if the IAA was applicable (it is not), you failed to comply with its 90-day filing requirement and your Application will be denied as untimely without addressing the underlying merits. While it would be beneficial to me personally to have a Federal Court decide the merits of the Application -- as it is very likely that I will be awarded significant attorney's fees and costs pursuant to binding precedent in both the 7th and 11th Circuits regarding frivolous motions to vacate[3] -- it would not be fair to my client to extend this any longer than you already have.

If you had complied with Rule 102, we would likely already have a ruling on your Application, whether by a Federal Court or state court. If you truly believed that your Application had any merit, one would suspect you would have been eager to serve the Application as soon as possible. In any event, it is undisputed that you were able to serve the Alias summons and Amended Application within 30 days after filing it. You have no valid reason for not serving the summons and original application within 30 days of September 12, 2007.

This leads to only one possible conclusion: you desired to delay payment of the arbitration award indefinitely. Your actions will very likely be viewed as attempt to achieve an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" which is sanctionable under both Rule 11 of the Federal Rules of Civil Procedure and Illinois Supreme Court Rule 137. Additional

---

[3] *See Halim v. Great Gatsby's*, 2007 WL 773286 (N.D. Ill. March 12, 2007); *B.L. Harbert v Hercules*, 441 F.3d 905 (11th Cir. 2006); *Levy v. Citigroup*, No. 06-21802 (S.D. Fla. 10/17/06); *Sll Investments v Jenks*, 2006 WL 2092639 (M.D. Fla. July 26, 2006).

grounds for sanctions under both of these Rules is that your Amended Application is not "well grounded in fact" and is not "warranted by existing law."

Giving you the benefit of the doubt, I assume that until now you did not know that the Amended Application would be dismissed as untimely under the both the FAA (which applies) and under the IAA (which does not apply). As such, I will afford you the opportunity to dismiss with prejudice the Amended Application -- and inform FINRA of same -- by close of business on January 2, 2008. I have already spent a considerable amount of time researching the relevant issues relating to the timeliness of your application and the underlying "merits." If I am forced to file a response to the Amended Application I will seek attorney's fees and costs, pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or Illinois Supreme Court Rule 137, for the time already expended plus the considerable time it will take to prepare a response to your untimely and frivolous Application.

Sincerely,

Neil B. Solomon

Cc: Ms. Linda Hale