# EXHIBIT 3

## Robert Christie

| | |
|---|---|
| From: | Robert Christie |
| Sent: | Thursday, February 14, 2008 5:44 PM |
| To: | 'neil solomon' |
| Cc: | Hillary Victor (hvictor@optionsxpress.com); Jeffry M. Henderson |
| Subject: | RE: optionsXpress v. Hale - Northern District of Illinois, docket No. 08-179 |
| Attachments: | Joint Status Report.d6.doc |

Dear Mr. Solomon:

I will try to address your comments on a point by point basis:

1) Section 5 and 6 were required by the Court. Judge Kendall's standing order describes the sections that should be included, and the report may not be any longer than 5 pages. Please check the Court's web site to confirm.

2) I have redrafted Section 5 for your convenience, and added the issue regarding the Federal/Illinois Arbitration Acts.

3) I know your clients name, and a little civility will help in this matter.

4) The hearing tapes are available from FINRA, and I believe that they are available at no charge.

5) I have eliminated the word "trial" in Section 9. My schedule does not allow me to contemplate a resolution of this matter any sooner than 120 days. As an example, I have two arbitrations scheduled in April and a jury trial at the end of April, and March is starting to fill up.

6) The question posed by the Court is whether the parties have unanimously consented to proceed before a magistrate. The answer directly answers that question.

7) The status hearing is the place to inform the judge of other matters. Your latest filing included a complete report of the status of the Florida action.

8) As to your last request, my client has no interest in postponing such a simple task as a Joint Status Report or attending a status hearing.

Attached hereto is a revised draft of the Joint Status Report for your review.

Bob Christie

Robert B. Christie
Henderson & Lyman
175 West Jackson Boulevard
Suite 240
Chicago, IL  60604

Phone     (312) 986-6960
Direct     (312) 986-6957
Facsimile (312) 986-6961
email:     rchristie@henderson-lyman.com
web site:  www.henderson-lyman.com

1

# Robert Christie

| | |
|---|---|
| **From:** | Robert Christie |
| **Sent:** | Friday, April 25, 2008 12:46 PM |
| **To:** | 'neil solomon' |
| **Cc:** | hvictor@optionsxpress.com; Jeffry M. Henderson |
| **Subject:** | RE: Motion for Leave to Amend |

Dear Mr. Solomon:

 Your initial premise is in error. I did not represent to the Court that one of the primary statutory elements for vacating an arbitration award, that the arbitrators exceeded their powers, was a subset of the allegations made in the Amended Application to Vacate – that the arbitrators made a gross error of judgment in law and that they made a gross mistake of fact. To the contrary, I represented to the Court that allegations concerning gross errors of law and gross mistakes of fact were a subset of the statutory element – that the arbitrators exceeded their power. Accordingly, that was why I was able to represent to the Court yesterday that no new facts needed to be pled in the proposed amendment to the Application.

 In either case, your attempt to have optionsXpress file the transcripts to the hearing with the Court is nothing more than a blatant attempt to receive copies of the transcripts at no charge, much to the detriment of the court reporter who transcribed the hearing tapes. In your e-mail to me dated February 14, 2008 at 3:25 pm., you represented that "Ms. Hale expects to request a full copy of the arbitration transcript." I have never received any such request. However, in my reply e-mail to you dated February 14, 2008 at 5:44 p.m., I represented to you that the tapes are available from FINRA. optionsXpress has incurred significant costs in having the hearing tapes transcribed, and has no intention of providing you with those transcripts at no charge. I will gladly provide you with the name of the court reporter if you want to order a set for your own use.

 Accordingly, and based on the above, optionsXpress will object to the motion you referred to in your e-mail below. Your actions in this matter and in the Florida Action have caused the parties significant expense and delay in this matter. I would suggest that you refrain from any unnecessary filings, as you have proposed, when less expensive alternatives – such as ordering transcripts from the court reporter, can be easily accomplished.

   Bob Christie

Robert B. Christie
Henderson & Lyman
175 West Jackson Boulevard
Suite 240
Chicago, IL  60604

Phone     (312) 986-6960
Direct     (312) 986-6957
Facsimile (312) 986-6961
email:     rchristie@henderson-lyman.com
web site:  www.henderson-lyman.com

New York Office
152 West 57th Street
18th Floor
New York, NY 10019

This message is intended for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, any dissemination, distribution or copying of this communication is strictly

1