# EXHIBIT B

## Robert Christie

| | |
|---|---|
| **From:** | Robert Christie |
| **Sent:** | Thursday, February 14, 2008 5:44 PM |
| **To:** | 'neil solomon' |
| **Cc:** | Hillary Victor (hvictor@optionsxpress.com); Jeffry M. Henderson |
| **Subject:** | RE: optionsXpress v. Hale - Northern District of Illinois, docket No. 08-179 |
| **Attachments:** | Joint Status Report.d6.doc |

Dear Mr. Solomon:

I will try to address your comments on a point by point basis:

1)      Section 5 and 6 were required by the Court.  Judge Kendall's standing order describes the sections that should be included, and the report may not be any longer than 5 pages.  Please check the Court's web site to confirm.

2)      I have redrafted Section 5 for your convenience, and added the issue regarding the Federal/Illinois Arbitration Acts.

3)      I know your clients name, and a little civility will help in this matter.

4)      The hearing tapes are available from FINRA, and I believe that they are available at no charge.

5)      I have eliminated the word "trial" in Section 9.  My schedule does not allow me to contemplate a resolution of this matter any sooner than 120 days.  As an example, I have two arbitrations scheduled in April and a jury trial at the end of April, and March is starting to fill up.

6)      The question posed by the Court is whether the parties have unanimously consented to proceed before a magistrate.  The answer directly answers that question.

7)      The status hearing is the place to inform the judge of other matters.  Your latest filing included a complete report of the status of the Florida action.

8)      As to your last request, my client has no interest in postponing such a simple task as a Joint Status Report or attending a status hearing.

Attached hereto is a revised draft of the Joint Status Report for your review.

Bob Christie

Robert B. Christie
Henderson & Lyman
175 West Jackson Boulevard
Suite 240
Chicago, IL  60604

Phone      (312) 986-6960
Direct      (312) 986-6957
Facsimile  (312) 986-6961
email:      rchristie@henderson-lyman.com
web site:  www.henderson-lyman.com

1

New York Office
152 West 57th Street
18th Floor
New York, NY 10019

This message is intended for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank You.

**From:** neil solomon [mailto:neilbsolomonesq@gmail.com]
**Sent:** Thursday, February 14, 2008 3:25 PM
**To:** Robert Christie
**Subject:** Re: optionsXpress v. Hale - Northern District of Illinois, docket No. 08-179

Is it proper to argue the merits of your Amended Application to Vacate in a Joint Status Report? I do not believe so. As such, proposed Sections 5 and 6 should be deleted in their entirety.

The non-argumentative way to express the legal and factual issues is as follows:

"Whether the Federal Arbitration Act or the Illinois Arbitration Act applies to this dispute. If the FAA applies, whether a failure to serve an application to vacate within the FAA's 3-month deadline for service (it is undisputed here that service was more than 4 mos. after the Award was received by the parties), standing alone, is a basis to deny an application to vacate an arbitration award. If not, whether a gross error of law or fact is a sufficient basis to vacate an arbitration award under either the FAA or IAA, as applicable. If so, whether the arbitrators made any such errors."

Re Proposed Section 8 -- my client's name is Linda, not Lind. Further, if you desire to inform the Court that you wish to take my deposition that is your prerogative. To the extent that this issue becomes pertinent, I look forward to you making your argument to the Court why my deposition is necessary, and eagerly anticipate having the opportunity to respond.

With respect to discovery for my client I would add to Section 8: "Ms. Hale did not expect that she would require any discovery as this is not a trial, but rather a summary proceeding pursuant to FRCP 6. However, since Petitioner has appended as exhibits to its Amended Application to Vacate only a very small portion of the Final Hearing transcript (amounting less than 1% of the full arbitration transcript), Ms. Hale expects to request a full copy of the arbitration transcript so that she is able to put Petitioner's arguments in context."

Re Section 9 -- As you know, there will be no "trial" as this is a summary proceeding pursuant to FRCP 6. As such, the 120 days you suggest is much too long. We should inform the Court that: "Petitioner has already filed its Amended Application to Vacate. As Ms. Hale's counsel has already expended considerable time preparing a response to the Amended Application to Vacate, Ms. Hale will require no more than 2 weeks to file her response to same."

Re Section 10 -- I consent to proceed before a Magistrate Judge. If you do not, please explain.

2

We should also (re) inform the Court that Ms. Hale's Application to Confirm the arbitration award is pending in the Southern District of Florida and that your client has filed a motion to stay or dismiss same. We should further inform the Court that if the SDFL denies your motion and thereafter confirms the Award then the action in the NDIL will be rendered moot.

Having said the above, rather than filing a Joint Status Report at all, we should agree to file a Joint Motion to Postpone Filing Of the Status Report and to Postpone the Status Hearing until the SDFL rules on your Motion to Stay or Dismiss and/or the NDIL rules on Ms. Hale's Motion to Transfer or Motion to Stay Ruling on Motion to Transfer.

Please provide your response to my suggestions at your earliest convenience.

On 2/13/08, **Robert Christie** <RChristie@henderson-lyman.com> wrote:

Dear Mr. Solomon:

As you may recall, the Court in the above referenced matter required the parties to file a Joint Status Report by Friday, February 15, 2008. Attached hereto for your review is a draft of the report. The issues of law were taken directly from the Application to Vacate. Please call or e-mail me with any suggestions you may have to the report so that it can be timely filed.

Sincerely,

Bob Christie

**Robert B. Christie**

**Henderson & Lyman**

**175 West Jackson Boulevard**

**Suite 240**

**Chicago, IL 60604**

**Phone    (312) 986-6960**

3

Direct     (312) 986-6957

Facsimile  (312) 986-6961

email:      rchristie@henderson-lyman.com

web site:  www.henderson-lyman.com


New York Office

152 West 57th Street

18th Floor

New York, NY  10019


This message is intended for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service.  Thank You.

**Tracking:**

| Recipient | Delivery |
|---|---|
| 'neil solomon' | |
| Hillary Victor (hvictor@optionsxpress.com) | |
| Jeffry M. Henderson | Delivered: 2/14/2008 5:44 PM |

5

| Recipient | Delivery |
|---|---|
| 'neil solomon' | |
| Hillary Victor (hvictor@optionsxpress.com) | |
| Jeffry M. Henderson | Delivered: 2/14/2008 5:44 PM |