**UNITED STATES DISTRICT COURT**
**Northern District of Illinois – Eastern Division**
**Case Number:  1:08-cv-00179**
**Honorable Virginia M. Kendall**

OPTIONSXPRESS, INC.,

    Petitioner,

v.

LINDA HALE,

    Respondent.

_____/

**RESPONDENT'S REPLY IN SUPPPORT OF HER MOTION TO STRIKE PORTIONS OF PETITIONER'S REPLY IN SUPPORT OF PETITIONER'S AMENDED APPLICATION TO VACATE ARBITRATION AWARD**

    Respondent, LINDA HALE, replies to Petitioner's Response to Ms. Hale's Motion to Strike Portions of Petitioner's Reply in Support of Its Amended Application to Vacate (the "Response").  For the reasons below, Ms. Hale's Motion to Strike should be granted.

**INTRODUCTION**

    In all of their prior pleadings, Petitioner's counsel has made many baseless statements of law.  Petitioner's counsel continues this practice in their Response.  Petitioner's counsel goes even further over the line that have already crossed by now also repeatedly and purposely *misquoting* the sole case that they have relied upon since first seeking to baselessly vacate Ms. Hale's $175,000 arbitration award (the "Award").  Following are the most glaring examples of Petitioner's counsel's baseless statements of law and misquotes of *Garver*.

**Petitioner's Counsel's Baseless Statement of Law No. 1**

> "[T]he Garver court found that, under Illinois common law, a court could vacate an arbitration award if the arbitrator made a gross error of law or a gross mistake of fact in entering an award".  Response at 6-7.

    **The Truth:**  *Garver* states that "a long line of cases has established that an arbitrator's award will <u>not</u> be set aside because of his errors in judgment or mistakes of law or fact."

*Garver v. Ferguson,* 76 Ill.2d 1, 8 (Ill. 1979). Evidently, the "long line of cases" referred to in *Garver* are not part of the "Illinois common law" referred to by Petitioner's counsel.

### Petitioner's Counsel's Baseless Statement of Law No. 2

*"Hale has the burden of persuasion [in this Court]."* Response at 4.

**The Truth:** As the arbitration loser seeking to vacate the Award, Petitioner is only party that has the burden of persuasion – and proof – in this Court.

### Petitioner's Counsel's Misquotes Of *Garver* Nos. 1 and 2 and Resulting Baseless Statements of Law Nos. 3 and 4

*"As explained by the court in Garver, 'gross **disregard** of the law of a gross mistake of fact' is a **subset** of Section 12(b) of the Illinois Uniform Arbitration Act."*

*"[A]n arbitrator's gross **disregard** of the law or gross mistake of fact is **equivalent** to an arbitrator exceeding its powers."* See Response at page 6 (emphasis added).

**The Truth:** Petitioner's counsel misquotes *Garver* -- substituting the word "errors" with "disregard"; *Garver* never mentions Section 12(b); *Garver* never uses the word "subset"; *Garver* never uses the word "equivalent"; and *Garver* does not even imply that "errors" of law are a "subset" of or "equivalent" to any legally-recognized basis to vacate.

### Petitioner's Counsel's Misquote of *Garver* No. 3 (and misquote of Ms. Hale) and Resulting Baseless Statement of Law No. 5

*"The terms 'manifest disregard of the law' and 'gross **disregard** of the law', used by Ms. Hale in her Motion to Strike ... are not two distinct doctrines, but rather interchangeability (sic) phrases used by Illinois courts as a factor to vacate an arbitration award."* See Response at page 6, note 4 (emphasis added).

Petitioner's counsel cites to *Garver* and *Quick & Reilly, Inc. v. Zielinski*, 306 Ill. App. 3d 93 (1st Dist. 1999) to support their absurd proposition of law.

**The Truth:** *Garver* never uses the term "gross disregard" of the law – rather, Petitioner's counsel has substituted the word "errors" with "disregard"; *Quick & Reilly* never

2

uses the term "gross disregard" of the law[1]; Ms. Hale never used the term "gross disregard" of the law in her Motion to Strike (or ever); no court has ever used the terms "manifest disregard of the law" and "gross disregard of the law" interchangeably.

