UNITED STATES DISTRICT COURT
Northern District of Illinois – Eastern Division
Case Number: 1:08-cv-00179
Honorable Virginia M. Kendall

OPTIONSXPRESS, INC.,

    Petitioner,

v.

LINDA HALE,

    Respondent.
_____/

**RESPONDENT'S RENEWED MOTION FOR SANCTIONS**

Respondent, LINDA HALE ("Ms. Hale"), files her Renewed Motion for Sanctions.[1] For the reasons set forth below, the Court should sanction Petitioner and its counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").

**INTRODUCTION**

> "For many years the securities industry sought to move disputes from the courts to arbitral forums. Now that this has come to pass . . . it ill behooves a member of the industry to demand a second round in a judicial forum."
>
> "Arbitration is supposed to permit quick and cheap decision. Litigation like this defeats that purpose. We have remarked before that awards of attorney's fees are *readily available* when one side refuses to accept an arbitrator's award … ."

*Widell v. Wolf*, 43 F.3d 1150, 1151 (7th Cir. 1994) (emphasis added) (internal citations omitted).

As a member of the securities industry, Petitioner's demand for a second round in this judicial forum to retry the arbitration by seeking to vacate the $175,000 award in Ms. Hale's

---

[1] Ms. Hale has previously moved for sanctions in her opposition to Petitioner's Amended Application to Vacate Arbitration Award (the "AAV"). Ms. Hale moved for sanctions after her counsel sent Petitioner's counsel a letter (almost 7 months ago) indicating that she would move for sanctions if Petitioner's counsel did not withdraw the AAV. *See* Exhibit B to Ms. Hale's Opposition to Petitioner's Motion for Leave to Amend.

-1-

favor (the "Award"), was ill behooved because the AAV is meritless.

Not only are sanctions "readily available" when an arbitration loser baselessly refuses to accept an arbitration award, imposing sanctions is "imperative" here:

> Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it *imperative* that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts.
>
> "The precedent is clear and emphatic and directs us to uphold sanctions in a broad spectrum of arbitration cases. The 'filing of meritless suits and appeals' in arbitration cases warrants Rule 11 sanctions.

*CUNA Mut. Ins. V. Office & Prof. Employ.*, 443 F.3d 556, 561 (7th Cir. 2006).

The precedent relevant to this dispute is "clear and emphatic" and directs the Court to award sanctions" here because the AAV is "meritless and [was] very unlikely to succeed in light of the straight-forward case law relevant to [Petitioner's] claims". *Id.* (emphasis added).

**I.    If Sanctions Are Not Awarded In A Case As Egregious As This Then Broker-Dealers Will Be Encouraged To Meritlessly Challenge Arbitration Awards In The Hope That Their Former Customers Run Out of Money Before They Collect The Award.**

Ms. Hale did not choose to go arbitration. Petitioner required Ms. Hale to submit to arbitration when she opened her securities account. Arbitration "is supposed to be a speedy inexpensive alternative to litigation" -- that the securities industry insists on. *Paine Webber, Inc. v. Farnam*, 843 F.2d 1050, 1052 (7th Cir. 1988) ("The securities industry insists that its customers sign arbitration agreements, which the Supreme Court has sustained – in part on the premise that it is desirable to have a cheap, quick method to deal with disputes (many too small to justify full scale litigation) this industry produces.").

Despite forcing Ms. Hale to go to arbitration, Petitioner and its counsel now complain that the arbitrators made multiple errors in awarding Ms. Hale $175,000 for the damages that Petitioner caused Ms. Hale. Petitioner cannot have it both ways. To allow Petitioner to retry the

final hearing of the arbitration in this Court to correct supposed arbitrator errors "would defeat the purpose of entering into an arbitration agreement in the first place -- to opt out of the judicial system". *Prostyakov v. Masco Corp.,* 513 F3d 716, 723 (7th Cir. 2008). Courts should "neither deprive parties of the benefits, nor shield them from the pitfalls, that arise when they agree to settle their disputes outside of the courts' purview." *Id.*

Ms. Hale has been forced by Petitioner's counsel to incur substantial attorney's fees and costs to defend her Award. Had Petitioner's counsel not filed their meritless initial application in the first place (which they decided to never serve to delay payment of the Award and which is the sole cause why this dispute was in two different forums)[2] and not filed their subsequent meritless AAV (which they served after the FAA's 3-month service deadline), Ms. Hale would not have had to pay any attorney's fees in addition to those agreed upon with her counsel for work through the arbitration hearing.

