UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONSXPRESS, INC., <br><br> Petitioner, <br><br> v. <br><br> LINDA HALE, <br><br> Respondent. | Docket No. 08 CV 179 <br><br> Virginia M. Kendall, Judge |

**PETITIONER'S MOTION TO STRIKE
RESPONDENT'S RENEWED MOTION FOR SANCTIONS**

Petitioner optionsXpress, Inc. ("optionsXpress"), pursuant to local rule LR7.1 and as its response to Respondent's Renewed Motion for Sanctions, requests the entry of an order striking Respondent's Renewed Motion for Sanctions for violating local rule LR7.1, and in support thereof states as follows:

**Procedural History**

This matter is a diversity action, having been removed by respondent Hale on January 8, 2008, from the jurisdiction of the Circuit Court of Cook County, Illinois. This action was commenced on September 12, 2007, for the purpose of vacating an arbitration award entered on August 13, 2007. The operative pleading currently before the Court is optionsXpress' Amended Application to Vacate Arbitration Award (the "First Amended Application"). Incorporated in Respondent's Notice of Removal was a Motion to Transfer, which requested the Court to transfer this action to a parallel

federal proceeding in the Southern District of Florida (the "Florida Action"), where respondent Hale had filed an application to confirm the arbitration award that is the subject of this action. Respondent subsequently withdrew her Motion to Transfer on March 28, 2008, shortly after the court in the Florida Action entered an order transferring the matter pending before it to this Court on March 26, 2008.[1] On March 31, 2008, Hale filed her Response to optionsXpress' First Amended Application ("Response to the First Amended Application"). Following the Florida Action's transfer of its record to this Court on April 1, 2008, this Court set a status hearing for April 24, 2008.

At the Court's status hearing on April 24, 2008, the undersigned represented to the Court that optionsXpress would be seeking leave of court to file a Second Amended Application to Vacate (the "Second Amended Application"). Accordingly, the Court entered an order (the "April 24 Order"), setting a briefing schedule on that motion, and a new status hearing was scheduled for July 31, 2008. In addition, the April 24 Order provided optionsXpress leave to file a Reply in support of its First Amended Application currently pending before the Court.

---

[1] On January 22, 2008, optionsXpress filed its Motion to Stay or Dismiss Linda Hale's parallel Florida action pending the conclusion of the matter before this Court. In response, Judge Kenneth L. Ryskamp of the United States Court for the Southern District of Florida transferred Ms. Hale's action to this Court. As a prelude to the practice demonstrated in this action, Ms. Hale included in her Response to optionsXPress' Motion to Stay or Dismiss a motion for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure. Judge Ryskramp took swift action on that motion in a footnote to his Order dated March 26, 2008, by stating, "Petitioner [Hale] submitted a response brief that exceeded the permitted number of pages without leave of court. Thus, this Court has disregarded pages twenty one through twenty seven as they were filed in violation of the local rules. Any arguments raised in those pages, such as Petitioner's request that Respondent be sanctioned, shall not be addressed and will be deemed as if those pages were never filed." A copy of Judge Ryskamp's Order dated March 26, 2008 is attached hereto as **Exhibit 1**.

### Hale's Repetitive Motions for Sanctions

*A. Hale's First Motion to Sanctions:*

In her March 31, 2008 Response to the First Amended Application, Hale included a motion for sanctions pursuant to Rule 11 (the "First Motion for Sanctions"), alleging that optionsXpress' First Amended Application was frivolous and meritless and that optionsXpress failed to properly serve Hale with the First Amended Application. (Hale's Resp. at 14-15)

*B. Hale's Second Motion for Sanctions.*

On May 1, 2008, optionsXpress filed its Motion for Leave to File a Second Amended Application to Vacate (the "Motion for Leave to Amend"). On May 8, 2008, pursuant to the Court's April 24 Order, Hale filed her Response to optionsXpress' Motion for Leave to Amend.[2] In her Response to the Motion for Leave to Amend, Hale included another request for sanctions, pursuant to Rule 11, alleging that optionsXpress had misrepresented the record (the "Second Motion for Sanctions"). (Hale's Resp. to Leave to Amend at 15)

*C. Hale's Third Motion for Sanctions.*

Pursuant to the Court's April 24 Order, on May 8, 2008, optionsXpress filed its Reply in support of its First Amended Application. Four days later, Hale filed a motion to strike that Reply ("Motion to Strike optionsXpress' Reply"). In her Motion to Strike optionsXpress' Reply, Hale once again alleged that optionsXpress had violated Rule 11

---

[2] What was to become a pattern and practice before this Court, Hale included an equivalent of over a page of single spaced footnotes in her sixteen-page Response to circumvent the Court's page limitation without leave of Court.

of the Federal Rules of Civil Procedure. This time Hale's motion for sanctions was based on allegations that optionsXpress First Amended Application and its Reply thereto were unwarranted under the law, that optionsXpress failed to limit its Reply to issues raised in Hale's Response to optionsXpress First Amended Application, and that optionsXpress wrongfully referenced its pending Motion for Leave to Amend in its Reply (Hale's Third Motion for Sanctions"). (Mot. to Strike optionsXpress' Reply at 14-15)  In her Motion to Strike optionsXpress' Reply, Hale also used a 1 ½ page single spaced footnote to supplement her Response to the Second Amended Application and her First Motion for Sanctions.[3] (Mot. to Strike Reply at n.2)

