# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 179 | **DATE** | 8/4/2008 |
| **CASE TITLE** | OPTIONSXPRESS, INC vs. HALE | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for leave to file an amended application is granted. Respondent's motion to strike portions of petitioner's reply in support of its amended application to vacate is denied as moot.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Petitioner optionsXpress, Inc. ("optionsXpress") moves this Court to enter an order granting it leave to file a second amended application to vacate the arbitration award (the "Second Amended Application"). In addition, Respondent Linda Hale ("Hale") moves this Court to strike portions of optionsXpress' Reply In Support of Its Amended Application to Vacate. For the reasons stated below, optionsXpress' Motion for Leave to File an Amended Application is granted. In addition, Hale's Motion to Strike Portions of Petitioner's Reply in Support of Its Amended Application to Vacate is denied as moot.

In September 2007, optionsXpress filed an application to vacate an arbitration award in the Circuit Court of Cook County. On November 27, 2007, optionsXpress amended the application (the "Amended Application") and, on January 8, 2008, Hale removed the action to this Court. In conjunction with the Notice of Removal, Hale also filed a Motion to Transfer this action to the United States District Court for the Southern District of Florida, which the Court granted on February 20, 2008. On February 21, 2008, optionsXpress filed a Motion to Reconsider the Court's February 20, 2008 transfer Order. On March 26, 2008, prior to a decision with respect to the Motion to Reconsider, the Honorable Kenneth Ryskamp of the Southern District of Florida ordered Respondent Linda Hale's Application to Confirm be consolidated with the action before this Court. Shortly after, on March 28, 2008, Hale withdrew her Motion to Transfer this case to the Southern District of Florida. As a result of the parties' arguments, Judge Ryskamp's March 26, 2008 order for consolidation, and Hale's subsequent withdrawal of her Motion to Transfer, the Court granted optionsXpress' Motion to Reconsider and ordered the parties to appear before the Court on April 24, 2008. At the April 24, 2008 status hearing, optionsXpress informed the Court that it would be seeking leave of the Court to file a second amended application. Shortly after, on May 1, 2008, optionsXpress filed the instant Motion for Leave to file a Second Amended Application.

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend "freely . . . when justice so requires." "[A] request to allow the complaint to be amended is addressed to the judge's discretion." *Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 690 (7th Cir. 2008). Leave to amend may be denied, however, "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (internal quotations omitted).

## STATEMENT

When making a determination regarding undue prejudice, a court "must balance the general policy behind Rule 15 -- that controversies should be decided on the merits -- against the prejudice that would result from permitting a particular amendment. Only where the prejudice outweighs the case decided on the merits should the amendments be prohibited." *Bell v. Amer. Dental Assoc.*, No. 00 C 0573, 2000 U.S. Dist. LEXIS 13788, at *7-8 (N.D. Ill. Sept. 15, 2000) (internal quotations and citations omitted).

Petitioner optionsXpress seeks to amend its application to vacate to include additional allegations regarding the Court's jurisdiction, the application of the Illinois Arbitration Act, and a basis for relief from the arbitrators' award. With respect to the latter set of allegations, optionsXpress submits that the arbitrators exceeded their authority by ruling on matters that were not submitted for resolution. Hale argues that this request to amend should be denied because: (1) optionsXpress unduly delayed the filing of its current motion by waiting nearly eight months after it filed its initial application to seek the amendment; (2) Hale will suffer undue prejudice as a result of her current financial and physical conditions; and (3) the amendment would be futile. None of these reasons may properly serve as a basis for denial of the motion to amend. First, while optionsXpress filed its original application to vacate in September 2007, the eight month time lapse does not accurately reflect the time that the case remained pending before this Court. As noted above, Hale removed the action to this Court on January 8, 2008. However, as a result of the Court's rulings regarding Hale's Motion to Transfer, the case was then terminated on February 20, 2008 and reinstated on April 18, 2004. Thus, setting aside the period during which this matter was terminated, the current action remained pending in this Court for less than two months when optionsXpress informed the Court of its intention to file the instant motion to amend. Further, this time period is at issue in the case and needs to be resolved after briefing. Second, the Court has yet to rule on any dispositive motions in this case and there is no indication that the parties have engaged in substantial discovery such that an amendment would be unduly prejudicial. Third, while the Second Amended Application includes, for the first time, a developed theory that the award should be vacated because the arbitrators exceeded their authority, the factual allegations underlying this basis for relief were included in the First Amended Application. Thus, the Second Amended Application would not unfairly surprise Hale with new factual allegations. In a similar vein, many of the arguments raised by Hale in conjunction with her opposition to the First Amended Application would apply with equal force to the new allegations contained within the Second Amended Application. Finally, with respect to Hale's position that an amendment would be futile, the Court notes that a majority, if not all, of Hale's futility arguments are consistent with those asserted by Hale in her opposition to the First Amended Application. Consequently, the question of whether a majority of the amendments would be futile is contingent upon the success of Hale's prior arguments. Because these futility arguments are contingent upon and relate to Hale's previous position, the Court concludes that the effect of the amendments on optionsXpress' application would be best addressed in conjunction with her previous arguments and in the context of the case as a whole.

For the reasons stated above, the Court concludes that denying optionsXpress' Motion for Leave to File an Amended Application would be inappropriate at this juncture, given this Court's liberal construction of Federal Rule of Civil Procedure 15(a) and optionsXpress' right to have its case decided on the merits. Thus, the Court grants optionsXpress' motion to amend. In light of this decision, Hale's Motion to Strike Portions of Petitioner's Reply in Support of Its Amended Application to Vacate is denied as moot.