# EXHIBIT C

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Name of the Claimant
Linda Hale

Case Number: 06-05183

Name of the Respondent
optionsXpress, Inc.

Hearing Site: Boca Raton, Florida

Nature of the Dispute: Customer vs. Member.

## REPRESENTATION OF PARTIES

For Linda Hale, hereinafter referred to as "Claimant": Neil B. Solomon, Esq., Neil B. Solomon, P.A., Jupiter, Florida.

For optionsXpress, Inc., hereinafter referred to as "Respondent": Hillary A. Victor, Esq., optionsXpress Holdings, Inc., Chicago, Illinois and Jeffry M. Henderson, Esq., Chicago, Illinois.

## CASE INFORMATION

Statement of Claim filed on or about: December 2, 2006.
Claimant signed the Uniform Submission Agreement: December 3, 2006.
Motion to Dismiss and Statement of Answer filed by Respondent on or about: February 7, 2007.
Respondent signed the Uniform Submission Agreement: February 7, 2007.
Brief in Support of its Motion to Dismiss filed by Respondent on or about: May 15, 2007.
Response to Motion to Dismiss and Motion for Summary Judgment with respect to Liability filed by Claimant on or about: June 4, 2007.
Motion for Witness Affidavits and/or Telephonic Testimony filed by Respondent on or about: July 30, 2007.
Response to Motion for Witness Affidavits and/or Telephonic Testimony filed by Claimant on or about: July 31, 2007.
Motion for Reconsideration of Respondent's Motion for Witness Affidavits and/or Telephonic Testimony filed by Claimant on or about: August 3, 3007.
Response to Claimant's Motion for Reconsideration of Respondent's Motion for Witness Affidavits and/or Telephonic Testimony filed by Respondent on or about: August 3, 2007.
Motion to Add Additional Evidence filed by Claimant on or about: August 10, 2007.
Motion to Bar and Strike and for Other Relief filed by Respondent on or about: August 10, 2007.

FINRA Dispute Resolution
Arbitration No. 06-05183
Award    Page 2

## CASE SUMMARY

Claimant asserted the following causes of action: 1) suitability; 2) breach of contract; 3) failure to supervise; and, 4) negligence. The causes of action relate to options trading of various unspecified securities in Claimant's accounts.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses. In addition, Respondent filed a Motion to Dismiss alleging that Claimant held a self-directed account.

## RELIEF REQUESTED

Claimant requested compensatory damages in the amount of $200,000.00, punitive damages of at least $1,000,000.00, attorney's fees, costs and forum fees.

Respondent requested that the Statement of Claim be denied and dismissed in its entirety, with prejudice, and an award of fees, costs and reasonable attorney's fees, and such other, further and different relief as this Panel deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

On June 29, 2007, the Panel issued an Order that denied Respondent's Motion to Dismiss and Claimant's Motion for Summary Judgment.

On August 1, 2007, the Panel issued an Order that granted Respondent's Motion for Witness Affidavits however, the Panel stated that if, at any time during the evidentiary hearing, it appears that any witness included in Respondent's motion has knowledge of any fact in controversy, Respondent shall make that witness available for telephonic testimony.

On August 3, 2007, the Panel issued an Order that granted Claimant's Motion for Reconsideration of Respondent's Motion for Witness Affidavits and/or Telephonic Testimony. The Panel reconsidered its previous ruling and determined that one particular witness in Respondent's motion must appear in-person.

On August 10, 2007, the Panel met in a deliberation conference and determined that Claimant's Motion to Add Additional Evidence and Respondent's Motion to Bar and Strike and for Other Relief are both denied.

The parties have agreed that the Award in this matter may be entered in counterpart copies or that a signed handwritten Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

FINRA Dispute Resolution
Arbitration No. 06-05183
Award    Page 3

Respondent is found liable for Claimant's claims of suitability, breach of contract, failure to supervise and negligence and shall pay to Claimant compensatory damages in the amount of $175,000.00.

Claimant's requests for punitive damages and attorney's fee are denied.

Any and all claims for relief not specifically addressed herein, including Respondent's request for attorneys' fees, are denied.

