# EXHIBIT G

**IN ARBITRATION BEFORE**
**THE NATIONAL ASSOCIATION OF SECURITIES DEALERS**

| | | |
|---|---|---|
| LINDA HALE | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | 06-05183 |
| | ) | |
| OPTIONSXPRESS, INC. | ) | |
| Respondent. | ) | |

## OPTIONSXPRESS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
## CLAIMANT'S STATEMENT OF CLAIM

optionsXpress, Inc. ("optionsXpress") denies that it is obligated to Claimant in any amount or under any theory, whether expressly pled or not. There is no legal basis whatsoever for Claimant's Statement of Claim ("Claim"), and accordingly, her Claim should be dismissed. In support of its Motion to Dismiss, optionsXpress states as follows:

Claimant's Claim misses three critical ingredients to survive a motion to dismiss: (1) Claimant does not have a legal theory under which optionsXpress had a duty to provide to her the services she alleges optionsXpress did not provide to her; (2) Claimant does not allege a recommendation was made to her by optionsXpress to buy or sell a particular security that was not suitable; and (3) Claimant does not provide a theory by which she can bring a private cause of action.

In a nondiscretionary account, a broker-dealer is entrusted only with completing the security transactions ordered by the customer. Claimant asserts that optionsXpress should have provided her with services that are not provided in a nondiscretionary, much less, self-directed online account. As a self-directed investor at an online self-directed firm, Claimant was responsible for making all trading decisions based on whatever information she thought she needed. In fact, Claimant assumed the contractual obligation to do so by entering into the User Agreement (**Exhibit 8**) and Limited Trading Authorization (**Exhibit 4**). See optionsXpress' Motion to Dismiss, Answer, and Affirmative Defenses ("optionsXpress' Motion to Dismiss") at 3.

Claimant alleges that regardless of the orders she placed, optionsXpress should not have permitted her to place certain options strategies in her self-directed accounts. However, optionsXpress had no such legal duty to act as warden for Claimant's self-directed nondiscretionary account. To state a claim for suitability, Claimant must plead that the broker made a recommendation. Claimant cannot and did not so plead.

Finally, there is no private cause of action for violation of self regulatory organization rules.

Accordingly, Claimant's Claim must be dismissed because: (1) she can plead no set of facts entitling her to relief, and (2) her Claim fails to state a claim as a matter of law.

## STANDARD

In ruling on a motion to dismiss, the Panel need not accept as true "unsupported conclusions of fact." First Inc. Funding Corp. v. Federal Ins. Co., 284 F.3d 799, 804 (7th Cir. 2002) (dismissing complaint). The Panel may grant a motion to dismiss when it appears that plaintiff cannot prove any set of facts entitling her to relief. Id. "The requirement to draw reasonable inferences is not an invitation to irrational, plaintiff-friendly speculation." Lazard Debt Recovery GP v. Weinstock, 864 A.2d 955, 964 (Del. Ch. 2004). Claimant can prove no set of facts entitling her to relief, even when such facts are liberally construed in her favor, and accordingly, the Panel may and should grant optionsXpress' Motion to Dismiss.

## ARGUMENT

I.    **AS A MATTER OF LAW, OPTIONSXPRESS OWES NO DUTY TO PROHIBIT CLAIMANT FROM TRADING IN HER ONLINE SELF-DIRECTED NONDISCRETIONARY TRADING ACCOUNT.**

To withstand a motion to dismiss, Claimant's Claim must allege the existence of a legal duty or standard of care owed to her by optionsXpress, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff. Hills v. Bridgeview Little League Ass'n, 195 Ill. 2d 210, 228 (2000). Without a legal duty owed, a negligence claim fails. Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 224 (4th Cir. 2002). For a legal duty to be established, a party must owe another a duty of care. Id. Whether a duty of care exists is a question of law. Bajwa v. Metropolitan Life Insurance Co., 208 Ill. 2d 414, 422 (2004).

