# EXHIBIT H

IN ARBITRATION BEFORE
THE NATIONAL ASSOCIATION OF SECURITIES DEALERS

| | |
|---|---|
| LINDA HALE )<br>      Claimant, )<br>)<br>v. )   06-05183<br>)<br>OPTIONSXPRESS, INC. )<br>      Respondent. ) | |

### OPTIONSXPRESS' REPLY BRIEF IN RESPONSE TO CLAIMANT'S RESPONSE TO ITS MOTION TO DISMISS AND RESPONSE TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

Respondent optionsXpress, Inc. ("optionsXpress") respectfully submits this reply in support of its Motion to Dismiss Claimant's Statement of Claim ("Claim") and in response to Claimant's Motion for Summary Judgment on the Issue of Liability ("Claimant's Motion"). In fact, Claimant's Brief in Response to optionsXpress Motion to Dismiss ("Response") is devoid of any law addressing or contradicting the controlling law set forth in optionsXpress' Brief in Support of its Motion to Dismiss ("optionsXpress' Brief"). Claimant's efforts to reiterate her view of the facts does not plead the elements necessary to save her Claim, which clearly fails as a matter of law. Claimant's attempt to craft its Response as a motion for summary judgment fails for the same reasons – the Claim fails to plead the elements essential to state a cause of action. Without pleading the elements necessary to state a claim, Claimant's Motion must fail.

### PRELIMINARY STATEMENT

The Panel may grant a motion to dismiss when it appears that Claimant cannot prove any set of facts entitling her to relief. First Inc. Funding Corp. v. Federal Ins. Co., 2002 WL 467111 at *3 (7th Cir. Mar. 28, 2002) (dismissing complaint). In order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.), cert. denied, 506 U.S. 893, 113 S.Ct. 267 (1992).

### ARGUMENT

Claimant's crafting of purported facts fails to overcome the fatal deficiencies underlying her claim. optionsXpress will not belabor the Panel by reiterating the case law cited and arguments set forth in optionsXpress' Brief, which Claimant's Response fails to address.

Instead, optionsXpress asks the Panel to grant optionsXpress' Motion to Dismiss, deny Claimant's Motion, and exercise its authority to dismiss Claimant's Statement of Claim as a matter of law. Sheldon v. Vermonty, 269 F.3d 1202 (10th Cir. 2001) and Warren v. Tacher, 114 F. Supp.2d 600 (W.D. Ky 2000).

In summary, as a matter of law, as cited in optionsXpress' Brief, Claimant's Claim misses three critical ingredients to survive a motion to dismiss and precludes her from summary judgment on a claim that should not survive:

I. Claimant's negligence theory fails because, as a matter of law, no duty is owed to this claimant to provide to her the services she alleges optionsXpress did not provide to her.
II. Claimant's suitability claim fails since Claimant does not, and cannot, allege that optionsXpress made a recommendation to her to buy or sell a particular security.
III. Claimant does not provide a theory by which she can bring a private cause of action for an alleged rule violation.

There is no reason to depart from the well-settled precedent on point. This Claim should be dismissed as a matter of law and Claimant's Motion on the issue of liability should be denied as without merit.

I. **Claimant's recitation of purported "facts" does not cure her failure to plead the necessary elements for her claim to survive.**

Claimant chose to trade options in her account. Claimant was approved for stock, bond, mutual fund, and certain option trading strategies. optionsXpress did not ask Claimant to trade at optionsXpress, did not solicit Claimant to trade options, and did not prevent her from trading stocks, bonds or mutual funds. Claimant's attempt to blame optionsXpress for her choice does not cure her (1) failure to plead a duty as a matter of law; (2) failure to plead a recommendation to buy or sell a particular security; or (3) inability to bring an action for an alleged SRO rule violation for which no private right of action exists. Claimant utterly fails to plead, and cannot plead, the elements necessary to state a cause of action. Accordingly, Claimant's Claim should be dismissed as a matter of law and Claimant's Motion should be denied.

