# EXHIBIT K

1

```
                    NASD DISPUTE RESOLUTION, INC.

                    ARBITRATION NO:  06-05183

                         August 6, 2007

                           Tapes 1 - 3


                           LINDA HALE,

                              VS.

                       OPTIONSXPRESS, INC.


    APPEARANCES BY:

    On behalf of the Claimants:

         Neil B. Solomon, Esq.
         (Neil B. Solomon, P.A.)


    On behalf of the Respondent:

         Hillary Victor, Esq.


         Panel Members:

         Kevin S. Doty, Esq., Chairperson
         Allen Robin, Public Arbitrator
         Bernard A. Taub, Industry Arbitrator




                      G & L TRANSCRIPTION, INC.
                      4801 NORTHWEST 27TH AVENUE
                      BOCA RATON, FLORIDA   33434

                         (561) 998-1981
```



1    suitability.  Well, there are two different
2    suitability obligations when you have options as
3    opposed to stock and they're in the rules.  NASD Rule
4    2860(b) 16 which was the top -- this is the NASD up
5    here and this is OptionsXpress.
6         Now that rule, the NASD rule talks about
7    approving or disapproving customers before they trade
8    options based on their financial situation,
9    experience, and other things.  An option firm before
10   they allow anybody to any kind of options or the
11   protocol buying calls, any type of options trader had
12   a gatekeeper duty to say, hey wait a minute, this
13   type of options trading is the only type we allow
14   for, if any.  So that's the suitability obligation
15   before we even get to whether there were any
16   recommendations.  There were not recommendations
17   here.  We are not here saying anybody from
18   OptionsXpress recommended that Ms. Hale buy options
19   in her IRA.  That's not the duty what we're talking
20   about because options are so much more risky than
21   stocks.  We're talking about a suitability obligation
22   before anybody -- trade out.
23        In fact, OptionsXpress in their own compliance
24   manual, at least two prior versions to the current
25   one, talks about suitability with respect to options



1    in two different places.  One place refers to
2    recommendations, the other place talks about the
3    criteria for opening an account.  So they even
4    acknowledge in their own compliance manuals two
5    different suitability obligations when it comes to
6    options.  I want to make that clear to the panel.  We
7    don't want to get confused.
8        The recommendation suitability obligation is
9    2860(b) 19 as opposed to (b) 16 that has nothing to
10   do with this case because we stipulate on the record
11   OptionsXpress made no specific recommendations from
12   any specific transaction.  What OptionsXpress didn't
13   know is they authorized Ms. Hale to buy puts and
14   calls after OptionsXpress reviewed her suitability
15   information, financial background, and experience,
16   and said, okay, you can buy options in your IRA even
17   though it was all the money she had in the world.
18   Here specifically OptionsXpress is broadcasting to
19   the general public promising and advertising on their
20   website that they will do a suitability, their words
21   not mine, analysis, and after such a analysis they
22   will decide whether to allow somebody to do prudent
23   trading of options in their IRA.  That is what they
24   broadcast to the general public on their website.
25   Advertising -- website is considered advertising,

