UNITED STATES DISTRICT COURT
Northern District of Illinois – Eastern Division
Case Number:  1:08-cv-00179
Honorable Virginia M. Kendall

OPTIONSXPRESS, INC.,

    Petitioner,

v.

LINDA HALE,

    Respondent.

_____/

**RESPONDENT'S REPLY IN SUPPORT OF HER
RENEWED MOTION FOR SANCTIONS**

Respondent, LINDA HALE ("Ms. Hale"), files her Reply In Support of Her Renewed Motion for Sanctions. For the reasons set forth below and for the reasons set forth in Ms. Hale's Renewed Motion for Sanctions, the Court should sanction Petitioner and its counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").

**INTRODUCTION**

In their Response to Ms. Hale's Renewed Motion for Sanctions, Petitioner's counsel represents to the Court that Ms. Hale has filed five (5) Motions for Sanctions in this Court.[1] As discussed below, Petitioner's counsel's representation to the Court is false.

The truth is that Ms. Hale has filed two (2) motions for sanctions with this Court. Ms. Hale's first motion for sanctions was embedded in Ms. Hale's Opposition to Petitioner's Amended Application to Vacate Arbitration Award ("Ms. Hale's Original Motion for Sanctions") that was filed on March 31, 2008. Ms. Hale's second motion for sanctions was filed as a separate pleading on July 14, 2008 ("Ms. Hale's Renewed Motion for Sanctions"). Ms. Hale

---

[1] Petitioner's counsel style their latest pleading as a Motion to Strike. However, in the first sentence of this pleading Petitioner's counsel admits that this pleading is "its response" to Ms. Hale's Renewed Motion for Sanctions.

-1-

filed her Renewed Motion for Sanctions for two reasons: to supplement her Original Motion for Sanctions to include the multiple instances of sanctionable conduct by Petitioner's counsel since that pleading was filed and out of an abundance of caution to comport with the language of Rule 11(c)(2).[2]

It is undisputed that Petitioner's counsel in their Response to Ms. Hale's Renewed Motion for Sanctions did not address even a single one of the numerous substantive bases for sanctions in Ms. Hale's Renewed Motion for Sanctions.[3] Rather, the only reason offered by Petitioner's counsel to deny Ms. Hale's Renewed Motion for Sanctions is that it violates Local Rule 7.1's 15-page limit. It is undisputed, however, that Ms. Hale's Renewed Motion for Sanctions does not *actually* exceed the 15-page limit. And Petitioner's counsel does not allege that it does.

Instead, the sole basis asserted by Petitioner's counsel to deny Ms. Hale's Renewed Motion for Sanctions is that it *effectively* exceeds the 15-page limit due to the supposed "overuse" of footnotes.[4] Petitioner's counsel makes this same argument with respect to Ms. Hale's Opposition to Petitioner's Amended Application to Vacate Arbitration Award; Ms. Hale's Opposition to Petitioner's Motion for Leave to Amend; Ms. Hale's Motion to Strike; and Ms. Hale's Reply In Support of Her Motion to Strike. To say that Petitioner's counsel is being hypocritical is an understatement.

---

[2] As discussed below, although Rule 11(c)(2) appears to require that a Rule 11 motion for sanctions be a separate pleading the Seventh Circuit has held that this is not an absolute requirement.

[3] Because Petitioner's counsel admits that their latest pleading is a "response" to Ms. Hale's Renewed Motion for Sanctions, Petitioner is not entitled to file a responsive pleading to this Reply in Support of Ms. Hale's Renewed Motion for Sanctions without seeking the Court's permission to do so.

[4] Of course, there is no rule that prohibits footnotes and contrary to Petitioner's counsel's baseless argument, this was not an attempt – "transparent" or otherwise – to violate the Court's rules.

