IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONSXPRESS, INC., ) | |
| ) | |
| Petitioner, ) | Case No. 08 C 179 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| LINDA HALE, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Petitioners optionsXpress, Inc. ("OX") brought an action to vacate an arbitration award to
Respondent Linda Hale ("Hale").  After this Court denied OX's application to vacate the award,
Hale moved for sanctions against OX and its counsel.  *See* [D.E. 42].  Her motion for sanctions was
amended on May 1, 2009.  *See* [D.E. 51].  For the reasons stated, Hale's Amended Motion for
Sanctions is granted.

## STATEMENT OF FACTS

OX is a Securities-and-Exchange-Commission registered broker-dealer that enables its
customers to hold self-directed online brokerage account.  (R. 39 ¶ 3, *Second Am. Application*).  On
November 14, 2002, Hale opened an account with OX and agreed to its User/Customer Agreement
that included a provision requiring the arbitration of disputes.  *Id.* ¶ ¶ 15 and 19.  On December 2,
2006, Hale initiated an arbitration action against OX, which concluded with a $175,000 award (the
"Award") in Hale's favor on August 13, 2007.  *Id.* ¶¶ 6, 9.  Having required that Hale agree to
arbitration and lost in that forum, on September 12, 2007 OX filed an Application to Vacate
Arbitration Award  in Illinois state court.  *Id.* ¶ 11.  Hale's counsel was notified of the Application

when it was filed, but Hale was never properly served. (R. 51 at 1, *Resp't Am. Mot. Sanctions* at 1). OX waited to serve Hale until December 14, 2007, at which time it served an Amended Application to Vacate Arbitration Award (the "AAV"). *Id.* at 2. Hale promptly removed the case to this Court, on January 8, 2008. *See* [D.E. 1]. A second Amended Application ("Application") was filed in this Court on August 5, 2008. On March 9, 2009, this Court denied the Application, holding that it was time-barred because OX had served the AAV well after the three-month limit required by the Federal Arbitration Act ("FAA"). *See* [D.E. 42]. Hale filed her Motion for Sanctions on May 1, 2009, arguing that the AAV was clearly untimely and substantively meritless, and should not have been filed. (R. 51 at 1, *Resp't Am. Mot. Sanctions*); *see* Fed.R.Civ.Pro 11(b).

## STANDARD OF REVIEW

Rule 11(b) states that in presenting papers to federal court, the attorney or party thereby certifies that the filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal argument presented is "warranted by existing law or by a nonfrivolous argument" for changing the law. *See* Fed.R.Civ.Pro. 11(b)(1) and 11(b)(2). In reviewing a Rule 11 Motion for Sanctions, this Court employs a standard of objective reasonableness, and must consider whether a reasonable attorney would have or should have known that his conduct violated the provisions of the Rule. *See Thompson v. Duke*, 940 F.2d 192, 195 (7th Cir. 1991). The Court must look to the circumstances surrounding the allegedly sanctionable conduct, and may impose sanctions even if only some of the party's actions violated the Rule. *See Teamsters Local No. 579 v. B & M Transit*, 882 F.2d 274, 280-81 (7th Cir. 1989). The Court need not hold a hearing before imposing Rule 11 sanctions, if they are entered "based on the objective record of a party's conduct . . . ." *Id.* at 279.

## DISCUSSION

The Seventh Circuit has made it clear, for more than twenty years, that challenges to arbitration awards are to be viewed with great caution, if not outright hostility, by the courts in this Circuit. Entertaining such challenges "would defeat the purpose of entering into an arbitration agreement in the first place–to opt out of the judicial system–and we will neither deprive parties of the benefits, nor shield them from the pitfalls, that arise when they agree to settle their disputes outside of the courts' purview." *Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir. 2008). Moreover, the free availability of sanctions against those who challenge arbitration awards and fail has been emphatically noted: "The rules . . . to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt-as a recital of opinions published by this court [imposing sanctions] should make clear. Lawyers practicing in the Seventh Circuit, take heed!" *Dreis & Krump Mfg. Co. v. Int'l Assoc. of Machinists & Aerospace Workers Dist. No. 8*, 802 F.2d 247, 255-56 (7th Cir. 1986).

Hale argues that the AAV was meritless from the outset, and thus that OX should be sanctioned for filing it, on two grounds: first, because it was not timely served pursuant to the Federal Arbitration Act ("FAA"), and second, because it did not present a viable challenge to the arbitration award.

## I.  Timing of the AAV

The timing dispute between the parties centered on whether the FAA or the Illinois Uniform Arbitration Act ("IUAA") applied to their arbitration and thus, to the Application. The Award was entered on August 13, 2007. To meet the FAA's service-within-thirty-days requirement, service of the Application would have been required by November 13, 2007. To meet the IUAA's filing-within-ninety-days requirement, filing of the Application would have been required by November

20, 2007. The Application was filed on September 12, 2007, well within the IUAA's limitations, but was not served until November 27, 2007, after the FAA's requirement. OX has never offered an explanation for its failure to promptly serve the Application, but the Court notes that their tardiness had the effect of delaying payment of the Award for at least two extra months.