Petitioner's counsel purposely misquotes *Garver* and makes statements that are baseless as a matter of law in their Response for a reason – to attempt to fool the Court that they have not usurped the Court's authority by sneaking into their (so-called) Reply In Support of Its Amended Application To Vacate (the "Reply") two brand-new bases to vacate the Award without receiving permission from the Court to do so.

Petitioner's counsel argues that the following bases to vacate the Award are "equivalent" to trick the Court that they have not belatedly added two brand-new bases to vacate that they never alleged in their Amended Application to Vacate Arbitration Award (the "AAV"): 1) arbitrator "errors" of law (a non-existent basis) and 2) manifest "disregard" of the law (a non-statutory) and 3) arbitrators "exceeding their powers" (a statutory basis). Petitioner's counsel baselessly equates these three (3) distinct bases in their Response, despite that fact that they themselves make a clear distinction between two of them in their AAV.

In a section in their AAV titled "The standard applied to an Application to vacate an arbitration award", Petitioner's counsel generally references "a" statutory basis to vacate but never argues that a statutory basis applies here. *See* AAV at ¶ 33. Rather, arbitrator "errors" was the only basis to vacate asserted in the AAV. *See* AAV at ¶¶ 34-35. The AAV was filed in late November 2007. Petitioner's counsel never asserted any basis to vacate other than

---

[1] As discussed below, in citing to *Quick & Reilly*, Petitioner's counsel violated the Court's Pin-Point Citation Rule. Petitioner's counsel's violation of the Court's Pin-Point Citation Rule was not inadvertent. Petitioner's counsel's violation of the Court's Pin-Point Citation Rule was purposeful to avoid revealing that *Quick Reilly* contains unambiguous language that wholly defeats the proposition that Petitioner's counsel cites it for. For example, the *Quick & Reilly* court states that "to vacate an arbitration award for manifest disregard of the law, there must be something ***beyond and different*** from mere error in law or failure on the part of the arbitrators to understand or apply the law." *Quick & Reilly, Inc. v. Zielinski*, 306 Ill. App. 3d 93 at 99 (emphasis added).

"errors" until they filed their Motion for Leave to Amend Amended Application to Vacate Arbitration Award (the "Motion to Amend") more than five (5) months later – and more than seven (7) months after Petitioner's counsel filed their initial application to vacate.

Specifically, in the Motion to Amend, Petitioner counsel seeks to add a <u>statutory</u> basis -- that the arbitrator's exceed their powers -- to its *sole* <u>non-statutory</u> (and non-existent) basis -- that the arbitrators made errors -- contained in Petitioner's in AAV.  Rather than wait for the Court to rule on its Motion to Amend, Petitioner's counsel included the brand-new statutory basis in its Reply.  By doing so, Petitioner's counsel has usurped the Court's authority and has effectively ruled on its own Motion to Amend.

Petitioner's counsel also added another basis to vacate the Award in its Reply that it previously abandoned – manifest disregard of law.  Petitioner's counsel states that its Motion to Amend was filed to "correctly characterize the fact that arbitrators had exceeded their authority by ruling on matters not before them, ***instead of*** characterizing the basis as a manifest disregard of the law."  Motion to Amend at page 4 (emphasis added).  Yet, manifest "disregard" of the law is prominently featured in the Reply and the Response – and is wrongfully equated to "errors" of law and arbitrators exceeded their powers.

Petitioner's counsel's attempt to equate three distinct bases to vacate depends on blatant misstatements of law and purposeful misquotes of *Garver*.  The truth is that the now-three bases to vacate asserted by Petitioner's counsel are not "equivalent". Indeed, the very case that Petitioner's counsel chose to support their argument that these three distinct bases are the same, conclusively shows that they are different.  As such, Ms. Hale's Motion to Strike should be granted.

**I.     The Very Case Chosen By Petitioner's Counsel Shows That Their Now-Three Bases To Vacate The Award Are Different.**

On page 99 of *Quick & Reilly, Inc. v. Zielinski*, the court states:

4

> "[T]o vacate an arbitration award for manifest disregard of the law, there must be something ***beyond and different*** from mere error in law or failure on the part of the arbitrators to understand or apply the law; it must demonstrated that the majority of the arbitrators deliberately disregarded what they knew to be the law in or order to reach the result that they did."