Put another way, *but for* Petitioner's counsel filing their meritless initial application to vacate Ms. Hale and *but for* Petitioner's counsel filing their meritless AAV, Ms. Hale would not have incurred any additional legal fees and costs. As such, all fees and costs incurred by Ms. Hale since the Award was issued should be paid by Petitioner and its counsel.

If sanctions are not imposed on Petitioner and its counsel for filing two meritless applications to vacate, Ms. Hale will be left with *none* of her Award due to the substantial attorney's fees and costs incurred due solely to Petitioner's counsel's fateful decision to challenge the Award with *absolutely no basis to do so*. As discussed below, in addition to filing two meritless applications to vacate, Petitioner's counsel's actions have been both unethical and Ms. Hale should not suffer as a result.

---

[2] *See* Ms. Hale's Brief in Support of Her Motion to Transfer at 1-2, 7-8.

Not to award Ms. Hale all of her post-Award attorney's fees and costs in a case as egregious as this would send a message to all broker-dealers (who require their customers to go to arbitration) who lose arbitration awards (and all other arbitration losers with deep pockets) to file meritless applications to vacate in the hopes that undercapitalized arbitration winners will run out of money and just give up. This would undermine the goals of arbitration.

**II.     The Sole Case Cited By Petitioner's Counsel As "the Standard Applied to an Application to Vacate an Arbitration Award" Shows That The AAV is Meritless.**

In their AAV, Petitioner's counsel cite *Garver v. Ferguson,* 76 Ill.2d 1 (Ill. 1979) as "the standard applied to an Application to vacate an arbitration award." *See* AAV at 9. *Garver* states:

> "A long line of cases has established that an arbitrator's award will **not** be set aside because of his errors in judgment or mistakes of law or fact.
>
> "The fact that arbitrators have made an erroneous decision will **not** vitiate an award. If they have acted in good faith, the award is conclusive upon the parties; and neither party is permitted to avoid it, by showing that the arbitrators erred in their judgment, either respecting the law or the facts of the case."
>
> Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes [arbitration] should receive every encouragement from the courts of equity. If the award is within the submission, and contains an honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error in law or fact. A contrary course would be a substitution of the judgment of the Chancellor in place of the judges chosen by the parties, and would mark the commencement, not the end, of litigation.

*Garver* at 7-8, 11 (emphasis added).

In light of the above clear and emphatic language from the Illinois Supreme Court that arbitrator errors are <u>not</u> a basis to vacate the Award, it is boggles the mind that Petitioner's

counsel cites *Garver* as "the standard applied to an Application to vacate an arbitration award" and are asking this Court to substitute its judgment for that of the arbitrators -- who sat through four days of in-person testimony and evidence.

In a desperate attempt to avoid the devastating effect of the holding of its own case, Petitioner's counsel unreasonably latches onto a fragment of one sentence in the *Garver* opinion to argue in their meritless AAV[3] that is *it is apparent on the face of the award* that the Arbitration Panel made a gross error of judgment in law and/or gross mistake of fact" with respect to each and every one of Ms. Hale's multiple causes of action.  *See* AAV at ¶ 35 (emphasis added).[4]

Petitioner's "apparent on the face of the Award" argument is derived from a fragment of the following sentence from *Garver*:

> "Whenever possible a court must construe an award so as to **uphold** its validity and gross errors of judgment in law or a gross mistake of fact **will not** serve to vitiate an award *unless those errors appear on the face of the award*."

---

[3] Implicitly acknowledging that *Garver* itself defeats their meritless attempt to vacate the Award, Petitioner's counsel never even mention *Garver* in their Motion for Leave to Amend the AAV. Petitioner's counsel resurrects *Garver* in their Reply in Support of the AAV to baselessly argue that arbitrator errors is the exact same basis to vacate an arbitration award as "manifest disregard of the law" which is also the same basis as arbitrators exceeding their authority.  To advance this absurd proposition of law, Petitioner's counsel blatantly misstate the holding of *Garver;* blatantly misquote *Garver* and Ms. Hale; and violate the Court's Pin-Point Citation Rule to hide the fact that the case they cite (without a specific page number) directly contradicts Petitioner's counsel representation to the Court that "manifest disregard of the law" is used "interchangeability" (*sic*) with arbitrator errors as a basis to vacate an arbitration award.  In any event, the AAV must be denied under any Petitioner's counsel now-3 bases to vacate.