### D.    *Hale's Fourth Motion for Sanctions.*

Although Hale failed to properly present her Motion to Strike optionsXpress' Reply to the Court, the Court took notice of her motion sua sponte and entered an Order on May 19, 2008, setting a briefing schedule on Hale's motion. Accordingly, optionsXpress filed its Response to Hale's motion on May 30, 2008, followed by Hale's Reply in support of her Motion to Strike optionsXpress Reply on June 6, 2008. In her Reply, Hale included a new motion for sanctions, alleging that optionsXpress alleged warrantless legal contentions, "purposely misquoting" case law, and purposely misled the Court (Hale's Fourth Motion for Sanctions").[4] (Hale's Reply at 15)

---

[3]  Hale's use of a 1½-page single page footnote in her sixteen-page brief was a blatant and cavalier attempt to circumvent the Court's page limitation without leave of Court.

[4]  Hale's extensive use of footnotes in her sixteen page brief, which combined was equivalent to 1 ½ pages of double spaced text, was yet another highly transparent attempt to circumvent the Court's page limitation without leave of court.

E.     *Hale's Fifth Motion for Sanctions.*

On July 14, 2008, over five weeks after the parties had fully briefed optionsXpress' First Amended Application, optionsXpress' Motion for Leave to File a Second Amended Application, and Hale's Motion to Strike optionsXpress' Reply in Support of its First Amended Application, Hale filed her Renewed Motion for Sanctions, which is the subject of this motion. Hale raised no new matters in her Renewed Motion for Sanctions, and on its face, her new motion merely enlarged and duplicated the allegations contained in her four previous motions for sanctions against optionsXpress. Like many of her previous pleadings, Hale's new allegations against optionsXpress became nothing more than a discourse of ranting rather than a legal argument that the Court could consider. Once again, Hale's use of footnotes in her Renewed Motion for Sanctions, which combined exceeded two pages of double spaced text, was a blatant attempt to circumvent this Court's page limitation. Furthermore, Hale has used her most recent motion as a vehicle for a surreply in support of her numerous motions for sanctions – all without leave of Court.

## CONCLUSION

Petitioner optionsXpress respectfully submits that Judge Kenneth L. Ryskamp's conclusion based on his previous experience with Hale and her counsel's conduct, which was the same conduct demonstrated in this action, was correct. In particular, Judge Ryskamp concluded that Hale had submitted a brief that exceeded the permitted number of pages allowed under the court's rules and enforced the applicable rules by striking the offending pages. Thus, Judge Ryskamp ignored Hale's embedded motion

for sanctions as if it had never been filed. Likewise, optionsXpress suggests that the only proper way to avoid the conduct demonstrated by Hale's counsel is to strike Hale's Renewed Motion for Sanctions, because that motion was merely an extension of her previous motions, and thus in violation of the Court's page limitations. In addition, Hale's previous four motions for sanctions, which were imbedded in the last pages of her prior pleadings, should be stricken, because those pleadings also exceeded this Court's page limitation when taking into account Hale's unwarranted and excessive use of footnotes.

Hale's unwarranted and excessive use of footnotes has become a pattern and practice that should be discouraged, because that practice became nothing than a blatant and highly transparent attempt to circumvent the Court's page limitation without proper leave of Court. Were Hale's abuses, e.g. abusing the Court's page limitation, failing to properly present motions, duplicative allegations and motions, and inserting allegations outside the record without proper support, merely the exception rather than the rule, then this Court would most likely not take any action and optionsXpress would not have raised such an issue with the Court. However, Hale and her counsel have engaged in a pattern and practice before two federal courts – not only before this Court, but also in the parallel Florida Action, further demonstrating their complete disregard and lack of respect for the Court. Furthermore, Hale and her counsel's pattern and practice before this court has caused substantial diversion of the Court's attention and resources from the core issue to be decided. That pattern and practice should not be allowed to continue without consequences.

WHEREFORE, optionsXpress, Inc., respectfully requests the entry of an order striking Respondent's Renewed Motion for Sanctions and the four previous pending motions for sanctions contained in Respondent's prior pleadings, all of which are in violation of this Court's page limitation, and for such further or alternative relief as the Court deems appropriate under the circumstances.

                                              Respectfully submitted,

                                              OPTIONSXPRESS, INC.

                                 By:   /s/ Robert B. Christie
                                        One of Its Attorneys

| | |
|---|---|
| Jeffry M. Henderson | Hillary Victor, Corporate Counsel |
| Robert B. Christie | optionsXpress Holdings, Inc. |
| HENDERSON & LYMAN | 311 West Monroe Street, Suite 1000 |
| 175 West Jackson, Suite 240 | Chicago, Illinois 60606 |
| Chicago, Illinois 60604 | 312-267-6627 |
| 312-986-6960 | hvictor@optionsxpress.com |
| jhenderson@henderson-lyman.com | |
| rchristie@henderson-lyman.com | |