## FEES

Pursuant to the Code of Arbitration Procedure (the "Code"), the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
Initial claim filing fee                                    = $ 500.00

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, Respondent is a party and a member firm.

| | |
|---|---|
| Member surcharge | = $ 2,800.00 |
| Pre-hearing process fee | = $   750.00 |
| Hearing process fee | = $ 5,000.00 |
| Total Member Fees | = $ 8,550.00 |

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

No requests for adjournments were filed in this matter.

### Three-Day Cancellation Fees
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

No cancellation fees were assessed in this matter.

### Injunctive Relief Fees
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

No injunctive relief fees were incurred during this proceeding.

FINRA Dispute Resolution
Arbitration No. 06-05183
Award   Page 4

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted.  A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less.  Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) Pre-hearing sessions with the Panel @ $1,200.00/session | | | = $ 2,400.00 |
| Pre-hearing conferences:  April 25, 2007 | 1 session | | |
| June 27, 2007 | 1 session | | |
| | | | |
| Eight (8) Hearing sessions with the Panel @ $1,200.00/session | | | = $ 9,600.00 |
| Hearing Dates:       August 6, 2007 | 2 sessions | | |
| August 7, 2007 | 2 sessions | | |
| August 8, 2007 | 2 sessions | | |
| August 9, 2007 | 2 sessions | | |
| Total Forum Fees | | | = $12,000.00 |

The Panel has assessed $6,000.00 of the forum fees to Claimant.
The Panel has assessed $6,000.00 of the forum fees to Respondent.

## Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services.  These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

No administrative costs were incurred during this proceeding.

## Fee Summary

Claimant is solely liable for:

| | |
|---|---|
| Initial Filing Fee | = $    500.00 |
| Forum Fees | = $ 6,000.00 |
| Total Fees | = $ 6,500.00 |
| Less payments | = $ 1,700.00 |
| Balance Due FINRA Dispute Resolution | = $ 4,800.00 |

Respondent is solely liable for:

| | |
|---|---|
| Member Fees | = $ 8,550.00 |
| Forum Fees | = $ 6,000.00 |
| Total Fees | = $ 14,550.00 |
| Less payments | = $ 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ 6,000.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

FINRA Dispute Resolution
Arbitration No. 06-05183
<u>Award   Page 5</u>

## <u>ARBITRATION PANEL</u>

| | | |
|---|---|---|
| *Kevin S. Doty, Esq.* | - | *Public Arbitrator, Presiding Chairperson* |
| *Allen Robin* | - | *Public Arbitrator* |
| *Bernard A. Taub* | - | *Non-Public Arbitrator* |

**<u>Concurring Arbitrators' Signatures</u>**

_____          *13 August 2007*
Kevin S. Doty, Esq.                      Signature/Date
Public Arbitrator, Presiding Chairperson

_____          _____
Allen Robin                              Signature Date
Public Arbitrator

_____          _____
Bernard A. Taub                          Signature Date
Non-Public Arbitrator

_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 06-05183
Award    Page 5

## ARBITRATION PANEL

Kevin S. Doty, Esq.                                    -          Public Arbitrator, Presiding Chairperson
Allen Robin                                             -          Public Arbitrator
Bernard A. Taub                                         -          Non-Public Arbitrator

## Concurring Arbitrators' Signatures

_____
Kevin S. Doty, Esq.
Public Arbitrator, Presiding Chairperson          _____
                                                   Signature Date

_____
Allen Robin
Public Arbitrator                                  _____
                                                   August 13, 2007
                                                   Signature Date

_____
Bernard A. Taub
Non-Public Arbitrator                              _____
                                                   Signature Date


_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 06-05163
Award    Page 5

## ARBITRATION PANEL

Kevin S. Doty, Esq.                              -        Public Arbitrator, Presiding Chairperson
Allen Robin                                      -        Public Arbitrator
Bernard A. Taub                                  -        Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____
Kevin S. Doty, Esq.                                       _____
Public Arbitrator, Presiding Chairperson                  Signature Date


_____
Allen Robin                                               _____
Public Arbitrator                                         Signature Date


_____
Bernard A. Taub                                           _____
Non-Public Arbitrator                                     Signature Date


_____
Date of Service (For FINRA Dispute Resolution office use only)