Courts have continuously refused to impose a duty on broker-dealers to supervise and monitor the investment orders of their self-directed customers. Chee v. Marine Midland Bank, N.A., 1991 WL 15301 *4 (E.D.N.Y. 1991) (noting an "even greater reason to reject monitoring in the case of discount brokers whose admitted function is not to give advice so investors can save money on commissions"); see also Armstrong v. McAlpin, 699 F.2d 79, 91 (2d Cir.1983); see also Cumis Ins. Soc'y. Inc. v. E.F. Hutton & Co., 457 F.Supp. 1380, 1386-87 (S.D.N.Y.1978) (rejecting a similar claim).

In fact, courts have dismissed claims not anchored to an established legal duty. Drage, v. First Concord Secs., Inc., 707 N.Y.S.2d 782, 787 (Sup. Ct. 2000) (plaintiffs did not allege facts sufficient to show any duty of care); Rosengard v. McDonald, 562 N.E.2d 583, 586-87 (Ill. App. 1990) (no duty of care owed by broker-dealer to purchaser); Press v. Chemical Investment Servs. Corp., 166 F.3d 529, 536 (2d Cir. 1999) (duty is limited to the affairs entrusted to the broker – execution of the customer's order, and that duty terminates once the order is executed).

It is settled law that broker owes its nondiscretionary client only limited duties. Id.; See also Independent Order of Foresters v. Donald, Lufkin, & Jenrette, Inc., 157 F.3d 933, 940-41 (2d Cir. 1998). Those duties are:

   1) to execute all trades requested by the customer Id.; and
   2) to obtain authorization for all purchases and sales, Conway v. Icahn & Co., 16 F.3d 504, 510 (2d Cir. 1994); and
   3) to execute those orders within a reasonable time. Robinson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 337 F. Supp. 107, 111 (N.D. Ala. 1971), aff'd, 453 F.2d 417 (5th Cir. 1972).

optionsXpress has no legal or contractual duty to act as warden for Claimant's online, nondiscretionary, self-directed account, and did not undertake to do so. In fact, the User Agreement places the responsibility on Claimant to determine whether the trades she placed in her account were suitable for her. optionsXpress' Motion to Dismiss at 3.

The law governing the duties of a broker to its nondiscretionary account holders has been clear since the early 1900s:
   - A broker's duty is to buy for the customer the stocks the customer indicates, hold, and close those positions upon notification by the customer. When the transaction is complete, the broker's undertaking is complete. The risk is borne by the customer who profits from the success of the undertaking or loses when it fails. Richardson v. Shaw, 209 U.S. 365 (1908); see also Restatement of Agency, 2d § 106.
   - "[W]here the customer maintains a nondiscretionary account, the broker's duties are quite limited [to execution and related matters]." Independent Order of Foresters, 157 F.3d at 940-41.
   - A broker assumes no obligations over a nondiscretionary account beyond the duty to faithfully execute transactions ordered by the customer. Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 769 F.2d 561, 567 (9th Cir. 1985).

- A "broker-dealer operating a nondiscretionary account has no duty to determine the suitability of a customer's trades or to prevent the customer from losing money." <u>Tatum v. Legg Mason Wood Walker, Inc.</u>, 83 F.3d 121, 123 (5th Cir. 1996).
- A discount broker owes no duty except that it may not misrepresent facts. <u>First Union Discount Brokerage Services, Inc. v. Milos</u>, 717 F.Supp. 1519 (S.D. Fla. 1989), aff'd 997 F.2d 835 (11th Cir.).
- Where a customer maintains a nondiscretionary account, the firm's only duty is not to execute unauthorized transactions. *See* <u>Leboce, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 709 F.2d 605, 607 (9th Cir. 1983).
- In a nondiscretionary account, the broker's duty is "only to fulfill the mechanical, ministerial requirements of the purchase or sale of the security or future contracts on the market." <u>Robinson</u>, 337 F.Supp. at 111 (quoting <u>Walston & Co. v. Miller</u>, 410 P.2d 658, 661 (1966)).
- A broker's duty in relation to a nondiscretionary account is complete, and his authority ends, when the purchase or sale has been made and accounted for. <u>Robinson</u>, 337 F.Supp. at 111; *see also* <u>Leib v. Merrill Lynch, Pierce, Fenner & Smith</u>, 461 F.Supp. 951, 953 (E.D.Mich.1978).