Claimant attempts to blame optionsXpress, which we assume is because she failed to read the OCC document she now relies upon in her Response. The OCC document focuses on an investor's responsibility and provides a disclosure of risk to that investor. Somehow, Claimant misconstrues the document as a document conveying rights upon her – a purpose for which it was not intended. Claimant fails to inform the Panel that upon opening her account, she represented to optionsXpress that she "received, read and underst[ood] "Characteristics and Risks of Standardized Options" delivered by optionsXpress as issued by the Options Clearing Corporation ("OCC")." *See* User Agreement at Appendix B. Claimant was also provided access to this "ultimate authority" of the risks associated with standardized options in a "succinctly stated" format on the home page of optionsXpress' website where a link is prominently placed for ease of customer access at all times. *See* Response at 1 and 2. Claimant's attempt to manufacture a duty, premised on the disclosure document to investors explaining an investor's responsibility fails as a matter of law. Claimant's failure to read or understand the OCC document, in light of her representation to the contrary, does not convey a right upon Claimant nor does it plead the elements essential to her Claim. Certainly, Claimant's Motion should be denied since she cannot plead a duty as a matter of law, and optionsXpress' Motion to Dismiss should be granted.

II. **Claimant's Response and Motion evidences her continuing attempt to blame someone else for her choices.**

Claimant attempts to blame optionsXpress for her failure to exercise the responsibility for her trading decisions, including determining whether the trades she placed were suitable for her. *See* User Agreement and optionsXpress' Brief at 4. Claimant's attempt to rely on optionsXpress' informational FAQ's regarding assignment of an initial trading level should be disregarded because a recommendation to buy or sell a particular security is required to state a claim for suitability. Reliance on informational FAQ's relating to assignment of an initial trading level does not relate to, nor allege, a recommendation by optionsXpress to buy or sell a particular security. optionsXpress undertakes no obligation to provide advice and vests Claimant with responsibility for her trading decisions including determining whether the trades she placed were suitable for her. *See* User Agreement and optionsXpress' Brief. Claimant's Motion should be denied and optionsXpress' Motion to Dismiss granted accordingly.

Claimant's attempt to blame optionsXpress for her choice to direct optionsXpress to "pay management fees directly" to Mr. Wise "from [her] account" without any "responsibility to calculate or verify fees", as set forth in the Limited Trading Authorization ("LTA"), is ludicrous. Claimant paid fees to Mr. Wise, and optionsXpress simply honored Claimant's direction to it. Had optionsXpress failed to honor Claimant's direction, Claimant may have a claim, but that is not the case. Mr. Wise is not an employee, agent, or independent contractor of optionsXpress. Claimant found Wise on her own initiative and enjoyed a personal relationship with Mr. Wise extending beyond her account at optionsXpress. In fact, the personal relationship between Claimant and Mr. Wise is continuing as this Reply Brief is written.

optionsXpress feels badly that Ms. Hale's income has suffered due to the failing real estate market, but optionsXpress, on information and belief, a "deep-pocket", should not be her ticket to income due to choices she made and now regrets. In light of the LTA, her written direction to optionsXpress, and her continuing personal relationship with Mr. Wise, Claimant's assertion that optionsXpress allowed Wise to "steal" from her is wholly unfounded, shocking and outright appalling. Perhaps, Claimant should read the

plain language of the LTA she provided to optionsXpress and directed that it follow.

Mr. Wise was Claimant's agent and Claimant paid Mr. Wise – optionsXpress simply honored Claimant's direction. Even these facts do not (1) plead a duty under the law; (2) plead a recommendation to buy or sell a particular security; or (3) create a private right of action for an alleged violation of an SRO rule where no such right exists. Therefore, Claimant's Motion should be denied and optionsXpress' Motion to Dismiss Claimant's Claim as a matter of law should be granted.

## CONCLUSION

Claimant fails to, and cannot, plead any duty under the law. Moreover, optionsXpress does not make recommendations, and without pleading the essential element of a "recommendation", a suitability claim fails as a matter of law. Finally, to impose liability on optionsXpress where no private right of action exists imposes new common law obligations that are inconsistent with existing federal and state regulations and rules promulgated by the SEC, NASD and stock exchanges. Without pleading the underlying elements necessary to state a claim, Claimant's Motion cannot be granted, and optionsXpress' Motion to Dismiss should be granted.

For the foregoing reasons, optionsXpress respectfully requests that the Panel:

a) Deny all relief requested by Claimant in her Claim;
b) Deny Claimant's Motion for Summary Judgment;
c) Grant optionsXpress' Motion to Dismiss as a matter of law;
d) Dismiss the Claim in its entirety, with prejudice;
e) Award optionsXpress fees, costs, and reasonable attorney's fees in connection with defending this Claim; and
f) Grant such other, further and different relief as the Panel deems just and proper.

Respectfully Submitted:
optionsXpress, Inc.

By: _____

Hillary Victor
Corporate Counsel
optionsXpress Holdings, Inc.
39 S. LaSalle Street, Suite 220
Chicago, IL 60603
Tel: (312)267-6627
Fax: (312)220-7069
hvictor@optionsxpress.com

3