The only pleading filed with this Court that *actually* violates LR 7.1 is Petitioner's Second Amended Application to Vacate. Section 6 of the Federal Arbitration Act (the "FAA") states that an application to vacate an arbitration award "shall be made and heard in the same manner provided by law for the making and hearing of motions …." *See* 9 U.S.C. § 6. Petitioner's Second Amended Application to Vacate is thirty one (31) pages (not including the certificate of service). As such, because applications to vacate are treated as motions pursuant to Section 6 of the FAA, Petitioner's Second Amended Application to Vacate is the *only* pleading filed with this Court that violates LR 7.1.[5]

In light of the above -- and Petitioner's counsel filing three (3) meritless applications to vacate, among other things – it is outrageous for Petitioner's counsel to assert that the use of footnotes in Ms. Hale's Renewed Motion for Sanctions was an "abuse" and has "caused substantial diversion of the Court's … resources" when the truth is that Petitioner's counsel actions are the only abuse and waste of the Court's time here. Indeed, had Petitioner's counsel properly advised their client to pay Ms. Hale her $175,000 arbitration award (the "Award") -- instead of filing their initial application to vacate in which the only basis to vacate alleged *has never been recognized any court* and *then never serving* their meritless application to vacate – Petitioner's counsel would have not wasted the time and resources of two Federal courts.[6]

---

[5] Petitioner's counsel filed their initial application to vacate and their amended application to vacate (the "AAV") in state court and therefore arguably were not subject to LR 7.1.

[6] In addition to filing a meritless application to vacate, Petitioner's counsel never served it. Petitioner's counsel never served their initial application to vacate despite: a) Illinois Supreme Court Rule 102 which requires service of an initial pleading within 30 days of filing it; b) Petitioner's counsel's written promise to FINRA that they would comply with Illinois Supreme Court Rule 102; and c) undersigned counsel's offer to accept service. Having *never been served with any application to vacate* the Award, Ms. Hale filed her Motion to Confirm the Award in the Southern District of Florida (the Federal court with jurisdiction closest to her home) two days after the three-month deadline for service imposed by the FAA. Had Petitioner's counsel timely served their initial application to vacate, only one Federal court would have been involved in this dispute at any given time. Just as she did when Petitioner's counsel finally (but untimely) served the AAV, Ms. Hale would have removed the initial application to vacate to this

I.  **Petitioner's Counsel Again Attempts to Mislead the Court.**

Petitioner's counsel has repeatedly misstated the law and the facts in their baseless attempts to vacate the Award.[7]  *See generally* Ms. Hale's Renewed Motion for Sanctions. Petitioner's Response to Ms. Hale's Renewed Motion for Sanctions is petitioner's counsel's latest attempt to mislead the Court. Specifically, Petitioner's counsel asserts that that Ms. Hale has filed five (5) motions for sanctions.

It is not clear why the number of motions for sanctions is relevant to the Court's determination whether to award sanctions. In any event, Petitioner's counsel's assertion regarding the number of motions for sanctions is important to note because it is their latest misstatement to the Court and is itself a basis to impose sanctions on Petitioner and its counsel.

Petitioner's counsel characterizes Ms. Hale's Opposition to Petitioner's Motion for Leave to Amend as her "Second Motion for Sanctions". On page 15 of that pleading Ms. Hale states, in pertinent part:

> In addition to filing two, and untimely serving one, meritless application(s) to vacate the Award, this latest blatant misstatement by Petitioner's counsel will be one of the bases for sanctions that *will be discussed in Ms. Hale's Renewed Motion for Sanctions that she will soon file* (emphasis added).[8]

---

Court and she also would have made a motion to transfer the initial application to vacate to the Southern District of Florida. Whatever the ruling on the Motion to Transfer, only one Federal court would have been involved in this dispute at any given time as Ms. Hale would have filed her Motion to Confirm the Award in whichever Federal court was ultimately ruled to be the court to decide this dispute. *See also* Ms. Hale's Brief in Support of Her Motion to Transfer at 1-2, 7-8.

[7] After amending the initial application to vacate with the AAV, Petitioner's counsel amended the AAV to argue that the non-existent basis (errors) was a "subset" of the statutory basis that the arbitrators exceeded their powers. Petitioner's counsel also argues that these two bases are the exact same basis as manifest disregard of the law. Petitioner's counsel does not cite any case law to support their baseless propositions of law – because there is none. In any event, as discussed in all of Ms. Hale's pleadings since filing her Opposition to Application to Vacate, the Award cannot be vacated under any of these bases.