OX now argues that their Application was made in good faith, even though found to be time-barred, because this Court found that "the parties' arbitration provision was ambiguous" and thus lent credence to their claim that the IUAA could have applied. OX ignores the portion of this Court's order that clearly explains, however, that "when a contract contains an ambiguous choice-of-law provision in its arbitration clause, courts 'read the agreement to favor arbitration under the FAA rules.'" (R. 42 at 1, *Order Denying Application to Vacate*) (citations omitted). Thus, to the extent that this Court found any ambiguity in the arbitration agreement that OX drafted and to which they required Hale's agreement, that ambiguity only reinforces Hale's claim that the FAA governed the dispute and that the Application was untimely. A reasonable attorney should have been aware of this governing case law, and declined to bring an untimely challenge to an arbitration award.

## II. Substance of the AAV

The Seventh Circuit has repeatedly cautioned against the type of substantive challenge brought by OX here, that is, a request that a federal court review an arbitration award for errors of law or fact. *See, e.g., Prostyakov v. Masco Corp.*, 513 F.3d at 723 (writing, in "some frustration," that "we do not-and will not-review arbitral awards for legal or factual error"). This is particularly true given "the long line of Seventh Circuit cases that have discouraged parties from challenging arbitration awards and have upheld Rule 11 sanctions in cases where the challenge to the award was substantially without merit." *CUNA Mutual Ins. Society v. Office and Professional Employees Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006).

Despite this clear–and binding on this Court–mandate, OX presented this Court with an Application that challenged the arbitrator's legal grounds and re-argued arbitrated questions of fact. Since OX has consistently claimed that the IUAA governed this dispute, its reliance on Illinois law is excusable, but its failure to accurately characterize the cases that it does cite is not. In support of their Application, OX repeatedly cited one Illinois case, *Garver v. Ferguson*, 389 N.E.2d 1181 (Ill. 1979), for the proposition that courts may vacate arbitration awards where gross errors of law or fact "are apparent upon the face of the award," *id.* at 1184. OX declined to provide this Court with *other* relevant parts of *Garver*, such as the explanation that "[a] long line of cases has established that an arbitrator's award will not be set aside because of his errors in judgment or mistakes of law or fact," *id.* at 1183, and the command that "[w]henever possible a court must construe an award so as to uphold its validity." *Id.* at 1184. Even if OX's interpretation of Garver were correct and even if Garver were controlling here, it cannot fairly be said that the arbitrators, who offered no explanations of law or fact in the text of the Award, committed errors thereof that are facially apparent from the Award alone. OX argues that the Award relies on grounds that were not in dispute, but this argument requires references to the history of the dispute and to the record, and does not rely solely upon the allegedly self-evident errors contained in the Award itself.

Illinois law did not govern this dispute, however. As noted above, the purported ambiguity upon which OX now relies required the application of the FAA and thus of federal law. Federal precedent means this Court must "uphold an arbitral award unless "'there is no possible interpretive route to [it], so a non-contractual basis can be inferred.'" *Prostyakov*, 513 F.3d at 723 *(quoting Cuna Mut. Ins. Soc'y,* 443 F.3d at 562). The fervor with which both OX and Hale have suggested possible interpretations of the Award in their briefs on this motion for sanctions, and OX's failure to argue that the Award was not grounded in its contract with Hale, mandated that the award be upheld.

## CONCLUSION

This Court does not impose sanctions on OX for failing to cite to Seventh Circuit precedents, in light of its claim that Illinois law governed this case. *See Thompson*, 940 F.2d at 198 ("While the omission of a citation of controlling authority would make an argument frivolous and therefore sanctionable, the omission of a citation that arguably does not control, while imprudent and unprofessional, is not, standing alone, a basis for sanctions."). However, this Court will impose sanctions as a result of OX's meritless and untimely (both legally and factually, given OX's failure to serve Hale with anything resembling promptness) challenge to Hale's fairly entered arbitration award. This challenge forced Hale to defend her award in a forum far from home and to wait an appalling length of time in order to reap the rewards of the arbitration to which OX required her submission. Arbitration is designed to ensure the timely and final resolution of disputes, and the Seventh Circuit has made it clear that courts of this Circuit are encouraged to sanction lawyers who attempt to undermine the goals of the arbitration system through meritless challenges. *See Dreis & Krump Mfg. Co.*, 802 F.2d at 254-55 ("[W]e indicated that we would award attorney's fees against parties that challenge arbitration awards without basis and we noted that attorney's fees had in the past been awarded more freely in such cases than in other cases of groundless litigation.").

For the reasons stated, Hale's Motion For Sanctions is granted. OX is ordered to pay Hale's reasonable attorney fees and costs in defending against its Amended Application to Vacate Arbitration Award and in bringing this Motions for Sanctions.

_____
Virginia M. Kendall,
United States District Judge
Northern District of Illinois

Date: November 19, 2009