*Quick & Reilly*, 306 Ill. App. 3d 93 at 99 (emphasis added).

As succinctly stated by *Quick & Reilly*, manifest disregard of the law is "beyond and different" than arbitrator errors. Manifest "disregard" of the law and arbitrator "errors" of law are not the same as implied by Petitioner's counsel's purposeful misquotes of *Garver*.

Not only does *Quick & Reilly* makes a clear distinction between arbitrator "errors" of law and manifest "disregard" of the law, it also makes a clear distinction between "manifest disregard of the law" and arbitrators "exceeding their powers". *Quick & Reilly* denied an arbitration loser's motion to vacate based on manifest disregard but granted it, in part, based on an arbitrator exceeded their powers argument.[2] Therefore, based on nothing more than the very case that Petitioner's counsel chose, it is *impossible as matter of law* for manifest disregard of the law and arbitrator exceeding their powers to be the same basis to vacate an arbitration award. In sum, the case chosen by Petitioner's counsel conclusively shows that the now-three bases asserted by Petitioner's counsel are distinct. As such, Petitioner's counsel's belated attempt to add two brand-new bases to the sole basis in the AAV should be rejected.

II.     **Petitioner's Counsel Purposely Misquotes *Garver* On At Least Three Different Instances In A Transparent Attempt to Fool The Court.**

Petitioner's counsel sneakily substitutes the word "disregard" for "errors" -- the actual word used in *Garver* -- in at least three different places in their Response. By purposefully

---

[2] The *Quick & Reilly* court held that the arbitrators exceeded their powers in awarding attorneys' fees to the arbitration winner because attorneys' fees were not authorized by statute as is required. Here, the only arbitrator exceeded their powers argument made by Petitioner's counsel is that the arbitrators ruled on causes of action supposedly waived by Ms. Hale. As shown in Ms. Hale's Response to the Motion to Amend (pages 13-15) and Ms. Hale's Motion to Strike (pages 5-8), Ms. Hale never waived any of her causes of action.

5

misquoting *Garver* in this manner, Petitioner's counsel is attempting to fool the Court that arbitrator "errors" of law is the same basis to vacate as manifest "disregard" of the law.

In the two of their three sneaky substitutions of "disregard" for "errors", Petitioner's counsel also attempts to fool the Court that "manifest disregard of the law" is the same basis as alleging that the arbitrators "exceeded their powers" – and that both of these legally-recognized based are the same as the non-existent basis that the arbitrators made "errors" of law.  Petitioner's counsel states:

> *"As explained by the court in Garver, '***gross disregard*** *of the law of a gross mistake of fact' is a subset of Section 12(b) of the Illinois Uniform Arbitration Act."*
>
> *"[A]n arbitrator's gross **disregard** of the law or gross mistake of fact is **equivalent** to an arbitrator exceeding its powers."*

The truth is that the *Garver* court never uses the term "gross disregard".  The actual quote from Garver is "'gross ***errors***' of judgment in law or a gross mistake of fact will not serve to vitiate an award."  By purposefully misquoting *Garver* and sneakily substituting "errors" with "disregard", Petitioner's counsel seeks to trick the Court in two different ways.  First, Petitioner's counsel is attempting to trick the Court that "errors" of law is the same as "disregard" of the law.  Then, based on its sneaky substitution, Petitioner's counsel argues that "disregard" of the law is "equivalent" to and a "subset" of "arbitrators exceeding their powers."  Petitioner's counsel's purposeful misquotes of *Garver* -- and then using them to make baseless misstatements of law -- is Petitioner's counsel's purposeful attempt to fool the Court that all of these three distinct bases to vacate are one in the same.

Two purposeful misquotes of *Garver* is not enough for Petitioner's counsel.  Not only does Petitioner's counsel misquote *Garver* for a third time, they also misquote Ms. Hale:

> *The terms 'manifest disregard of the law' and 'gross **disregard** of the law', used by Ms. Hale in her Motion to Strike ... are not two distinct doctrines, but rather interchangeability (sic) phrases used by Illinois*

6

>*courts as a factor to vacate an arbitration award."*  See Response at note 4 (emphasis added).