[4] Even a cursory reading of *Garver* reveals that the "unless those errors appear on the face of the award" language refers only to "modification" -- and not to vacatur -- of the arbitration award.  Indeed, the *Garver* opinion contains the following quote:  "Nor will a mistake of law or fact by the arbitrators be ground for setting aside the award, *but a mistake in the draft of the award may be reformed so as to conform to the award actually made by the arbitrators.*" *Id.* at 8 (emphasis added). The reason that this quote is included in the *Garver* opinion is that in *Garver* the arbitration loser moved to *modify* the award in addition to vacating it. *Id.* at 4.  It is therefore obvious that the "on the face of the award" language refers to "modification" of an arbitration award -- and has nothing to do with vacatur of an arbitration award.

*Garver,* 76 Ill.2d 1 at 10-11 (emphasis added).

Therefore, according to Petitioner's counsel's only case, if an arbitration award is *silent* regarding the reasons why the arbitrators decided as they did (as the Award is here), then a reviewing court must <u>uphold</u> the arbitration award – even if the arbitrators made gross errors. It is undisputed that *the Award contains no rationale or opinion* as to why the arbitrators decided to hold Petitioner liable for the damages it caused Ms. Hale. It is therefore ridiculous for Petitioner's counsel to assert that any alleged errors can be "apparent" from "the face of" the Award. An Illinois case that cites *Garver* confirms the common-sense conclusion that errors cannot appear on the face of an award if the award does not contain a rationale or opinion. That court stated:

> "The award was issued without reference to the facts as presented by the parties, or the rationale based in law. Hence, mistakes in fact or law if any would not appear on the face of the award".

*See Braun/Skiba Ltd. v. Orhard Partnership,* 177 Ill. App.3d 331, 334-35 (Ill. App. 1st 1988).[5]

The *Braun* court further stated that where an award does "not contain findings of fact, all controverted facts and issues must be presumed as having been resolved in favor of the prevailing party" and that courts "cannot set aside the arbitrators' award because of [the arbitration loser's] speculation as to the basis of the award." *Id.* The Award is silent regarding the reasons the arbitrators awarded Ms. Hale $175,000 for the damages caused by Petitioner. As

---

[5] Since this case cites *Garver*, Petitioner's counsel should have found this case with a simple WESTLAW search. As licensed attorneys, Petitioner's counsel had an ethical duty pursuant to the Rules of Professional Responsibility, and were required by Rule 11, to bring this case to the Court's attention. Given Petitioner's counsel's antics, it is not surprising that they have hidden this case from the Court because it further reveals the wholly meritless nature of their attempt to vacate the Award. In addition to this case, many Illinois courts have cited *Garver* and used that opinion to uphold the challenged arbitration award. Of course, Petitioner's counsel has not brought any of these cases to the Court's attention either.

such, no alleged errors can be apparent on the face of the Award and Petitioner's counsel is merely speculating regarding the basis of the Award.

Like here, in *Garver* "the arbitrators made no findings of fact or law." *Id.* at 6. As such, the *Garver* court <u>upheld</u> the arbitration award despite the "on the face" of the award language in that opinion. *Id.* at 11. Simply put, *Garver* stands for the uncontroversial and uncontroverted proposition that an arbitration award cannot be disturbed even if an arbitration loser proves that the arbitrators erred. Because no alleged errors are "apparent on the face of" the Award, what Petitioner and its counsel is actually asking this Court to do is vacate the Award solely because the arbitrators allegedly made errors. As Petitioner's counsel should know, binding and unanimous precedent explicitly prohibits this. Petitioner and its counsel should be sanctioned for asserting a meritless basis to vacate the Award in its AAV.

In addition asserting a meritless basis to vacate, Petitioner and its counsel should sanctioned for blatantly misstating the holding of *Garver* – and for the many other reasons discussed below.

**III.  In Addition to Being Sanctioned For Citing *Garver* As a Basis to Vacate In the First Place, Petitioner and Its Counsel Should Be Sanctioned For Blatantly Misstating the Holding of *Garver*.**

In their latest pleading, Petitioner's counsel states that:

> *"[T]he Garver court found that, under Illinois common law, a court could vacate an arbitration award if the arbitrator made a gross error of law or a gross mistake of fact in entering an award".*

*See* Ms. Hale's Reply In Support of her Motion to Strike at 1-2, 8-9.