Claimant does not, and cannot allege that optionsXpress failed to provide her with the execution and account-information services it was duty-bound to provide. Claimant, however, seems to desire that the optionsXpress disregard that duty to follow her instructions, and instead she seems to require that the firm prevent her from executing the trades she ordered. Certainly, optionsXpress had no duty to prevent this Claimant from trading the options that she transferred from her former broker to optionsXpress and continued trading – for four years.

Claimant seems to allege optionsXpress had a further duty to prevent her from proceeding with the trading decisions she made in her self-directed account because all of her own decisions were unsuitable for her. The law does not impose such a duty on self-directed nondiscretionary accounts of member firms. To so permit would result in a windfall to Claimant. Because optionsXpress owed no duty, this Claim must be dismissed.

II. **BECAUSE OPTIONSXPRESS MAKES NO RECOMMENDATIONS, CLAIMANT'S SUITABILITY CLAIM SHOULD BE DISMISSED.**

optionsXpress makes no recommendations, and Claimant agreed in her User Agreement. <u>optionsXpress' Motion to Dismiss</u> at 3. Explicitly, and throughout its website, optionsXpress' informs both visitor and customers accessing their accounts and placing orders, that optionsXpress:

- **"makes no investment recommendations. . ."**
- **does not recommend buying or selling any particular security**

Without a recommendation, Claimant's Claim for unsuitable investments fails.

It is well settled that a firm does not undertake suitability obligations to a customer where it simply executes orders. Courts have generally declined to hold broker-dealers accountable for the suitability of an unsolicited order from a customer. Suitability obligations exist only when a broker-dealer makes a recommendation to a customer. Where no recommendations are made, a claim for unsuitability fails as a matter of law.

A suitability determination is required only when there is a recommendation. <u>Parsons v Hornblower & Weeks-Hemphill, Noyes</u>, 447 F Supp 482 (1977, M.D.N.C.), aff'd 571 F2d 203 (4th Cir. 1978). A broker simply effecting a trade initiated by a customer, without a related "recommendation", is not required to perform a suitability analysis. <u>In re Thomas E. Warren, III</u>, 51 S.E.C. 1015, 1019 n. 19, 1994 SEC LEXIS 508 (1994) (holding that suitability claims were not supported because the record does not contain any evidence that Warren "recommended the transactions that were effected in these accounts"), aff'd, 69 F.3d 549 (10th Cir. 1995) (table format); *see also* <u>Altschul v. PaineWebber, Jackson & Curtis</u>, 518 F. Supp. 591, 594 (S.D.N.Y. 1981) (granting defendant's motion for summary judgment on churning and suitability claims based on plaintiff's failure to object to the trading in the account in light of forty years of

securities investment experience, review of confirmations and monthly statements, and awareness of the broker's actions and the amount of commissions generated).

Moreover, a customer's prior intent to engage in particular investment strategy precludes broker liability for executing trades in furtherance of that strategy. Keirnan v Homeland, Inc., 611 F2d 785 (9th Cir. 1980).

Claimant fails to plead that optionsXpress made any recommendations because she cannot. Therefore, her allegation that the option orders she placed were unsuitable for her, and optionsXpress is therefore liable, has no merit. As a matter of law, no liability may attach to optionsXpress. This Claim should be dismissed.

III.    **BECAUSE NO PRIVATE CAUSE OF ACTION LIES FOR ALLEGED SELF REGULATORY ORGANIZATION ("SRO") RULE VIOLATIONS, THIS CLAIM SHOULD BE DISMISSED.**

Claimant's allegations of SRO rule violations should be dismissed as a matter of law. Claimant appears to rely on self regulatory organization suitability rules in stating her claim. A breadth of case law states that violations of SRO rules, including the NASD "suitability" rule, do not give rise to a private cause of action. Claimant's claims for violations of industry rules should be dismissed as a matter of law.