[8] The blatant misstatement referred to was Petitioner's counsel's assertion that Ms. Hale supposedly "affirmatively" waived all of her causes of action – which is the sole allegation in support of Petitioner's

Petitioner's counsel characterizes Ms. Hale's Motion to Strike as her "Third Motion for Sanctions". On page 15 of that pleading Ms. Hale states, in pertinent part:

> Petitioner's counsel's attempt to sneak in the back-door its brand-new statutory basis by including in its Reply without the Court's permission; Petitioner's counsel's inclusion of a brand-new excerpt that neither Ms. Hale nor the Court has ever seen before (despite its written promise that it would not do so); Petitioner's counsel's repeated blatant misstatements of law and fact in all of its pleadings *will be discussed in Ms. Hale's Renewed Motion for Sanctions that she will soon file* (emphasis added).

Petitioner's counsel characterizes Ms. Hale's Reply In Support of Her Motion to Strike "Fourth Motion for Sanctions". On page 15 of that pleading Ms. Hale states, in pertinent part:

> Despite the above, Petitioner's counsel has the nerve to request from Ms. Hale the attorneys' fees they billed their client in concocting their latest legally baseless and unethical pleading. Petitioner's counsel's hubris is palpable: is an attempt to intimidate Ms. Hale; and *will be discussed in Ms. Hale's Renewed Motion for Sanctions that she will soon file* (emphasis added).

As shown by italicized language above, it is clear that none of these pleadings could be objectively interpreted to be a motion for sanctions. Rather, it is obvious to any reasonable adult that the sanctionable conduct at issue would be "discussed" *later* in a motion for sanctions that Ms. Hale planned to "soon file".

This, however, does not stop Petitioner's counsel from falsely stating to the Court that the italicized language above was the same as a motion for sanctions. Specifically, Petitioner's counsel states that these so-called motions for sanctions were "imbedded (*sic*) in the last pages" in <u>all</u> of these pleadings.

---

counsel's new basis that the arbitrators exceeded their powers. The truth is that the arbitration transcript excerpt cited by Petitioner's counsel to support their blatant misstatement of fact clearly shows that Ms. Hale affirmatively *reaffirmed* one of her causes of action and does not even mention any of her other causes of action. *See* Ms. Hale's Opposition to Petitioner's Motion for Leave to Amend at 13-15; Ms. Hale's Motion to Strike at 5-8.

Rule 3.3 of The Illinois Rules of Professional Conduct and Local Rule 83.53.3 of the Northern District of Illinois ("Conduct Before a Tribunal") both state, in pertinent part:

> In appearing in a professional capacity before a tribunal, a lawyer shall not make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false.

In light of the italicized language above, Petitioner's counsel's could not have reasonably believed its representation to the Court that Ms. Hale filed 5 motions for sanctions. Put another way, Petitioner's counsel's should have known that their statement to the Court that Ms. Hale "imbedded" (*sic*) 3 motions for sanctions in the pleadings referenced above was false.

While Petitioner's counsel's latest misstatement to the Court is not their most egregious -- and it is not clear how the number of motions for sanctions is relevant to the Court's determination whether to award sanctions -- Petitioner's counsel's latest attempt to mislead the Court (for whatever reason) is important to note because it puts all of Petitioner's counsel's previous misstatements of fact and law in perspective. Indeed, Petitioner's counsel's latest misstatement to the Court confirms what Ms. Hale has known for almost a full year: Petitioner and its counsel will say and do anything to avoid paying Ms. Hale the Award.