Petitioner's counsel cites to *Garver* and *Quick & Reilly* to support their absurd proposition of law. The truth is that Ms. Hale <u>never</u> used the phrase "gross **disregard** of the law" in her Motion to Strike, or anywhere. In addition, *Garver* never uses this phrase. It is bizarre that Petitioner's counsel cites *Quick & Reilly* -- as it wholly defeats their argument that "errors" of law and "disregard" of the law are "not two distinct doctrines, but rather interchangeability (*sic*) phrases used by Illinois courts as a factor to vacate an arbitration award."

**III.    Manifest "Disregard" of The Law Is "Beyond and Different" Than Arbitrator "Errors" of Law -- and Petitioner's Counsel Knows It -- But Attempts to Hide It By Violating The Court's Pin-Point Citation Rule.**

As stated above, the very case cited by Petitioner's counsel clearly states that manifest disregard of the law is "beyond and different" that arbitrator errors. *Quick & Reilly,* 306 Ill. App. 3d 93 at 99. The Seventh Circuit agrees with Petitioner's counsel's case:

> "What could it mean to say that an arbitrator manifestly disregarded the law? That the arbitrator made a legal error? If 'manifest disregard' means only a legal error . . . the arbitration cannot be final. Every arbitration could be followed by a suit, seeking review of legal errors, serving the same function as an appeal within a unitary judicial system. That would prevent the parties from achieving the objectives of arbitration: swift, inexpensive, and conclusive resolution of disputes."

*George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 579 (7th Cir. 2001). In any event, based on *Quick & Reilly* alone, Petitioner's counsel knows that arbitrator "errors" of law and manifest "disregard" of law are "different" from each other.

Petitioner's counsel attempts to hide what they know by not using a pin-point citation as required by the Court. Rather, *Petitioner's counsel cites only to the first page* of *Quick & Reilly*, and explains in its parenthetical that this case was "referring to the arbitrator's 'manifest disregard of the law' standard." See Response at 6, note 4.

Pages 99 and 100 of *Quick & Reilly* are the pages that Petitioner's counsel does not want the Court to read:

> "[R]eview under the 'manifest disregard of the law' standard requires that arbitrators ***deliberately disregarded what they knew to be the law***."

> "[T]o vacate an arbitration award for manifest disregard of the law, there must something ***beyond and different*** from mere error in law or failure of the arbitrators to understand or apply the law; ***it must be demonstrated that the majority of the arbitrators deliberately disregarded what they knew to be the law in order to reach the result that they did***."

> "It is almost impossible to ascertain what an arbitrator knew to be the law, because the arbitrator is not required to give reasons let alone legal analysis for his decisions. Even if it could be what the arbitrator knew, it would be equally difficult to show that he ***intentionally disregarded*** it, as opposed to determining that the principle did not apply in the case before him".

*Quick & Reilly,* 306 Ill. App. 3d 93 at 99-100 (emphasis added).[3]

These pages do not merely "refer" to "manifest disregard of law" as falsely alleged by Petitioner's counsel. Rather, they wholly defeat Petitioner's counsel's arguments. As such, it understandable that Petitioner's counsel violated the Court's Pin-Point Citation Rule – but only if one assumes away an attorney's ethical duty not to mislead a tribunal. Petitioner's counsel hide-the-ball tactics are outrageous. Sadly for Ms. Hale, however, and unfortunately for the Court, Petitioner's counsel's violation of the Court's Pin-Point Citation Rule is not surprising in light of Petitioner's counsel's antics to date.

**IV. Petitioner's Counsel Purposely Misstates The Holding In *Garver* In An Attempt to Fool the Court That An Arbitrator's Error is "Equivalent" To A Finding That An Arbitrator Exceeded His Authority.**

In addition to Petitioner's counsel's purposeful and repeated misquotations of *Garver* to attempt to fool the Court, Petitioner's counsel reads into *Garver* a holding that was never

---

[3] Petitioner's counsel never alleges -- let alone meets their burden of proof -- that the arbitrators "intentionally" or "deliberately" disregarded what they knew to be the law.