As discussed above, the <u>truth</u> is that *Garver* (and every case citing it) stands for the ***exact opposite*** proposition of law for which Petitioner's counsel cites it. "Sanctions are warranted" where "counsel engages in this type of deliberate mischaracterization of precedent." *Teamsters*

*Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 280 (7th Cir. 1989). Not surprisingly, Petitioner's counsel did not cite any case to support their unrecognized proposition of law. The reason is that no state or Federal case (in Illinois or in any jurisdiction) holds that arbitrator errors -- gross or otherwise -- are a legitimate basis to vacate and arbitration award. Indeed, every case that has addressed this issue has reached the exact opposite conclusion.

The Seventh Circuit has stated "over and over" that it has "held that arbitrator errors -- even clear or gross errors -- do not authorize courts to annul awards." *Widell*, 43 F.3d 1150 at 1151. Simply put, "[c]ourts do not sit to hear claims of factual or legal errors by an arbitrator." *Id.* "Factual or legal errors by arbitrators – even clear or gross errors – 'do not authorize courts to annul awards.'" *Gingiss Intern., Inc. v, Bormet*, 58 F.3d 328, 333 (7th Cir. 1995). [6]

The Seventh Circuit "repeatedly [has] stated that [it does] not -- and will not -- review arbitral awards for legal or factual errors." *Prostyakov v. Masco Corp.,* 513 F3d 716, 723 (7th Cir. 2008). Indeed, due to the goals of arbitration, the binding and unanimous precedent in the Seventh Circuit (and all other state and Federal courts) is so strong that the United States Supreme Court prohibits courts from even considering vacating arbitration awards due to arbitrator errors -- even if the parties agree in writing that arbitrator errors can serve a basis to vacate an arbitration award (which is not the situation here). *See Hall Street Assoc., LLC v. Mattel, Inc.*, 06-989 (U.S., March 25, 2008).

It is difficult to imagine that, in light of *Garver* itself and the unanimous precedent that holds that arbitrator errors are not a sufficient basis to vacate an arbitration award, Petitioner's counsel actually believes its representation to the Court that the *"Garver court found that, under*

---

[6] *See also Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994).

*Illinois common law, a court could vacate an arbitration award if the arbitrator made a gross error of law or a gross mistake of fact in entering an award".*[7]

In any event, as discussed below, whether or not Petitioner's counsel actually believe their false representation to the Court is not enough to avoid Rule 11 sanctions. Rule 11 sanctions are determined using the objective standard – i.e., what a reasonable attorney *should have* known. Petitioner's counsel should have known that the AAV was meritless and should have known that *Garver* did not hold or state that arbitrator errors are a basis to vacate. Petitioner and its counsel should therefore be sanctioned.

**IV.    In Addition To Filing Two Meritless Applications to Vacate and Blatantly Misstating The Holding Of The Sole Case They Cite To Support the AAV, There Are Many Other Bases To Sanction Petitioner and Its Counsel.**

Petitioner's counsel should have never filed the initial application to vacate or the AAV in the first place. It is obvious to any reasonably competent attorney that *Garver* (and the easily discoverable cases citing *Garver*) standing alone fully defeats Petitioner's attempt to vacate the Award. As such, the AAV itself requires that Petitioner and its counsel be sanctioned. As discussed above, blatantly misstating the holding of the sole case they cite as the basis to vacate the Award also requires that Petitioner and its counsel be sanctioned. Further, not serving the initial application was an obvious attempt to harass and delay which also requires sanctions be imposed on Petitioner and its counsel.[8]  *See e.g. Brown v. Fed'n of St. Medical Boards of U.S.*, 830 F.2d 1429, 1433-34 (7th Cir. 1987) ("if an attorney files pleadings that are not reasonably

---

[7] It is interesting to note that Petitioner's counsel has dropped the "on the face of the Award" qualifier in making this false representation of law to the Court.

[8] Petitioner's counsel served FINRA with a copy of the initial application to vacate via FedEx but only forwarded the transmittal letter enclosing the initial application to vacate via regular mail to undersigned counsel without enclosing a copy of that pleading.

based on the law or fact, or that are meant to harass, then 'the court upon motion or upon its own initiative, *shall* impose … an appropriate sanction'") (emphasis in original).