A private right of action may be implied only where Congress intends to create such a cause of action. The United States Supreme Court decided two cases that have been interpreted as precluding the implication of a private cause of action for violation of exchange and NASD rules. Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15 (1979); Touche Ross & Co. v. Redington, 442 U.S. 560, 575-76 (1979). The Court in Touche Ross determined Congress' intent by examining the language of the statute, the legislative history of the statute, and the overall statutory scheme. Touche Ross, at 568-73.

The statutory scheme contemplates self-regulation and enforcement of the rules by exchanges and associations, suggesting that Congress intended such self-regulation to be the only means of enforcement. See Juster v. Rothschild, Unterberg, Towbin, 554 F.Supp. 331, 333 (S.D.N.Y.1983). The NASD rules at issue in Claimant's Claim are not directly enacted by Congress but are adopted by the NASD acting on the authority of Congress – and not designed solely for the direct protection of investors. Shahmirzadi v. Smith Barney, Harris Upham & Co., Inc., 636 F.Supp 49 (D.D.C. 1985) (Congress did not intend to delegate the authority to create private causes of action to NASD). Under the clear weight of authority, there is no private cause of action for alleged violations of NASD's suitability rule. Thompson v. Smith Barney, Harris Upham & Co., 709 F.2d 1413, 1419 (11th Cir. 1983) (no private right of action for violation of the NASD "suitability" rule); Jablon v. Dean Witter & Co., 614 F.2d 677, 679-81 (9th Cir. 1980); Shull v. Dain, Lakman & Quail, Inc., 561 F.2d 152, 159 (8th Cir.1977); Kaufman v. Magid, 539 F.Supp. 1088, 1098-99 (D. Mass. 1982) (no private right of action under certain rules of the Chicago Board of Options Exchange); Hayden v. Walston & Co., 528 F.2d 901 (9th Cir. 1975); Finne v. Dain Bosworth, Inc., 648 F. Supp. 337, 342 (D. Minn. 1986); Cummings v. A.G. Edwards & Co., 637 F. Supp. 132, 134 (M.D. La. 1986); Carroll v. Bear, Stearns & Co., 416 F.Supp. 998 (S.D.N.Y. 1976); Thompson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 401 F.Supp. 111 (W.D.OK 1975); Piper, Jaffray & Hopwood, Inc. v. Ladin, 399 F.Supp. 292 (S.D. Iowa 1975); Wells v. Blythe & Co., Inc., 351 F.Supp. 999 (N.D.CA. 1972); Mercury Investment Co. v. A. G. Edwards & Sons, 295 F.Supp. 1160 (S.D.TX 1969). Lefkowitz v. Smith Barney, Harris Upham & Co., Inc., 804 F.2d 154 (1st Cir. 1986).

There is no reason to depart from this well settled precedent. This Claim should be dismissed as a matter of law.

## CONCLUSION

Claimant executed a User Agreement that expressly provides that optionsXpress undertakes no obligation to provide advice and vests Claimant with responsibility for her trading decisions including determining whether the trades she placed were suitable for her. She should not now be able to claim that optionsXpress should have provided her with the very services she chose not to receive. Moreover,

optionsXpress does not, and its website explicitly states that it does not, make recommendations. Without pleading the essential element of a "recommendation", a suitability claim fails as a matter of law. To find that Claimant states a Claim as a matter of law, or to hold optionsXpress liable is to impose new common law obligations that are inconsistent with the volume of existing federal and state regulations and rules promulgated by the SEC, NASD and stock exchanges.

For the foregoing reasons, optionsXpress respectfully requests that the Panel:

    a)    Deny all relief requested by Claimant in her Claim;
    b)    Dismiss the Claim in its entirety, with prejudice;
    c)    Award optionsXpress fees, costs, and reasonable attorney's fees in connection with defending this Claim; and
    d)    Grant such other, further and different relief as the Panel deems just and proper.

Respectfully Submitted:
optionsXpress, Inc.

By: _____

Hillary Victor
Corporate Counsel
optionsXpress Holdings, Inc.
39 S. LaSalle Street, Suite 220
Chicago, IL 60603
Tel: (312)267-6627
Fax: (312)220-7069
hvictor@optionsxpress.com