**II.    Ms. Hale Filed Her Renewed Motion for Sanctions Because of the Multiple Instances of Sanctionable Conduct By Petitioner's Counsel Since Ms. Hale Filed Her Original Motion For Sanctions.**

In her Original Motion for Sanctions, Ms. Hale sought sanctions because Petitioner's counsel asserted a basis to vacate the Award that has *never been accepted* by any court that has addressed the issue whether arbitrator errors are a legally-recognized basis to vacate an arbitration award. Ms. Hale also sought sanctions because Petitioner's counsel failed to serve its original application to vacate, which was the sole cause that this dispute was in two different forums for awhile and is the sole reason that there has been no ruling regarding the Award

almost one year since it was issued. *See* Ms. Hale's Brief in Support of Her Motion to Transfer at 1-2, 7-8; *see also* note 13.

In all of their pleadings since Ms. Hale filed her Original Motion for Sanctions, Petitioner's counsel has engaged in sanctionable conduct. For example, Petitioner's counsel have: a) blatantly misstated the holding of *Garver* by stating that *"Garver court found that, under Illinois common law, a court could vacate an arbitration award if the arbitrator made a gross error of law or a gross mistake of fact in entering an award"* -- despite the undisputed fact that *Garver* upheld the award at issue because arbitrator errors are not a basis to vacate[9]; b) misquoted *Garver* to support their meritless argument that "manifest disregard of the law" and "gross *disregard* of the law" are interchangeable phrases used by courts as a basis to vacate when *Garver* does not use the term "gross *disregard*"; misquoted Ms. Hale, stating that she used the phrase "gross *disregard*" to support their argument that manifest disregard of the law and arbitrator errors are the same basis to vacate the Award; c) hid from the Court the SEC Options Study that they cite in the multiple pleadings (for a different and wrong proposition) which fully defeats Petitioner's counsel's argument that the "know your customer" rule for options is not a suitability rule; d) never admitted to the Court that Petitioner used the term "suitability" on its website in connection with its promise to Ms. Hale (and all other customers) to conduct a suitability analysis before allowing her to trade options[10]; e) falsely stating to the Court that Ms. Hale "affirmatively waived" all of her causes of action when the truth is that the transcript excerpts relied upon by Petitioner's counsel conclusively show that Ms. Hale's counsel

---

[9] "Sanctions are warranted" where "counsel engages in this type of deliberate mischaracterization of precedent." *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 280 (7th Cir. 1989).

[10] Tellingly, Petitioner removed the word "suitability" from its website after Ms. Hale filed her Statement of Claim.

affirmatively *reaffirmed* one of Ms. Hale's causes of action and does not even mention any others[11]; f) falsely stating to the Court that Ms. Hale has the burden of persuasion in this Court; g) violating the Court's Pin-Point Citation Rule to deliberately hide the fact that the case generally cited by Petitioner's counsel without a specific page number states that "manifest disregard of law" is "*beyond and different*" than arbitrator errors -- which directly contradicts Petitioner's counsel's meritless argument (based on that very case) that manifest disregard of the law is the same as arbitrator errors; h) misstated that undersigned counsel "conceded" that Petitioner had no "suitability" duty when the <u>truth</u> is that in the stipulation relied upon by Petitioner's counsel to make their false representation to the Court, undersigned counsel states that the "*suitability* obligation we are talking about [occurs] at the time the account is open.";[12] and i) broke their promise to the Court that they would not assert additional facts in support of their Motion for Leave to Amend the AAV by attaching a portion of the arbitration transcript to Petitioner's Motion for Leave *that neither Ms. Hale nor the Court had ever seen. See generally* Ms. Hale's Renewed Motion for Sanctions.

In short, because Petitioner's counsel engaged in multiple instances of misconduct since Ms. Hale filed her Original Motion for Sanctions, Ms. Hale was forced to file her Renewed Motion for Sanctions to supplement the bases for the Court to sanction Petitioner and its counsel.

---

[11] Petitioner's counsel's arbitrator exceeded their power argument depends on these arbitration transcripts which supposedly show Ms. Hale "affirmatively" waived all of her causes of action. As discussed above and in various pleadings, these excerpts do not show that Ms. Hale waived any of her causes of action. Even assuming that they did, and the arbitrators supposedly erred by concluding that they did constitute to a waiver, such errors are not "apparent" on the "face of the Award" and therefore the AAV must be denied pursuant to *Garver*.