8

made by that court – and which has never been made by any court. Specifically, Petitioner's counsel states that "[c]ontrary to Hale's alleged theory, *Garver* stands for the proposition that a finding that an arbitrator made a gross error of law or mistake of fact is *equivalent* to a finding that an arbitrator exceeded its (*sic*) powers". Response at 7 (emphasis added). Tellingly, Petitioner's counsel cites no case to support their absurd statement of law.

The truth is that arbitrator errors are a not a "equivalent" to (or a "subset") of any legally-recognized basis to vacate an arbitration award. The only "subset" that arbitrator errors belong to is a "long line of cases" (including *Garver)* that have all rejected arbitrator errors as a basis to vacate an arbitration award:

> "A long line of cases has established that an arbitrator's award will **not** be set aside because of his errors in judgment or mistakes of law or fact.
>
> "The fact that arbitrators have made an erroneous decision will **not** vitiate an award. If they have acted in good faith, the award is conclusive upon the parties; and neither party is permitted to avoid it, by showing that the arbitrators erred in their judgment, either respecting the law or the facts of the case."

*Garver* at 7-8 (emphasis added). Despite the above (accurate) quotes from *Garver*, Petitioner's counsel states that *Garver* "found that, under Illinois common law, a court could vacate an arbitration award if the arbitrator made a gross error of law or a gross mistake of fact in entering an award". Response at 6-7.

Petitioner's counsel statement is obviously false. Based on their statement, one would assume that Petitioner's counsel is aware of "Illinois common law" that the Illinois Supreme Court was unable to find in the "long line of cases" it examined. Tellingly, however, Petitioner's counsel cites no case to support its absurd statement of law that "a court could vacate an arbitration award if the arbitrator made a gross error of law or a gross mistake of fact in entering an award". The reason is that not even one such case exists.

9

**V.    Whether or Not A Violation of An SRO Rule Creates A Private Right of Action Is Irrelevant to The Court's Review.**

Petitioner's counsel argues that a "legal principal (*sic*)" at issue in the arbitration was that "there is no private right of action for a violation of an SRO or exchange rule." Response at 4. Petitioner's counsel misses the point entirely. The legal principle was not whether a violation of an exchange rule was negligence *per se* as Petitioner's counsel falsely implies.[4] Rather, Ms. Hale argued that Petitioner's violations of the NASD/CBOE Rules at issue – and Petitioner's violation of its own rules in its compliance manual – were "evidence of" negligence.[5]

Courts have consistently recognized that evidence of a violation of an SRO rule is admissible as evidence of the standard of care that broker-dealers owe their customers. "The

---

[4] Although whether negligence *per se* with respect to SRO Rules was not an issue at the arbitration, the Seventh Circuit is one of a few Circuits that does imply a private right of action for violation of SRO Rules with respect to the "Know Your Customer" Rule". *Wehrs v. Benson York Group, Inc.*, Case No. C 3312, at fn5 (N.D. Ill. 3-18-08) ("The Seventh Circuit has found that although not every violation of Exchange rules is per se actionable, a violation of Rule 405 [the NYSE's "know your customer" rule] can, in some cases, create a private claim for relief.") *citing Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 410 F.2d 135 (7th Cir. 1969) ("The touchstone for determining whether or not the violation of a particular rule is actionable should properly depend upon its design 'for the direct protection of investors' … Here one of the functions of Rule 405 is to protect the public, so that permitting a private action for its violation is entirely consistent with the purpose of the statute.").

[5] Petitioner's counsel has repeatedly taken Ms. Hale to task for not attaching excerpts of the arbitration transcript. First, as discussed below, Ms. Hale is not required to submit any evidence to rebut Petitioner's counsel's baseless statements of fact because Petitioner has the burden of proof in this Court. Second, virtually all of Ms. Hale's statements regarding what she argued at the arbitration hearing were made in writing in a variety of pleadings submitted to the arbitrators. Third, Ms. Hale cannot afford to have the tapes (which are the official record of the arbitration) transcribed – and Petitioner's counsel knows it. Yet, Mr. Christie blithely states that a "simple call to the court reporter would have been all that was required to order a copy of the transcripts." *See* Response at 10. Mr. Christie knows better. In addition to a "simple call", to obtain the transcript Ms. Hale would have, in Mr. Christie's own words, "incurred significant costs in having the tapes transcribed". *Id.* Mr. Christie also knows that the tapes were not "available at no charge" as he falsely alleges. *Id.* Moreover, as Mr. Christie is aware, Ms. Hale **swore under oath at the arbitration** that she is virtually penniless and therefore could not afford to have the tapes transcribed. Because she swore under oath, Mr. Christie's allegation that Ms. Hale did not provide any "foundation" to "support her allegations concerning her [lack of] wealth" is patently false. *See* Response at note 5. If there was any evidence in the full transcript (that only Petitioner possesses) contradicting Ms. Hale's statements to this Court regarding her financial and emotional situation surely Mr. Christie would have brought it to the Court's attention.