In addition to filing two meritless applications to vacate and then blatantly misstating the holding of *Garver*, Petitioner's counsel should be sanctioned for:[9]

(1) Delaying disposition of this case by violating Illinois Supreme Court Rule 102 by *never serving* the initial application to vacate despite Ms. Hale's offer to accept service and Petitioner's counsel's promise to FINRA that it would comply with the 30-day service requirement imposed by Illinois Supreme Court Rule 102. Had Petitioner's counsel timely served its initial application to vacate, this dispute would never have been in two different forums and would have been resolved by now. *See* Ms. Hale's Brief in Support of Her Motion to Transfer at 1-2, 7-8; *see also* Ms. Hale's Brief in Opposition to AAV at 4-6.

(2) Failing to withdraw the AAV after receiving a letter from undersigned counsel shortly after the AAV was finally (but untimely) served in which he cites binding precedent (which Petitioner and its counsel have never addressed or tried to distinguish in their response to the letter or in any pleading) which requires that the FAA be applied to this dispute and therefore one basis to deny the AAV is that it was not timely served. The letter also states that the substantive basis asserted in the AAV is frivolous and that Ms Hale would seek Rule 11 sanctions if Petitioner's counsel did not withdraw the AAV.[10] *See* Ms. Hale's Brief in Support of Her Motion to Transfer at 5-5; *see also See* Ms. Hale's Opposition for Leave to Amend at 3-9.

(3) Hiding from the Court the SEC Options Study that they cite in the AAV (for a different and wrong proposition) which fully defeats Petitioner's counsel's argument that the "know your customer" rule for options is not a suitability rule *See* Ms. Hale's Opposition to AAV at 12-13; *see also* Ms. Hale's Motion to Strike at 10-11.

(4) Misstating that undersigned counsel "conceded" that Petitioner had no "suitability" duty when the <u>truth</u> is that in the stipulation relied upon by Petitioner's counsel to make their false representation to the Court, undersigned

---

[9] Ms. Hale has previously addressed these issues in prior pleadings and will therefore only briefly mention them here in the approximate order that they occurred.

[10] While Petitioner's outside counsel has a strong financial incentive to prolong this litigation, they had an ethical obligation pursuant to Rules of Professional Responsibility, and were required by Rule 11, to have advised their client not to file either meritless application to vacate. Similarly, Petitioner's in-house counsel had the same ethical obligation to advise her client that the AAV is meritless.

counsel states that the "*suitability* obligation we are talking about [occurs] at the time the account is open." *See* Ms. Hale's Opposition to AAV at 12.

(5) Never admitting to the Court that Petitioner used the term "suitability" on its website in connection with its promise to Ms. Hale (and all other customers) to conduct a suitability analysis before allowing her to trade options. *See* Ms. Hale's Opposition to AAV at 12; *see also* Ms. Hale's Motion to Strike at 10.[11]

(6) Falsely stating to the Court that Ms. Hale did not provide any authority to the arbitrators contradicting Petitioner's absurd propositions of law. *See e.g.* Ms. Hale's Opposition to AAV at 12-13.

(7) Falsely stating to the Court that they did not mention that "arbitrators exceeded their powers" in the AAV because they "inadvertently overlooked" that statutory basis despite the fact that Petitioner's counsel cites the Illinois Arbitration Act (the "IAA") (but never argues that any of bases to vacate therein apply here) in the AAV. *See* Ms. Hale's Opposition for Leave to Amend at 10.

(8) Falsely stating to the Court that they are "unaware" of any provision in the IAA that would undermine the FAA's aim of facilitating resolution of disputes involving interstate commerce by arbitration in a timely manner, when in fact Petitioner's counsel *admits* that they know that the IAA has a 90-day filing requirement and that the FAA has a three month *service* requirement. *See* Ms. Hale's Opposition for Leave to Amend at 7-8.

(9) Seeking leave to amend their already-amended application to vacate more than 8 months after receiving the Award; more than 7 months after filing the initial application to vacate and almost 6 months after (untimely) serving the AAV – just before the AAV was fully briefed and ready for consideration by the Court.

(10) Falsely stating in their Motion for Leave to Amend that the brand-new bases to vacate asserted in the proposed 2nd AAV were the same as arbitrator errors.

(11) Falsely stating to the Court that Ms. Hale "affirmatively waived" all of her causes of action when the <u>truth</u> is that the transcript excerpts relied upon by Petitioner's counsel conclusively show that Ms. Hale's counsel affirmatively *reaffirmed* one of Ms. Hale's causes of action and does not even mention any others.[12] *See* Ms.