[12] Rule 11 "prohibits a party from rewriting the factual record to reflect what it thinks should have occurred." *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 280 (7th Cir. 1989)..

In addition, Ms. Hale filed her Renewed Motion for Sanctions to conform to the language of Rule 11(c)(2) which states that a motion for sanctions be made separately.[13] Although there is caselaw in the Seventh Circuit that holds that this rule should not be strictly construed, Ms. Hale filed her Renewed Motion for Sanctions separately out of an abundance of caution. *See Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 279 (7th Cir. 1989) (stating that a request for attorney's fees in a brief in support of motion for summary judgment gave "fair warning that the district court was under an obligation to impose [Rule 11] sanctions if the court found them warranted" and upholding Rule 11 sanctions awarded by the district court).[14]

### III. If Sanctions Are Not Awarded In A Case As Egregious As This Then Broker-Dealers Will Be Encouraged to Meritlessly Challenge Arbitration Awards Which Would Destroy The Many Worthy Goals of Arbitration.

Arbitration "is supposed to be a speedy inexpensive alternative to litigation" -- that the securities industry insists on. *Paine Webber, Inc. v. Farnam*, 843 F.2d 1050, 1052 (7th Cir. 1988)

---

[13] Rule 11(c)(2) also states that a Rule 11 motion for sanctions be served on opposing counsel before filing it with the Court. The Seventh Circuit does not strictly construe this Rule. In *Nessenbaum v. Milwaukee Cty.*, 333 F.3d 804 (7th Cir. 2003) the Seventh Circuit specifically held that a letter to opposing counsel warning of the meritless nature of their pleading and the intent to seek Rule 11 sanctions had "complied substantially" with Rule 11. *Id.* at 809. Because such a letter "complied substantially" with Rule 11, the Seventh Circuit held that the party seeking sanctions was "entitled to a decision on the merits of [the] request for sanctions under Rule 11." *Id.* That is exactly the situation here.

On December 28, 2007, two weeks after Petitioner finally (and untimely) served the AAV, undersigned counsel sent a letter to Petitioner's counsel stating that he would seek Rule 11 sanctions if Petitioner did cease its meritless attempt to vacate the Award. *See* Exhibit B to Ms. Hale's Opposition to Petitioner's Motion for Leave to Amend. The letter was sent more than three (3) months prior to Ms. Hale filed her Original Motion for Sanctions. Of course, Petitioner's counsel did stop their meritless attempt to vacate the Award. Indeed, Petitioner's counsel filed their Second Amended Application to Vacate more than four (4) months after Petitioner's counsel received the letter, and more than two months prior to Ms. Hale filing her Renewed Motion for Sanctions. Given Petitioner's counsel never-say-die attitude and willingness to say and do anything to avoid paying the Award, it is clear that Petitioner and its counsel would never have withdrawn any of its sanctionable pleadings. Indeed, the letter was sent more than 7 months ago and Petitioner and its counsel are still meritlessly seeking to vacate the Award.

[14] In *Teamsters*, the Seventh Circuit also stated that "[d]ue process does not require the district court to conduct [a separate hearing] on the issue of sanctions when the Rule 11 sanctions are based on counsel's incompetence in handling the matter rather than a finding of bad faith". *Id*. The Seventh Circuit also stated that it has "discouraged lower courts from conducting additional proceedings when the record was adequate to determine whether sanctions were necessary." *Id.*

("The securities industry insists that its customers sign arbitration agreements, which the Supreme Court has sustained – in part on the premise that it is desirable to have a cheap, quick method to deal with disputes (many too small to justify full scale litigation) this industry produces."). Ms. Hale did not choose to go arbitration. Petitioner required Ms. Hale to submit to arbitration when she opened her securities account.

"For many years the securities industry sought to move disputes from the courts to arbitral forums. Now that this has come to pass . . . it ill behooves a member of the industry to demand a second round in a judicial forum." *Widell v. Wolf*, 43 F.3d 1150, 1151 (7th Cir. 1994) (emphasis added) (internal citations omitted). "Arbitration is supposed to permit quick and cheap decision. Litigation like this defeats that purpose." *Id*.