10

admission of testimony related to [NYSE and NASD] rules was proper precisely because the rules reflect the standard to which all brokers are held." *Mihara v. Dean Witter & Co., Inc.* 619 F.2d 814, 824 (9th Cir. 1980); *see also Miley v. Oppenheimer & Co.*, 637 F.2d 318, 333 (5th Cir. 1981) (upholding a jury instruction allowing consideration of NYSE and NASD rules in determining whether a broker dealer acted reasonably with respect to its customer's brokerage accounts); *Mercury Investment Co. v. A.G. Edwards & Sons*, 295 F. Supp. 1160, 1163 (S.D. Tx. 1969) ("the Court reiterates that violations of [NASD Rules] would be admissible of negligence."); *Lange v. H. Hentz & Co.,* 418 F. Supp. 1376, 1383 (N.D. Tx. 1976) ("NASD Rules may be used as evidence of the present standard of care which the NASD member should achieve."); *Rupert v. Clayton*, 737 P.2d 1106, 1110 (Colo. 1987) (stating that a violation of a firm's compliance manual did not establish liability *per se* but that the compliance manual was relevant to negligence claims).

Ms. Hale did not assert that Petitioner was liable for her damages solely because Petitioner violated various SRO rules and its own compliance manual. Rather, she argued that Petitioner breached the standards of care evidenced by those rules, and that such breaches were the proximate cause of her damages. Moreover, Petitioner's counsel has offered no evidence that the arbitrators found Petitioner liable on a negligence *per se* theory based on a violation of SRO rules. As the arbitration loser, Petitioner has the twin burdens of proof and persuasion in this Court – not Ms. Hale as baselessly alleged by Petitioner's counsel.

**VI.     Petitioner Has The Twin Burdens of Persuasion and Proof In This Court – And Ms. Hale Has None.**

In connection with their attempt to fool the Court that the arbitrators found Petitioner liable for nothing more than a violation of SRO rules, Petitioner's counsel argues that Ms. Hale has the burden of persuasion in this Court. Petitioner's counsel is kind enough to provide "a refresher on the legal principal (*sic)* at issue" and does so by stating that:

11

> [T]he burden of persuasion that a party has a private right of action for a violation of a SRO or exchange rule is on the party urging the right, and that is "a considerably heavier burden of persuasion than when the violation is of a statute or an SEC regulation (citation omitted). ***In the instant case, Hale never urged this Court***, ***either in her Response or her Motion to Strike***, to find that she had a private right of action to bring a claim for a violation of a FINRA or CBOE "know your customer" or "suitability" rule". Response at 5 (emphasis added).

In connection with their "refresher" Petitioner's counsel states that Ms. Hale "has the burden of persuasion" in this Court. Response at 4. Petitioner's counsel's "refresher" reveals again that they not understand the law applicable to this dispute. As the arbitration winner, Ms. Hale has absolutely no burden to persuade or "urge" this Court.[6] Rather, as the arbitration loser, Petitioner has the burden to persuade -- and prove to -- the Court that the Award should be vacated.

Petitioner's burden is a heavy one. "A party petitioning a federal court to vacate an arbitration award bears the ***heavy burden*** of showing that the award fails within a very narrow

---

[6] Ms. Hale's only burden of persuasion in this dispute was to convince the arbitrators that Petitioner was responsible for causing her damages. Evidently, Ms. Hale successfully met her burden of persuasion. In any event, because Ms. Hale has no burden of persuasion, Petitioner's counsel's waiver argument is a *non-sequitor*. *See* Response at 4. Because Petitioner has the burden of persuasion, even if Ms. Hale did not file a response to the AAV, the Court could have still denied the AAV and confirmed the Award.