---

[11] Tellingly, Petitioner removed the word "suitability" from its website after Ms. Hale filed her Statement of Claim.

[12] Petitioner's counsel's arbitrator exceeded their power argument depends on these arbitration transcripts which supposedly show Ms. Hale waived all of her causes of action. As discussed above and in various pleadings, these excerpts do not show that Ms. Hale waived any of her causes of action. Even assuming that they did, and the arbitrators supposedly erred by concluding that they did constitute to a waiver, such errors are not "apparent" on the "face of the Award" and therefore the AAV must be denied pursuant to *Garver*.

        Hale's Opposition for Leave to Amend at 13-15; *see also* Ms. Hale's Motion to Strike at 5-8.

(12)    Inserting brand-new legal arguments in their Reply in Support of the AAV before receiving the Court's permission to do so.  *See* Ms. Hale's Motion to Strike at 3.

(13)    Breaking their promise to the Court that they would not assert additional facts in support of their Motion for Leave to Amend the AAV by attaching a portion of the arbitration transcript to Petitioner's Motion for Leave *that neither Ms. Hale nor the Court had ever seen*.  *See* Ms. Hale's Motion to Strike at 3, 7-8; *see also* Ms. Hale's Reply in Support of her Motion to Strike at 13-15.

(14)    Falsely stating to the Court that Ms. Hale has the burden of persuasion in this Court.  *See* Ms. Hale's Reply in Support of her Motion to Strike at 2, 11-13.

(15)    Misquoting *Garver* to support its meritless argument that "manifest disregard of the law" and "gross **disregard** of the law" are interchangeable phrases used by courts as a basis to vacate when *Garver* does not use the term "gross *disregard*".  *See* Ms. Hale's Reply in Support of her Motion to Strike at 2-3, 5-7.

(16)    Misquoting *Garver* to support its meritless argument that gross errors of law are a "subset" of Section 12(b) of the Illinois Uniform Arbitration Act and that gross errors of law are "equivalent to" to an arbitrator exceeding his powers.  *See* Ms. Hale's Reply in Support of her Motion to Strike at 2-3, 5-7.

(17)    Falsely stating to the Court that Ms. Hale has used the phrase "gross **disregard** of the law.  *See* Ms. Hale's Reply in Support of her Motion to Strike at 2-3, 6.

(18)    Violating the Court's Pin-Point Citation Rule to deliberately hide the fact that the case cited by Petitioner's counsel states that "manifest disregard of law" is "***beyond and different***" than arbitrator errors which wholly defeats Petitioner's counsel's meritless argument based on that very case that manifest disregard of the law is the same as errors of law.  *See* Ms. Hale's Reply in Support of her Motion to Strike at 2-5, 7-8.[13]

In light of the above, only one of two conclusions can be reached: either Petitioner's counsel is grossly incompetent or Petitioner's counsel has purposely and knowingly made false representations to the Court.  In either case, Petitioner and its counsel must be sanctioned because the objective standard is used in deciding whether to award Rule 11 sanctions.

---

[13] Given the above, it is both incredible and outrageous that Petitioner's counsel had the hubris to request sanctions from Ms. Hale in their Response to Ms. Hale's Motion to Strike.

**V.      Petitioner's Counsel Could Not Have Objectively Believed That Arbitrator Errors Are Basis To Vacate An Arbitration Award Or Objectively Believed That Their Blatant Misstatements of Law and Fact Were Correct.**

In their initial application to vacate, their AAV and their proposed 2nd AAV (and all of their other pleadings), Petitioner's counsel blatantly misstates the law and facts relevant to this Court's review.  Whether Petitioner' counsel is grossly incompetent and therefore honestly believed their arguments to vacate the Award were valid or whether Petitioner's counsel purposely and knowingly attempted to mislead the Court is of no matter.  Petitioner's counsel should be sanctioned in either case.

"A party risks sanction for failing to make a reasonable inquiry into the factual and legal basis for the asserted claim". *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 280 (7th Cir. 1989).  Even if Petitioner's counsel believed that their initial position that errors are a basis to vacate to the Award, such belief was unreasonable.  Petitioner's counsel also could not have reasonably believed their subsequent position that errors, manifest disregard of the law, and arbitrators exceeding their authority are one in the same.  As such, Petitioner and its counsel should be sanctioned.