Due to the many worthy goals of arbitration, sanctions are awarded "more freely" in cases where an arbitration award is challenged compared to other cases of groundless litigation. *Dreis & Krump Mfg. v. Int'l Ass'n, Machinists*, 802 F.2d 247, 254-55 (7th Cir. 1986) (stating that sanctions should be assessed against parties that "challenge arbitration awards without basis").

Despite forcing Ms. Hale to go to arbitration -- and losing in that forum -- Petitioner and its counsel demanded a second round in a judicial forum. Petitioner and its counsel's refusal to accept the arbitrators' decision and request that a judicial forum retry the arbitration "would defeat the purpose of entering into an arbitration agreement in the first place -- to opt out of the judicial system". *Prostyakov v. Masco Corp.,* 513 F3d 716, 723 (7th Cir. 2008). Courts should "neither deprive parties of the benefits, nor shield them from the pitfalls, that arise when they agree to settle their disputes outside of the courts' purview." *Id.*

The "filing of meritless suits and appeals' in arbitration cases warrants Rule 11 sanctions." *CUNA Mut. Ins. V. Office & Prof. Employ.,* 443 F.3d 556, 561 (7th Cir. 2006). The

precedent relevant to this dispute is "clear and emphatic" and directs the Court to award sanctions" here because the AAV is "meritless and [was] very unlikely to succeed in light of the straight-forward case law relevant to [Petitioner's] claims". *Id.* (emphasis added).

Ms. Hale has been forced by Petitioner's counsel to incur substantial attorney's fees and costs to defend her Award. Had Petitioner's counsel not filed their meritless initial application in the first place (which they decided to never serve to delay payment of the Award and which is the sole cause why this dispute was in two different forums)[15] and had Petitioner's counsel not filed their subsequent meritless AAV (which were both filed and served after the FAA's 3-month service deadline), Ms. Hale would not have had to pay any attorney's fees in addition to those agreed upon with her counsel for work through the arbitration hearing. Put another way, had Petitioner's counsel properly advised their client to pay the Award, Ms. Hale would incurred no additional attorney's fees/costs above those she agreed to pay through the arbitration. As such, all fees and costs incurred by Ms. Hale since the Award was issued should be paid by Petitioner and its counsel.

If Petitioner and its counsel are not required to pay all of attorney's fees and costs incurred by Ms. Hale since the Award was issued, Ms. Hale will be left with *none* of her Award due to the substantial attorney's fees and costs incurred due solely to Petitioner's counsel's fateful decision to challenge the Award with *absolutely no legal basis to do so*.

While Petitioner and its counsel may subjectively believe that the arbitrators made errors, their subjective believe does not come close to rising to the level to vacate the Award. Every court that has ever addressed the issue whether arbitrator errors are a basis to vacate an arbitration award -- including the United States Supreme Court -- has rejected arbitrator errors as a basis to vacate. In addition, while Petitioner's counsel may subjectively believe that errors (a

---

[15] *See* Ms. Hale's Brief in Support of Her Motion to Transfer at 1-2, 7-8; *see also* note 13.

non-existent basis to vacate) are a "subset" of arbitrators exceeding their powers (a statutory basis) and subjectively believe that Ms. Hale "affirmatively" waived all of her causes of action, Petitioner's counsel's supposed subjective belief has no objective reasonable basis in law. Although it "is human nature to crave vindication of a passionately held position even if the position lacks an objectively reasonable basis in law", Rule 11 "makes clear the he who seeks vindication in such circumstances and fails to get it must pay his opponent's reasonable attorney's fees." *Dreis & Krump Mfg.*, 802 F.2d 247 at 255.

Not to award Ms. Hale all of her post-Award attorney's fees and costs in a case as egregious as this would encourage all broker-dealers (who require their customers to go to arbitration) who lose arbitration awards (and all other arbitration losers with deep pockets) to file meritless applications to vacate in the hopes that undercapitalized arbitration winners will run out of money and just give up. This would undermine the many worthy goals of arbitration.