In the same vein, Petitioner's counsel states that Ms. Hale's alleged failure "to provide authority to support her factual allegations has been a common trend in this matter." *See* Response at 9. Petitioner's counsel's citation to pages 9-10 and note 3 of the Motion to Strike in support of this baseless proposition is curious. On page 10 Ms. Hale refers the Court to two exhibits: 1) a snapshot of Petitioner's website wherein the word "suitability" is used in connection with its promise to its potential customers to fulfill its "know your customer" duty before allowing them to buy options; and 2) a page from the SEC's Option Study (cited by Petitioner but not attached as an exhibit) wherein the SEC agrees with Petitioner's admission on its website that the "know your customer rule" is properly considered a suitability duty. On page 9, Ms. Hale simply reiterates arguments she made in her Statement of Claim and other pleadings submitted to the arbitrators. In note 3, Ms. Hale states that Mr. Stern lied under oath when he testified that he did know that the stock market crashed from 2000 to 2002, despite the fact that this crash was the worst since the Great Depression and despite the fact that he was Petitioner's CFO during this time period. Ms. Hale stands by this statement. Petitioner's counsel has not provided the Court with an excerpt of the transcript that rebuts the allegation that Mr. Stern's lack of credibility was palpable at the arbitration hearing. One would presume that if such an excerpt existed then Petitioner's counsel would have brought it to the Court's attention.

12

set of circumstances delineated by statute and case law." *Jimmy John's Franchise, LLC v. Kelsey*, Case No. 08-2040 at page 5 (C.D. Ill. 4-10-08) (emphasis added); *see also Houdtermaatschappij v. Standard Micr.*, 103 F.3d 9, 12 (2nd Cir. 1997) ("The showing required to avoid summary confirmation of an arbitration award is high, and the party moving to vacate the award has the burden of proof."); *Blue Bell, Inc. v. Western Glove Works*, 816 F. Supp. 236, 240 (S.D.N.Y. 1993) ("A party seeking to overturn an arbitration award is under a heavy burden to prove the standards for such relief").

In the instant case, Petitioner's burden was not just heavy, it was impossible. Petitioner could never meet its heavy twin burdens of persuasion and proof in this Court because its counsel chose to allege a basis to vacate the Award that has never been accepted by any court. Indeed, before attempting to belatedly sneak in two brand-new legally-recognized bases to vacate the Award, Petitioner's counsel sole basis was that the arbitrators made errors – which has been unanimously rejected by every court that has addressed errors as a basis to vacate. Arbitrator errors as a basis to vacate an arbitration award is so frowned upon that the United States Supreme Court has held that arbitrator errors cannot be a basis to vacate an arbitration award – *even if the parties agree in writing that errors could serve as a basis to vacate. See Hall Street Assoc., LLC v. Mattel, Inc.*, 06-989 (U.S., 3-25-08)

**VII.  Petitioner's Counsel Admits That They "Disclosed Additional Evidence" In The Reply Despite Their Promise To The Court They Would Not "Introduce New Facts" To Support Their Brand-New And Belatedly Alleged Bases To Vacate.**

In their Motion to Amend, Petitioner's counsel's arbitrators exceeded their powers argument was brand-new (*i.e.*, it was never asserted in the AAV) and was based on a few excerpts of the arbitration transcript that supposedly show that Ms. Hale "affirmatively" waived all of her causes of action. *See* Exhibit A to Motion to Amend at ¶ 54. As discussed in Ms. Hale's Response to the Motion to Amend, the transcript excerpts chosen by

13

Petitioner's counsel show that Ms. Hale never waived any of her causes of action. *See* Ms. Hale's Response to Motion to Amend at 13-15.

In their Reply, to support their brand-new waiver argument, Petitioner's counsel attached an excerpt of the transcript that neither the Court nor Ms. Hale had ever seen before.[7] *See* Reply, Exhibit 1. Despite the undisputed fact that Petitioner's counsel attached a brand-new transcript excerpt to its Reply, Petitioner's counsel states that "no new factual basis" was raised in its Reply. *See* Response at 8. This is false -- and Petitioner's counsel admits it.