Even worse than (supposedly) not knowing their positions were unreasonable, Petitioner's counsel misstates the holdings of the cases they cite; blatantly misquote those cases; and hide from the Court authority that completely contradicts many of their arguments.  A "party is not entitled to deliberately ignore or misstate caselaw that is unfavorable to its position".  *Id.* As such, Petitioner and its counsel should be sanctioned.

Further compounding their sanctionable conduct, Petitioner's counsel makes many false statements regarding the evidence adduced at the arbitration hearing.  "Rule 11 also prohibits a

party from rewriting the factual record to reflect what it thinks should have occurred." *Id.* As such, Petitioner and its counsel should be sanctioned.

### VI. Sanctions Are Awarded "More Freely" In Cases Where An Arbitration Loser Challenges An Arbitration Award Than In Other Cases of Groundless Litigation.

Sanctions should be assessed against parties that "challenge arbitration awards without basis." *Dreis & Krump Mfg. v. Int'l Ass'n, Machinists*, 802 F.2d 247, 254-55 (7th Cir. 1986). In light of the goals of arbitration, sanctions are awarded "more freely" in cases where an arbitration award is challenged compared to other cases of groundless litigation. *Id.* Although Ms. Hale strongly believes that Petitioner's counsel has acted in bad faith, the test under Rule 11 is an objective one and therefore the Court must award sanctions without examining whether Petitioner's counsel acted in bad faith. *Id.*

"It is human nature to crave vindication of a passionately held position even if the position lacks an objectively reasonable basis in law. But … Rule 11 makes clear the he who seeks vindication in such circumstances and fails to get it must pay his opponent's reasonable attorney's fees." *Id.* at 255. If sanctions are not awarded in a case as egregious as this then every arbitration loser will file meritless applications to vacate without fear of facing any consequences. This would undermine the many worthy goals of arbitration.

Attorney's fees and costs are not enough of a sanction in this case, as this sanction would merely put Ms. Hale back in the same position she would have been had Petitioner's counsel correctly advised its client to pay the Award and did not file the blatantly meritless initial application in the first place (which it never served).

Given Petitioner's counsel's egregious antics discussed above, Petitioner and it counsel should be ordered to pay additional sanctions directly to Ms. Hale for the emotional distress it intentionally inflicted on her. Evidence adduced at the arbitration hearing showed that Ms. Hale

has virtually no income and no savings and is therefore forced to live off her credit cards. This is still the situation Ms. Hale faces. Put another way, Ms. Hale desperately needs the money she was rightfully awarded – and Petitioner and its counsel knew it almost 1 year ago. Even a cursory review of the AAV reveals that Petitioner's counsel could not objectively believe that they had any chance to successfully vacate the Award. Merely filing the frivolous initial application to vacate was bad enough as it unnecessarily delayed payment of the Award to Ms. Hale. Combined with Petitioner's counsel's inexcusable delay tactics in serving such an off-the-charts frivolous application to vacate -- and their other antics discussed above -- is a mean-spirited attempt to cause Ms. Hale unneeded stress and anxiety. Unfortunately for Ms. Hale, Petitioner's counsel's dirty tricks have been effective as they have caused Ms. Hale's financial and physical health to deteriorate since she became aware that Petitioner did not pay the Award within FINRA's thirty-day deadline.

## CONCLUSION

For the reasons set forth above, the Court should order Petitioner and its counsel pay all of the attorney's fees and costs incurred by Ms. Hale since the Award was served. In addition, Petitioner and its counsel should be ordered to compensate Ms. Hale for the pecuniary/emotional/physical injuries Petitioner and its counsel have inflicted on Ms. Hale.

Respectfully submitted,

NEIL B. SOLOMON P.A.

By: /s/ Neil B. Solomon
Neil B. Solomon, IL Bar No.: 6243930
4174 St. Lukes Lane
Jupiter, FL 33458
Tel: 561-762-4991
Fax: 561-626-2721
Email: neilbsolomonesq@gmail.com
*Attorney for RESPONDENT LINDA HALE*

-16-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notice of Electronic Filing generated by CM/ECF this 14th day of July 2008 to:

Jeffry M. Henderson, Esq.
Robert Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Phone:  312-986-6960
Fax:  312-986-6961
Email: rchristie@henderson-lyman.com
          jhenderson@henderson-lyman.com

                                  /s/Neil B Solomon
                                  Neil B. Solomon