Attorney's fees and costs are not enough of a sanction in this case, however, as this sanction would merely put Ms. Hale back in the same position she would have been had Petitioner's counsel correctly advised its client to pay the Award and did not file the blatantly meritless initial application in the first place (which it never served).[16]

Given that Petitioner's initial application to vacate asserted a basis to vacate that *has never been recognized by any court*, and Petitioner's counsel's egregious antics since then, Petitioner and it counsel should be ordered to pay additional sanctions directly to Ms. Hale for the emotional distress it intentionally inflicted on her. Evidence adduced at the arbitration

---

[16] While Petitioner's outside counsel had a strong financial incentive to prolong this litigation, they had an ethical obligation pursuant to the Illinois Rules of Professional Conduct, and were required by Rule 11, to have advised their client not to file their meritless initial application to vacate and their meritless amended application to vacate and their meritless second amended application to vacate. Petitioner's in-house counsel also had the same ethical obligation to advise her client that there was no basis to vacate the Award.

hearing showed that Ms. Hale has virtually no income and no savings and is therefore forced to live off her credit cards.[17] This is still the situation Ms. Hale faces. Put another way, Ms. Hale desperately needs the money she was rightfully awarded – and Petitioner and its counsel knew it 1 year ago. Even a cursory review of the all of their multiple variations of their applications to vacate reveals that Petitioner's counsel could not objectively believed that they had a reasonable chance to successfully vacate the Award. Merely filing the frivolous initial application to vacate was bad enough as it unnecessarily delayed payment of the Award to Ms. Hale. Combined with Petitioner's counsel's inexcusable delay tactics in serving such an off-the-charts meritless application to vacate -- and their other antics -- was a mean-spirited attempt to cause Ms. Hale stress and anxiety. Unfortunately for Ms. Hale, Petitioner's counsel's dirty tricks have been effective as they have caused Ms. Hale's financial and physical health to deteriorate in the year that Petitioner's counsel improperly advised its client not to pay the Award.[18]

## **CONCLUSION**

For the reasons set forth above and in Ms. Hale's Renewed Motion for Sanctions, the Court should order Petitioner and its counsel pay all of the attorney's fees and costs incurred by Ms. Hale since the Award was served. In addition, Petitioner and its counsel should be ordered

---

[17] Petitioner's counsel has taken Ms. Hale to task for not producing evidence to support this assertion, and insinuates that no such evidence exists. The truth is that Ms. Hale made this assertion *under oath* at the Final Hearing of the arbitration and there were documents admitted as evidence at the arbitration supporting her sworn testimony. Petitioner's counsel paid thousands of dollars to have the tapes of the arbitration transcribed. Ms. Hale could not afford to do so. As such, Petitioner's counsel should be ordered to file with Court the entire arbitration transcript if this issue becomes relevant to the Court's determination whether to award sanctions over and above the attorney's fees/costs incurred by Ms. Hale since the Award was served.

[18] To the extent that the Court awards sanctions over and above Ms. Hale's attorney's fees and costs, Ms. Hale stands ready to submit evidence from her doctors which shows that her health has deteriorated in the year since Petitioner's counsel decided to meritlessly challenge the Award.

to compensate Ms. Hale for the pecuniary/emotional/physical injuries Petitioner and its counsel have inflicted on Ms. Hale.

>Respectfully submitted,
>
>NEIL B. SOLOMON P.A.
>
>By: /s/ Neil B. Solomon
>    Neil B. Solomon, IL Bar No.: 6243930
>    4174 St. Lukes Lane
>    Jupiter, FL 33458
>    Tel: 561-762-4991
>    Fax: 561-626-2721
>    Email: neilbsolomonesq@gmail.com
>    *Attorney for RESPONDENT LINDA HALE*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notice of Electronic Filing generated by CM/ECF this 8th day of August 2008 to:

Jeffry M. Henderson, Esq.
Robert Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Phone: 312-986-6960
Fax: 312-986-6961
Email: rchristie@henderson-lyman.com
       jhenderson@henderson-lyman.com

>/s/Neil B Solomon
>Neil B. Solomon