Indeed, in the very next sentence after Petitioner's counsel asserts that "no new factual basis" was raised in their Reply, Petitioner's counsel admits that it "disclosed additional evidence" in its Reply. *Id.* Ms. Hale cannot decipher the difference between asserting a "new factual basis" and "disclosing additional evidence". In any event, the bottom line is that Petitioner's counsel *admits* that it "disclosed additional evidence" in their Reply.

While conceding that they "disclosed additional evidence" in their Reply, Petitioner's counsel argues that they did not break their promise to the Court that "no new facts would be introduced … in support of the amendment" (*see* Motion to Amend at page 3) because "optionsXpress (*sic*) Reply is *separate and distinct* from its Motion to Amend or the Proposed 2nd Amended Application."[8] *See* Response at 8 (emphasis added).

While Petitioner's Reply was <u>technically</u> a "separate and distinct" legal pleading from their Motion to Amend – <u>substantively</u> these two pleadings are *identical* because Petitioner's

---

[7] Petitioner counsel has refused to provide the arbitration transcript to Ms. Hale or the Court in order to "<u>not</u> deprive the court reporter of her duly earned fees" which would be "to the detriment of the court reporter." *See* Response at 10 (emphasis in original). While Petitioner's counsel's desire to protect the court reporter appears admirable on the surface, it is not the real reason that they have refused to provide a copy of the transcript to Ms. Hale at a reasonable cost or to the Court. The truth is that, optionsXpress (whose net income in 2006 was more than $71,000,000 and more than $97,000,000 in 2007), does not want Ms. Hale or the Court to have access to the transcript for a variety of reasons.

[8] The Proposed 2nd Amended Application to Vacate was an exhibit to Petitioner's Motion to Amend.

14

counsel flouted the Court's authority by inserting the *same* brand-new arguments in their Reply that they have yet to receive permission to bring before the Court. In their Motion to Amend, Petitioner's counsel promised the Court that they would not introduce any new facts to support their brand-new bases to vacate that were asserted for the first time therein. But because these *same* arguments appear in their Reply, Petitioner's counsel broke its promise to the Court that they would not introduce new facts to support their brand-new bases to vacate – regardless of which pleading the admittedly-new facts appear.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a party should be sanctioned if they file a pleading wherein "the legal contentions are [not] warranted by existing law". In their Response, Petitioner's counsel makes many of the same warrantless legal contentions as they did in their initial application to vacate *and* their AAV *and* their 2nd AAV *and* their Motion to Amend *and* their Reply.

Petitioner's counsel now adds a new baseless legal contention: that Ms. Hale has the burden of persuasion in this Court. Even worse, Petitioner's counsel steps even further over the sanction line imposed by Rule 11 by purposely misquoting *Garver* and hiding the ball by violating the Court's Pin-Point Citation Rule to support their baseless contentions of the law. Misquoting the only case they cited in the their AAV as a basis to vacate the Award reveals a desperate attempt by Petitioner's counsel to purposely fool the Court that they did not sneak in the back-door their brand-new bases to vacate by including them in their Reply without the Court's permission.

Despite the above, Petitioner's counsel has the nerve to request from Ms. Hale the attorneys' fees they billed their client in concocting their latest legally baseless and unethical pleading. Petitioner's counsel's hubris is palpable; is an attempt to intimidate Ms. Hale; and will be discussed in Ms. Hale Renewed Motion for Sanctions that she will soon file.

## CONCLUSION

For the reasons set forth above, Ms. Hale's Motion to Strike should be granted.

                Respectfully submitted,

                NEIL B. SOLOMON, P.A.

                By: /s/ Neil B. Solomon
                   Neil B. Solomon, IL Bar No.: 6243930
                   4174 St. Lukes Lane
                   Jupiter, FL 33458
                   Tel: 561-762-4991
                   Email: neilbsolomonesq@gmail.com
                   *Attorney for LINDA HALE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notice of Electronic Filing generated by CM/ECF this 6th day of June 2008 to:

Jeffry M. Henderson, Esq.
Robert Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Phone: 312-986-6960
Fax: 312-986-6961
Email: rchristie@henderson-lyman.com
       jhenderson@henderson-lyman.com

                /s/Neil B Solomon
                Neil B. Solomon